09-CV-05312-CMP



FILED
RECEIVED
LODGED
MAY 27 2009
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                          DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAUREL PARK COMMUNITY, LLC, a Washington limited liability company; TUMWATER ESTATES INVESTORS, a California limited partnership; VELKOMMEN MOBILE PARK, LLC, a Washington limited liability company; and MANUFACTURED HOUSING COMMUNITIES OF WASHINGTON, a Washington non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF TUMWATER, a municipal corporation,<br><br>Defendant. | No. C09 5312BHS<br><br>COMPLAINT FOR DAMAGES<br><br>(Jury Trial Demanded) |

COME NOW the plaintiffs Laurel Park Community, LLC; Tumwater Estates Investors, LP; Velkommen Mobile Park, LLC; and Manufactured Housing Communities of Washington and allege as follows:

A.   PARTIES, JURISDICTION, AND VENUE

1.   Laurel Park Community, LLC is a Washington limited liability company. Laurel Park, LLC owns Laurel Park Estates ("Laurel Park"), which is a manufactured housing community in Tumwater, Thurston County, Washington. Laurel Park participated before the Tumwater Planning Commission ("Planning Commission") and the Tumwater City Council ("City Council") regarding the matters at issue in this complaint. Robert Eichler is the managing

Complaint for Damages - 1

Talmadge/Fitzpatrick
18010 Southcenter Parkway
Tukwila, Washington 98188-4630
(206) 574-6661   (206) 575-1397 Fax

member of Laurel Park, LLC.

2. Tumwater Estates Investors, LP is a California limited partnership. Tumwater Estates, LP owns the Tumwater Mobile Estates ("Tumwater Estates"), which is a manufactured housing community in Tumwater, Thurston County, Washington. Tumwater Estates participated before the Planning Commission and the City Council regarding the matters at issue in this complaint. William Schmicker is the general partner for Tumwater Estates Investors, LP.

3. Velkommen Mobile Park, LLC is a Washington limited liability company. Velkommen Mobile Park, LLC owns Velkommen Mobile Park ("Velkommen Park"), which is a manufactured housing community in Tumwater, Thurston County, Washington. Velkommen Park participated before the Planning Commission and the City Council regarding the matters at issue in this complaint. James Andersen is the manager of Velkommen Mobile Park, LLC.

4. Manufactured Housing Communities of Washington ("MHCW") is a Washington nonprofit corporation registered with the state of Washington with its principal place of business in Olympia, Thurston County, Washington. MHCW represents owners of mobile/manufactured housing parks in Tumwater, Thurston County, Washington. MHCW participated before the Planning Commission and the City Council regarding the matters at issue in this complaint. Ken Spencer is the executive director of MHCW.

5. The City of Tumwater ("City") is a municipal corporation organized under the laws of the state of Washington.

6. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 because this case presents federal questions involving the deprivation of plaintiffs' civil rights under color of state law. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) for pendent state law claims.

7.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because the City operates in this judicial district and the conduct complained of occurred in and/or resulted in injury to plaintiffs in this judicial district.

B.      BACKGROUND FACTS

8.      The City is required to adopt a comprehensive plan in accordance with Washington's Growth Management Act, Chap. 36.70A RCW ("GMA"). The GMA provides that "[p]rivate property shall not be taken for public use without just compensation having been made. The property rights of landowners shall be protected from arbitrary and capricious conduct." RCW 36.70A.020(6).

9.      As required by the GMA, the City's comprehensive plan includes a housing element that identifies sufficient land for housing, including, but not limited to, government-assisted housing, housing for low-income families, manufactured housing, multi-family housing, and group homes and foster care facilities.

10.     In February 2008, as part of the City Council's annual comprehensive plan update process, the City Council referred a proposal to create a manufactured home park district to the Planning Commission. The stated purpose of this new zoning was to prevent existing manufactured housing communities from being used for any other purpose.

11.     The City Council submitted the proposal to the Planning Commission despite a January 24, 2008 memorandum prepared by City staff noting significant concerns by the City Attorney, an outside attorney, and planning staff over the legality of a mandatory manufactured home park district. City staff provided this memorandum to the City Council's General Government Committee.

Complaint for Damages - 3

12. Over the course of the next several months, the Planning Commission held numerous meetings to discuss the proposal and City staff drafted a proposed ordinance to amend the City's comprehensive plan. Among other things, the proposed ordinance established a new zone district that encompassed ten properties within the City that were occupied by existing manufactured housing communities. City staff later reduced the number of affected properties from ten to six after exempting four properties for various reasons. The proposal eventually became Ordinance No. O2008-027.

13. Three of the six manufactured housing communities targeted in the draft ordinance were designated as non-conforming uses in existing single-family and multi-family medium and high density zones. The other three communities were located in the only zone in the City where manufactured housing communities were a permitted use along with various other uses, including multi-family residential development. Laurel Park, Tumwater Estates, and Velkommen Park are three of the targeted manufactured housing communities.

14. City staff subsequently drafted a second ordinance to establish standards for the new manufactured home park zone district. This proposal became Ordinance No. O2008-009.

15. On November 28, 2008, the Planning Commission held a public hearing on the proposed amendments to the City's comprehensive plan. Plaintiffs participated in that hearing through comment letters, written submissions, and/or the presentation of testimony. Plaintiffs opposed the City's actions.

16. In December 2008, the Planning Commission recommended that the City Council approve the proposed amendments to the City's comprehensive plan.

17. The City Council held two public hearings on January 6, 2009 and February 17, 2009 to consider the Planning Commission's recommendations. Plaintiffs

participated in those hearings through comment letters, written submissions, and/or the presentation of testimony. Plaintiffs opposed the City's actions.

18. During the various meetings and hearings held by the Planning Commission and the City Council, the City's decision-makers openly discussed and then focused on finding a method to prevent any changes in the land use of the six targeted manufactured housing communities, including Laurel Park, Tumwater Estates, and Velkommen Park. The purported goal of the proposed amendments was to create a legal mechanism to hold the six targeted manufactured housing community owners responsible for continuing to satisfy the City's affordable housing goals. The proposed amendments were intentionally and specifically designed to prevent the six targeted manufactured housing community owners from making any changes in the use of their properties and to preserve all six properties for the City's benefit, the City's public purposes, and the economic benefit of third persons.

19. Plaintiffs consistently opposed the City's actions, arguing the proposed amendments would actually reduce the potential stock of affordable housing, unfairly saddle manufactured community housing owners with the cost of providing what the City Council deemed a public benefit, and unlawfully restrict the owners' exercise of their ordinary property rights.

20. On February 17, 2009, the City Council unanimously voted to adopt Ordinance Nos. O2008-027 and O2008-009.

21. Ordinance No. O2008-027 amends the City's land use plan, housing plan, Tumwater/Thurston County joint plan, and zoning map. The ordinance also established a new land use designation entitled "Manufactured Home Park Zone District" only applicable to six of the existing manufactured housing communities in Tumwater, including Laurel Park, Tumwater

Complaint for Damages - 5

Talmadge/Fitzpatrick
18010 Southcenter Parkway
Tukwila, Washington 98188-4630
(206) 574-6661   (206) 575-1397 Fax

Estates, and Velkommen Park. The amendments contained in Ordinance No. O2008-027 are referred to collectively as "comprehensive plan amendments."

22. The comprehensive plan amendments eviscerate the status of the six manufactured housing communities by eliminating land for future new development in medium to high density residential areas and converting those six properties into City-mandated single-use preserves intended to "ensure a sufficient supply of land for manufactured homes in parks." The six manufactured housing communities affected by the amendments, which include Laurel Park, Tumwater Estates, and Velkommen Park, have been stripped of their typical single family, multi-family, or multi-use residential zoning and been reduced to a single-use zone.

23. Ordinance No. O2008-009 implements the comprehensive plan amendments by creating a new zone district titled "MHP Manufactured Home Park Zone District" ("MHP district"), which is codified at Tumwater Municipal Code Chap. 18.49. It also establishes restricted uses for the six targeted manufactured housing communities and introduces severe standards aimed at preventing the conversion of those targeted properties into any other use. The new MHP district applies only to the six existing manufactured housing communities in Tumwater, which include Laurel Park, Tumwater Estates, and Velkommen Park; no other land was so designated or so zoned. The amendments contained in Ordinance No. O2008-09 are referred to collectively as "zoning code amendments."

24. The zoning code amendments significantly restrict permitted uses within the new MHP district, allowing only: manufactured home communities; one single-family detached residence per existing single lot of record (most manufactured housing communities are a single large lot); recreational parks; support facilities; and child care facilities approved by three specific City agencies. A limited number of other, primarily public or institutional uses such as

Complaint for Damages - 6

churches, cemeteries, freestanding wireless communication facilities, and essential public facilities are possible, but only through a discretionary conditional use permit.

25.     The zoning code amendments force a manufactured housing community owner to retain the existing manufactured housing use unless the owner is willing to challenge the restrictions imposed by requesting a discretionary "use exception or modification." Ord. O2008-009 at 12. The owner's burden of proof in such a challenge is extraordinarily high – the owner must convince the City Council that the MHP district prevents "reasonable use" of the land and prohibits "economically viable" use at the property's location. These standards require the owner prove a negative and essentially require the owner to first go out of business. The owner must simultaneously submit a closure and relocation plan, which is not required under law. The City Council's decision to grant or deny the owner's exception or modification request is discretionary.

26.     The comprehensive plan and zoning code amendments became effective on March 23, 2009.

C.      **CLAIMS FOR RELIEF**

<u>First Cause of Action – Due Process Violation</u>

27.     Plaintiffs reallege paragraphs 1-26 above and incorporate the same as though fully set forth here.

28.     The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. CONST. Amend. XIV, § 1.

29.     The City's actions, including but not limited to its creation of a new MHP district, affect the plaintiffs' property rights by severely restricting the range of permitted uses within the

Complaint for Damages - 7

MHP district, eliminating any other single-family or multi-family residential use, and by forcing plaintiffs to retain their existing manufactured housing communities in perpetuity even if such housing becomes an outdated form of affordable housing.

30. The City's actions effectively prohibit plaintiffs from redeveloping and/or selling their properties. In particular, the City's actions have interfered with the potential sale of Velkommen Park and ultimately prevented the owners of Velkommen Park from selling the property on two separate occasions.

31. The City's actions lack any substantial relation to the public health, safety, or general welfare and are so arbitrary and irrational as to violate plaintiffs' due process rights.

<u>Second Cause of Action - Equal Protection Violation</u>

32. Plaintiffs reallege paragraphs 1-31 above and incorporate the same as though fully set forth here.

33. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution requires persons similarly situated with respect to the law to receive like treatment. U.S. CONST. Amend. XIV, § 1.

34. Plaintiffs are being singled out to bear the burden of the City's attempt to provide affordable housing, although they have not contributed to this perceived lack of such housing more than any other property owner in the City. The City's ordinances offend equal protection principles by selectively targeting plaintiffs.

35. The City created an irrational distinction between property owners whose properties contain manufactured housing communities and other property owners when it enacted the ordinances at issue. This distinction lacks any rational basis and constitutes a violation of plaintiffs' clearly established rights under the Equal Protection Clause.

Complaint for Damages - 8

36. The City also created an irrational distinction between similarly situated manufactured housing community property owners by arbitrarily eliminating four manufactured housing communities from the MHP district. This distinction lacks any rational basis and constitutes a violation of plaintiffs' clearly established rights under the Equal Protection Clause.

### Third Cause of Action – Regulatory Taking

37. Plaintiffs reallege paragraphs 1-36 above and incorporate the same as though fully set forth here.

38. The Takings Clause of the Fifth Amendment of the United States Constitution, and applicable to the states through the Fourteenth Amendment, provides that private property shall not "be taken for public use, without just compensation." U.S. CONST. Amend. V.

39. The City's ordinances destroy fundamentally important attributes of property ownership, including the right to freely dispose of property and the right to economically use property, by significantly restricting redevelopment of plaintiffs' properties, interfering with plaintiffs' distinct investment-backed expectations, and diminishing the value of their properties.

40. The City's ordinances have forced the plaintiffs alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole. The City's ordinances constitute a taking without just compensation and violate the Fifth Amendment.

### Fourth Cause of Action – Civil Rights Violations

41. Plaintiffs reallege paragraphs 1-40 above and incorporate the same as though fully set forth here.

42. Plaintiffs bring this civil rights action pursuant to the Fifth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983. Plaintiffs seek damages in connection with the City's deprivation of their

Complaint for Damages - 9

Talmadge/Fitzpatrick
18010 Southcenter Parkway
Tukwila, Washington 98188-4630
(206) 574-6661   (206) 575-1397 Fax

constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution through the City's enactment of its MHP district.

43. As a proximate result of the City breach of plaintiffs' constitutional rights, plaintiffs have incurred damages and substantial legal expenses.

### Fifth Cause of Action – State Inverse Condemnation/Eminent Domain

44. Plaintiffs reallege paragraphs 1-43 above and incorporate the same as though fully set forth here.

45. Article I, § 16 of the Washington Constitution absolutely bars the taking of private property for the private use of another by stating: "private property shall not be taken for private use[.]" The Eminent Domain provision further prohibits the taking or damaging of private property by stating: "[n]o private property shall be taken or damaged for public or private use without just compensation having been first made[.]" CONST. art. I, § 16. RCW 36.70A.020(6) likewise provides: "[p]rivate property shall not be taken for public use without just compensation having been made. The property rights of landowners shall be protected from arbitrary and capricious conduct."

46. The City's ordinances damage and substantially infringe on fundamentally important attributes of property ownership, including the right to freely dispose of property and the right to economically use property. The ordinances significantly restrict redevelopment of plaintiffs' properties and interfere with plaintiffs' distinctive investment-backed expectations. The ordinances essentially force plaintiffs to retain their existing manufactured housing communities in perpetuity, even if such housing becomes an outdated form of affordable housing. By denying plaintiffs free use of their properties, the City has destroyed the value of the properties and rendered each plaintiffs' ownership right a barren right.

Complaint for Damages - 10

47. The City's appropriation for public use of fundamental attributes of property ownership without just compensation constitutes a taking in eminent domain.

48. The City's ordinances have forced the plaintiffs alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole. The City's ordinances constitute a taking without just compensation and violate art. I, § 16 of the Washington Constitution.

<u>Sixth Cause of Action – State Due Process</u>

49. Plaintiffs reallege paragraphs 1-48 above and incorporate the same as though fully set forth here.

50. Article I, § 3 of the Washington Constitution provides: "[n]o person shall be deprived of life, liberty, or property without due process of law."

51. The City's actions, particularly its creation of a MHP district, severely restrict the range of permitted uses within the new MHP district and force plaintiffs to retain their existing manufactured housing communities even if such housing becomes an outdated form of affordable housing.

52. The City's actions effectively prohibit plaintiffs from redeveloping and/or selling their properties. In particular, the City's actions have interfered with the potential sale of Velkommen Park on two occasions.

53. The City has engaged in illegal spot zoning because the ordinances single out plaintiffs' properties with more restrictive zoning than the larger surrounding area and grant a discriminatory benefit to other similarly situated manufactured housing community property owners and other property owners to the detriment of plaintiffs without adequate public advantage or justification.

Complaint for Damages - 11

54. The City's actions lack any substantial relation to the public health, safety, or general welfare and are so arbitrary and irrational as to violate plaintiffs' due process rights.

### Seventh Cause of Action – State Equal Protection Violation

55. Plaintiffs reallege paragraphs 1-54 above and incorporate the same as though fully set forth here.

56. Article I, § 12 of the Washington Constitution provides that "No law shall be passed granting to any citizen, class of citizens, or corporation . . . , privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations."

57. Plaintiffs have been singled out to bear the burden of the City's attempt to provide affordable housing, although they have not contributed to this perceived lack of such housing more than any other property owners in the City. The City's ordinances offend equal protection principles by selectively targeting plaintiffs.

58. The City created an irrational distinction between property owners whose properties contain manufactured housing communities and other property owners when it enacted the ordinances at issue. This distinction lacks any rational basis and constitutes a violation of plaintiffs' clearly established rights under art. I, § 12 of the Washington Constitution.

59. The City also created an irrational distinction between similarly situated manufactured housing community property owners by eliminating four manufactured housing communities from the MHP district. This distinction lacks any rational basis and constitutes a violation of plaintiffs' clearly established rights under the Equal Protection Clause.

Complaint for Damages - 12

D.  **JURY DEMAND**

Pursuant to Fed. R. Civ. Pro. 38(b), plaintiffs demand a jury trial.

WHEREFORE, plaintiffs request that the Court grant the following relief:

1. A judgment invalidating Ordinance No. O2008-27 and Ordinance No. O2008-009;

2. A judgment for damages, including punitive damages, in an amount to be proven at the time of trial;

3. An award of attorney fees, costs, and expenses; and

4. An award of such other relief as the Court may deem equitable and proper.

DATED this 26th day of May, 2009.

*Philip A. Talmadge*
Philip A. Talmadge, WSBA #6973
Thomas M. Fitzpatrick, WSBA #8894
Emmelyn Hart-Biberfeld, WSBA #28820
Talmadge/Fitzpatrick
18010 Southcenter Parkway
Tukwila, WA 98188-4630
(206) 574-6661

Walter H. Olsen, Jr., WSBA #24462
Troy Nehring, WSBA #32565
Olsen Law Firm PLLC
604 West Meeker St., Ste. 101
Kent, WA 98032
(253) 813-8111
Attorneys for Plaintiffs

Complaint for Damages - 13