1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7
8
9
10
11

LAUREL PARK COMMUNITY, LLC, a Washington limited liability company; TUMWATER ESTATES INVESTORS, a California limited partnership; VELKOMMEN MOBILE PARK, LLC, a Washington limited liability company; and MANUFACTURED HOUSING COMMUNITIES OF WASHINGTON, a Washington non-profit corporation,

No. 3:09-cv-05312-BHS

DECLARATION OF
ROBERT EICHLER IN
SUPPORT OF PARTIAL
SUMMARY JUDGMENT

12
13
14

                                    Plaintiffs,
v.

CITY OF TUMWATER, a municipal corporation,

                                    Defendant.

15
16

Robert Eichler declares and states as follows:

17
18

1.      I am over the age of eighteen, competent to testify, and familiar with the facts herein.

19
20
21

2.      I am the sole member of plaintiff Laurel Park Community, LLC, which owns Laurel Park, a manufactured housing community located in Tumwater, Washington. I purchased Laurel Park in 1991.

22
23

3.      I have purchased, sold, and managed various manufactured home communities since 1982.

24
25

4.      As a purchaser, I bought my property in reliance on the zoning permitted at the

26

Declaration of Robert Eichler - 1
000222

1    time.  The property was then zoned *multi*-family medium density residential.  Until 2009 when

2    Tumwater's new manufactured home park ordinances went into effect, I was permitted to use my

3    property for a variety of uses, including single and multi-family dwellings, manufactured home

4    parks, residential planned unit developments, and any combination of permitted uses.   I

5    anticipated using the property as a mobile home park and then expected to be able to turn to

6    other economically productive uses when a higher and better use opportunity presented itself.

7           5.      I purchased Laurel Park long before Tumwater's new ordinances took effect and

8    well before Tumwater annexed the park.  I did not oppose the annexation of Laurel Park in 2008

9    in reliance on Tumwater's assurance that it would not change the underlying residential zoning

10   of the park to preserve my reasonable expectation that I could redevelop it if another viable

11   opportunity presented itself.  Despite Tumwater's assurance that Laurel Park would not be

12   rezoned if annexed, Tumwater began the process to rezone the park in 2007.

13          6.      Under Tumwater's new 2009 manufactured home park ordinance, I can now only

14   use my property for manufactured home parks, parks, trails, open space areas, support facilities,

15   and child care facilities.  I am also permitted to construct one single-family detached residence

16   per existing single lot of record.  My property is situated on approximately 11.73 acres of land

17   within Tumwater and contains 73 mobile home pads.  But I would be allowed to construct only

18   one single-family detached residence on the property if I removed the existing manufactured

19   homes.  The additional uses to which I am permitted to put my property under the existing

20   zoning are not economically viable uses of my property because some, like parks and trails, earn

21   no income at all.  Others, like support and child care facilities, require an investment with little

22   probability of return and licensure to be possible.  A limited number of other primarily public or

23   institutional uses, such as churches, cemeteries, and essential public facilities are also possible

Declaration of Robert Eichler - 2

000223

1  under the current zoning.  But a church or a cemetery is hardly a viable economic use; the

2  possibility of any return on such use is illusory.  This is all the more obvious when the value of

3  my property and its income-generating ability as a church or a cemetery is compared to its value

4  and income-generating ability when used for multi-family housing.  None of the conditional uses

5  permitted under Tumwater's existing zoning are *viable* economic uses of my property, especially

6  when considering that many of those uses would require additional discretionary permitting by

7  Tumwater.  Acquiring the necessary permits from Tumwater for such uses seems unlikely.  By

8  mandating that Laurel Park remain a mobile home park, Tumwater has deprived me of viable use

9

10  of my property and damaged its fair market value.

11      7.      To add insult to injury, while Tumwater has mandated that Laurel Park remain a

12  mobile home park to purportedly preserve affordable housing, Tumwater has restricted the

13  park's ability to continue providing affordable housing by refusing to allow me to replace

14  existing older manufactured homes with newer and safer manufactured homes.  Because Laurel

15  Park was constructed well before Tumwater's manufactured housing ordinances were enacted,

16  many of the lots can only accommodate single-wide homes.  These single-wide homes are

17  generally 12 ft. wide and 24 ft. long, but can be as much as 14 ft. wide and 70 ft. long.  In

18  October, 2009, I applied for a building permit to replace an existing 14 ft. wide by 70 ft. long

19  single-wide manufactured home on Lot 10 in Laurel Park with a newer 14 ft. by 70 ft. long

20  single-wide manufactured home built in 1980.  Tumwater denied the permit because it prefers to

21  have double-wide manufactured homes (24 ft. wide) moved into manufactured housing

22  communities.  Attached as Exhibit A is a true and correct copy of Tumwater's Administrative

23  Determination denying the permit and Laurel Park's pending appeal of that determination.

24

25      8.      Since 1991, I have purposefully maintained lower rents at Laurel Park because

26  Declaration of Robert Eichler - 3

000224

Talmadge/Fitzpatrick
18010 Southcenter Parkway
Tukwila, Washington 98188-4630
(206) 574-6661   (206) 575-1397 Fax

my plan and expectation has been to hold the property until the highest and best use of the property changed, and then realize that expectation by either selling it for purposes of redevelopment or by redeveloping it myself. Indeed, I anticipated doing so before Tumwater's assurance that Laurel Park would not be rezoned if annexed and before Tumwater's ordinances were adopted. Specifically, I hired Century Pacific, L.P. in 2006 to assist me with the development and sale options at Laurel Park. Attached as Exhibit B are true and correct copies of Century Pacific's reports, dated December 13, 2006, and April 2, 2007, respectively, which include Century Pacific's conclusions regarding the development and sale options at Laurel Park.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct. Executed at Ft. Lauderdale, FL, this 25th day of January, 2010.

Robert Eichler

Talmadge/Fitzpatrick
18010 Southcenter Parkway
Tukwila, Washington 98188-4630

# EXHIBIT A

000226

# OLSEN LAW FIRM PLLC

**604 W MEEKER ST STE 101**
**KENT, WASHINGTON 98032**
**PH: 253.813.8111**
**FAX: 253.813.8133**

## *FACSIMILE*

**DATE:**              December 4, 2009

**TO:**                Hearing Examiner / City of Tumwater

**Facsimile No:**      1 360-754-4126

**FROM:**              Kelley Gilbertson for Walter H. Olsen, Jr.

**Re:**                *Notice of Appeal of Administrative Determination dated November 23, 2009.*

**Message:**

### *TOTAL NUMBER OF PAGES, INCLUDING THIS PAGE:* __~~8~~ 9__

**Original Mailed:** <u>yes</u>

### *Please call immediately if you do not receive all pages.*

NOTE:   The information contained in this facsimile is privileged and confidential. It is intended for the use of the individual(s) named above. Any dissemination, distribution or copying, except by the person above named, is strictly prohibited. If you have received this fax in error, please notify us by telephone and return the original via the U.S. Postal Service. Thank you

000227

# OLSEN LAW FIRM PLLC

WALTER H. OLSEN, JR., ATTORNEY AT LAW
B. TONY BRANSON, ATTORNEY AT LAW

CYNTHIA L. THOMPSON, PARALEGAL
DOUG SCHARNHORST, PARALEGAL
KELLEY GILBERTSON, ADMINISTRATIVE ASSISTANT

December 4, 2009

VIA FACSIMILE TO 360-754-4126 AND FEDERAL EXPRESS

Hearing Examiner
City of Tumwater
555 Israel Rd. S.W.
Tumwater, Washington 98501

Re:   *Notice of Appeal of Administrative Determination dated November 23, 2009*
       Replacement Homes in Mobile Home, Manufactured Home, and Designated
       Manufactured Home Parks

Dear Sir/Madam:

I am the attorney for Laurel Park Community LLC. Please accept this letter and the enclosed Application for Appeal as notice of my client's appeal of the above Administrative Determination (the "Determination"). Enclosed please find the $100 filing fee.

The Determination states as follows:

> DETERMINATION: Therefore, the following determination is rendered:
>
> 1. An existing mobile home vacating a space within a mobile home or manufactured home park may only be replaced by a "designated manufactured home," except as provided in TMC 18.48.150 A.

In 2004, the Washington legislature passed RCW 35.21.284, which was most recently amended in 2009, to preclude a city from adopting "an ordinance that has the effect, directly or indirectly, of restricting the location of manufactured/mobile homes in manufactured/mobile home communities that were legally in existence before June 12, 2008, based exclusively on the age or dimensions of the manufactured/mobile home."

In its Determination, Tumwater concludes that "[a]n existing mobile home vacating a space within a mobile home or manufactured home park may only be replaced by a designated manufactured home," unless "the home will be replacing an existing mobile home inside an existing mobile home park and the lot or space is too small to accommodate a designated manufactured home."

---

000228

City of Tumwater
December 4, 2009
Page 2

TMC 18.04.175 defines "designated manufactured home" to mean a double-wide manufactured home "originally constructed with a wood shake or shingle, coated metal, or similar roof of nominal 3:12 pitch; and ...[h]as exterior siding similar in appearance to siding materials commonly used on conventional site-built uniform building code single-family residences."

By defining a "designated manufactured home" to mean a double-wide home "comprised of at least two fully enclosed parallel sections each of not less than twelve feet wide by thirty-six feet long", with specific roofing and siding, the City of Tumwater has violated the prohibition in RCW 35.21.284 on "restricting the location of manufactured/mobile homes in manufactured/mobile home communities that were legally in existence before June 12, 2008, based exclusively on the age or dimensions of the manufactured/mobile home."

Accordingly, the City's Determination is incorrect on this basis alone, and Laurel Park would request that the Hearing Examiner reverse the Determination and direct the City to approve the building permit application to replace an existing mobile/manufactured home on space #10 within the Laurel Park Community at 3244 66th Avenue S.W., in Tumwater.

Alternatively, TMC 18.48.150 A(2) provides that an existing mobile home vacating a space within a park must be replaced by a "designated manufactured home," unless "[t]he home will be replacing an existing mobile home inside an existing mobile home park and the lot or space is too small to accommodate a designated manufactured home."

Lot 10 is too small to accommodate a double-wide home. Accordingly, the City's Determination is incorrect on this additional basis, and Laurel Park would request that the Hearing Examiner reverse the Determination and direct the City to approve the building permit application on this separate and independent basis.

In closing, unless the City immediately rescinds and/or amends its Determination, Laurel Park requests that this matter be scheduled for hearing as provided by TMC 18.62.

Sincerely,

LAUREL PARK COMMUNITY LLC

By:    Walter H. Olsen, Jr., Its Attorney

000229



# CITY OF TUMWATER
555 ISRAEL RD. SW, TUMWATER, WA. 98501
(360) 754-4180    (360) 754-4126 (FAX)

HEARING EXAMINER / CITY COUNCIL
## Application for Appeal

| FILE # |
| RECEIPT.# |
| RCVD. BY |

DATE STAMP

## TYPE OF APPEAL (please select type of appeal)

| | | APPEAL OF CASE NUMBER: | APPEAL FEES |
|---|---|---|---|
| ☒ | Administrative Determinations and Land Use Appeals | _____ | $ 100.00 |
| ☐ | Appeals of Environmental Determinations (SEPA) | _____ | $ 175.00 |
| ☐ | Impact Fee Appeals (involving Independent Fee Calculations) | _____ | $ 200.00 |
| ☐ | Appeal of Hearing Examiner Decision to City Council | _____ | $ 100.00 |

### APPELLANT INFORMATION (please print neatly)

NAME OF APPELLANT:
**LAUREL PARK COMMUNITY LLC**

E-MAIL ADDRESS:
**WALT@OLSENLAWFIRM.COM**

APPELLANT'S MAILING ADDRESS (COMPLETE):
**C/O OLSEN LAW FIRM PLLC, 604 W. MEEKER ST., #101**

TELEPHONE:
**253-813-8111**

### SUBJECT PROPERTY INFORMATION      **KENT, WA 98032**

ADDRESS OF PROPERTY:
**3244 66TH AVE. SW, TUMWATER**

PARCEL NUMBER (IF KNOWN):

PROJECT NAME:
**LAUREL PARK MOBILE HOME COMMUNITY**

### APPEAL STATEMENT

PLEASE FULLY DESCRIBE THE SPECIFIC BASIS FOR YOUR APPEAL, ANY ERROR ALLEGED, AND RELIEF REQUESTED
(Attach additional sheets and documentation, as needed)

**SEE ATTACHED LETTER DATED DECEMBER 4, 2009,
WHICH IS INCORPORATED BY THIS REFERENCE
AS IF STATED IN FULL.**

I verify that the statements contained in this application are true.

_Walt Olsen_,
Signature of Appellant

**12-4-2009**
Date

000230

Nov 25 09 03:12p        CROWN MOBILE HOMES                    3605849874              p.1



**TUMWATER CITY HALL**
555 ISRAEL ROAD SW
TUMWATER, WA 98501-6856

www.ci.tumwater.wa.us
FAX: 360/754-4125

**ADMINISTRATION**
CITY ADMINISTRATOR
MAYOR AND COUNCIL
360/754-4128

**ATTORNEY**
360/754-4181

**DEVELOPMENT SERVICES**
BUILDING PERMITS
ZONING & ENGINEERING
360/754-4180

BUILDING INSPECTION
REQUEST LINE
360/754-4189

**FINANCE DEPARTMENT**
CITY CLERK
INFORMATION TECHNOLOGY
360/754-4130

MUNICIPAL COURT
360/754-4136

**FIRE DEPARTMENT**
360/754-4170
FAX: 360/754-4179

**GENERAL SERVICES**
PERSONNEL
360/754-4122
JOB LINE 360/754-4123

**PARKS & RECREATION**
360/754-4160
FAX: 360/754-4165

MUNICIPAL GOLF COURSE
4611 TUMWATER VALLEY DR SE
TUMWATER, WA 98501
360/943-9500
FAX: 360/943-4278

OLD TOWN CENTER
216 N. 2ND STREET SW
TUMWATER, WA 98512
360/754-4164
FAX: 360 754-2063

**PLANNING & FACILITIES**
LONG RANGE PLANNING
BUILDINGS & GROUNDS
HISTORIC PROGRAMS
360/754-4210
FAX: 360/754-4142

**POLICE DEPARTMENT**
360/754-4200
FAX: 360/754-4126

**PUBLIC WORKS**
ENGINEERING
360/754-4140
FAX: 360/754-4142

OPERATIONS &
MAINTENANCE
360/754-4150

November 20, 2009

**Laurel Park Community LLC**
3455 Hunts Point Road
Hunts Point, WA 98004

**SUBJECT:** Laurel Park Community Space #10
Manufactured Home Replacement

To Whom It May Concern:

The City of Tumwater recently received a building permit application to replace an existing mobile/manufactured home on space #10 within the Laurel Park Community at 3244 66th Avenue SW, Tumwater.

The purpose of this letter is to inform you that based on the attached Administrative Determination issued by the City of Tumwater's Development Services Director, we are unable to approve the permit.

If you disagree with the City's position regarding this matter, your due process is explained at the bottom of page 2 of 3 of the Administrative Determination.

If you have any questions or require further information on this matter, I can be contacted by telephone at (360) 754-4180; by FAX at (360) 754-4126; or by e-mail at ccarlson@ci.tumwater.wa.us

Sincerely,

*Chris Carlson*

Chris Carlson, AICP
Planning Manager

Attachments:    Development Services Administrative Determination 11-23-09
                City of Tumwater Application for Appeal

xc:    Robert Eichler, 24 Roy Street #748, Seattle, WA 98109-4018
       Crown Mobile Homes, Attn: Mike Lyon, 7434 Rich Rd. SE,
       Olympia, WA 98501

---

G:\EdenLinks\PM\DSD-09-0857\Laurel Park Cover Letter.pdf                    Page 1

000231



DEVELOPMENT SERVICES DEPARTMENT
## ADMINISTRATIVE DETERMINATION

TOPIC:     Replacement Homes in Mobile Home, Manufactured
           Home, and Designated Manufactured Home Parks

APPROVED: _____ DATE: November 23, 2009
           Roger E. Gellenbeck, AICP, CBO
           Development Services Director

**QUESTIONS:**  (a) Can a "mobile home"[1] legally replace an existing mobile home on a mobile home space within a "mobile home park"[2] which was legally established prior to July 1, 2008?

(b) Can a "manufactured home"[3] legally replace an existing manufactured home on a manufactured home space within a "manufactured home park"[4] which existed legally prior to annexation by the City of Tumwater?

(c) Are there any circumstances, other than the exceptions listed in TMC 18.48.150.A, where either a mobile home or manufactured home (that is not a "designated manufactured home"[5]) can be legally installed on an existing vacant space in either a mobile home park or manufactured home park?

---

[1] TMC §18.04.370 "Mobile home" means a factory-built dwelling built prior to June 15, 1976, to standards other than the United States Department of Housing and Urban Development (HUD) code, and acceptable under applicable state codes in effect at the time of construction or introduction of the home into the state. Mobile homes have not been built since introduction of the HUD Manufactured Home Construction and Safety Standards Act.

[2] TMC §18.04.375 "Mobile home park" means any real property lot which is rented or held out for rent to others for the placement of three or more mobile homes for the primary purpose of production of income, except where such real property lot is rented or held out for rent for seasonal recreational purposes only and is not intended for year round occupancy.

[3] TMC §18.04.356 "Manufactured home" means a single-family dwelling built according to the Department of Housing and Urban Development Manufactured Home Construction and Safety Standards Act, which is a national, pre-emptive building code. A manufactured home does not meet the criteria to be classified as a "designated manufactured home." See also "Designated manufactured home" and "New manufactured home."

[4] TMC §18.04.357 "Manufactured home park" means any real property lot which is rented or held out for rent to others for the placement of three or more manufactured homes, designated manufactured homes, or new manufactured homes for the primary purpose of production of income, except where such real property lot is rented or held out for rent for seasonal recreational purposes only and is not intended for year round occupancy.

[5] TMC §18.04.175 "Designated manufactured home" means a manufactured home constructed after June 15, 1976, in accordance with state and federal requirements for manufactured homes, which: (a) Is comprised of at least two fully enclosed parallel sections each of not less than twelve feet wide by thirty-six feet long; (b) Was originally constructed with and now has a composition or wood shake or shingle, coated metal, or similar roof of nominal 3:12 pitch; and (c) Has exterior siding similar in appearance to siding materials commonly used on conventional site-built uniform building code single-family residences. See also "Manufactured home" and New manufactured home." ALSO: TMC 18.04.402 "New manufactured home" means any manufactured home required to be titled under Title 46 RCW, which has not been previously titled to a retail purchaser, and is not a "used mobile home" as defined in RCW 82.45.032(2). See also "Designated Manufactured home" and "Manufactured home."

---

C:REG\WORKFILES\LIBRARY\POLICIES\ZONING\Replacement Mobile Homes.doc          Page 1 of 3

**Administrative Determination: Replacement Mobile Homes**
November 23, 2009

**BACKGROUND:** On October 30, 2009, Crown Mobile Homes applied for a permit to set up a mobile home replacing a 14-foot wide by 70-foot long singlewide mobile/manufactured home at space #10 in the Laurel Park Mobile Home Community at 3244 66th Avenue SW (66th Avenue and Kirsop Road). The new proposed mobile/manufactured home unit is a 14-foot wide by 70-foot long single-wide mobile/manufactured home built by Peerl in 1980.

The Laurel Park Mobile Home Community is an existing mobile home and manufactured home park that predates Tumwater's July 2005 regulations pertaining to "designated manufactured homes" and predates the January 2008 annexation by the City of Tumwater. The property is zoned "MHP" Manufactured Home Park Zone District.

**FINDINGS:** The Development Services Director, in consultation with the Tumwater City Attorney, finds the following facts with respect to this issue:

1. TMC 18.49.020 identifies the following uses as permitted uses within the MHP zone district:

   a. Manufactured home parks in accordance with the provisions of TMC 18.48.

   b. Designated manufactured homes on existing single lots of record, in accordance with the provisions of TMC 18.48.

   c. Mobile home parks which were legally established prior to July 1, 2008.

   d. Clubhouses and community centers associated with manufactured home parks.

2. TMC 18.48.150 A(2) requires that a existing mobile home vacating a space within a park must be replaced by a "designated manufactured home," unless "[t]he home will be replacing an existing mobile home inside an existing mobile home park and the lot or space is too small to accommodate a designated manufactured home."

**DETERMINATION:** Therefore, the following determination is rendered:

1. An existing mobile home vacating a space within a mobile home or manufactured home park may only be replaced by a "designated manufactured home," except as provided in TMC 18.48.150 A.

**DUE PROCESS:** Pursuant to TMC 18.62, this administrative determination may be appealed to the Tumwater Hearing Examiner within 14 days of the date the determination was issued. Any appeal of this determination shall be filed on or before 5:00 p.m., December 7, 2009. All appeals shall be accompanied with a $100.00 filing fee. An appeal shall be in writing, be signed by the appellant, and set forth the specific basis of the appeal, errors alleged, and relief requested.

For your convenience an appeal form is attached hereto.

000233

**Administrative Determination: Replacement Mobile Homes**
November 23, 2009

Attachments:

1. Aerial Photo, Laurel Park Mobile Home Community



2. Site Plan, Laurel Park Mobile Home Community



000234



# CITY OF TUMWATER
**555 ISRAEL RD. SW, TUMWATER, WA. 98501**
(360) 754-4180    (360) 754-4126 (FAX)

HEARING EXAMINER / CITY COUNCIL
## Application for Appeal

| FILE # | DATE STAMP |
|---|---|
| RECEIPT # | |
| RCVD. BY | |

### TYPE OF APPEAL (please select type of appeal)

| | | APPEAL OF CASE NUMBER: | APPEAL FEES |
|---|---|---|---|
| ☐ | *Administrative Determinations and Land Use Appeals* | | $ 100.00 |
| ☐ | *Appeals of Environmental Determinations (SEPA)* | | $ 175.00 |
| ☐ | *Impact Fee Appeals (involving independent Fee Calculations)* | | $ 200.00 |
| ☐ | *Appeal of Hearing Examiner Decision to City Council* | | $ 100.00 |

### APPELLANT INFORMATION (please print neatly)

| NAME OF APPELLANT: | E-MAIL ADDRESS: |
|---|---|
| APPELLANT'S MAILING ADDRESS (COMPLETE): | TELEPHONE: |

### SUBJECT PROPERTY INFORMATION

| ADDRESS OF PROPERTY: | PARCEL NUMBER (IF KNOWN): |
|---|---|
| PROJECT NAME: | |

### APPEAL STATEMENT

PLEASE FULLY DESCRIBE THE SPECIFIC BASIS FOR YOUR APPEAL, ANY ERROR ALLEGED, AND RELIEF REQUESTED
*(Attach additional sheets and documentation, as needed)*

I verify that the statements contained in this application are true.

_____     _____
Signature of Appellant                Date

# EXHIBIT B

000236

CENTURYPACIFIC, L.P.

December 13, 2006

Mr. Robert M. Eichler
Lake-Land Investments
3455 Hunts Point Road
Bellevue, WA 98004

Re:     Summary of real estate issues for: ███████████, Tumwater ███████████

Dear Bob:

Thank you again for the opportunity to allow CenturyPacific to assist you with the development and sale options of your various mobile home parks. This letter is for the purpose of providing you with an overview of real estate issues in regards to your mobile home parks located in Renton, Snohomish, Tumwater and Auburn. We look forward to an opportunity to discuss these matters with you at your convenience.

REAL ESTATE INVESTMENT BANKERS • ADVISORS • DEVELOPERS
2140 CENTURY SQUARE • 1501 FOURTH AVENUE • SEATTLE, WASHINGTON 98101
(206) 689-7200 • FAX (206) 689-7210
www.centurypacificlp.com

000237

## Tumwater (3244 66th Avenue S.W., Olympia, WA 98512)

We reviewed the annexation information provided as well as talked with David Ginther, Associate Planner with Thurston County. Over 550 property owners in the proposed annexation area (2500 properties covering 1500 acres) signed a petition in favor of annexation. This represents over 60% of the assessed value of the property in the annexation area. I have put myself on the mailing list for future notices. The city plans to hold hearings in January and the city council expects to make a recommendation to the boundary review board in February 2007. Generally annexation into the city, with its associated utilities and services, is a good thing for property values. We have not seen your property, but would be happy to do so and provide a valuation if you are interested. At a minimum you will probably want to monitor the process to

make sure the city does not attempt a downzone or mobile home overlay as the City of Renton did at Wonderland.

You also mailed a copy of a Notice of Application for a 122 lot single-family subdivision on 64 acres at 3347 – 66th Avenue SW near your property. We would be happy to give you an evaluation of the impact of this development, if any, on your property.

### Disclaimer

Please note that Washington law generally prohibits any person except a licensed appraiser from providing an estimate of value for real property. One exception to this prohibition is a broker's opinion of value to be utilized to provide acquisition and disposition advice (See RCW 18.140.020(1)). The estimates provided in this report are offered in the context of a broker's opinion of value.

Thank you again for the opportunity to assist you with your various real estate holdings. Please let us know if you have any further questions.

Sincerely,


Steven L. Wood
Managing Director

Campbell Mathewson
Vice President & Designated Broker

000238

 **CENTURYPACIFIC, L.P.**
Real Estate
Investment Bankers ▪ Advisors ▪ Developers

Campbell Mathewson
Vice President

## MEMORANDUM

**DATE:**   April 2, 2007

**TO:**   Bob Eichler

**CC:**   Steven Wood

**RE:**   Real estate overview

---

4. **Tumwater**
   a. 11.73 acres, MF Medium Density Residential, 9-15 units/acre, $3.7M
   b. NOI $250,000 / 7.5% cap = $3.3M
   c. Annexation: earliest summer 2007, if appeal to BRB then 12/07+
   d. Active developers: Tri Vo, Gemini, DR Horton, CamWest

REAL ESTATE INVESTMENT BANKERS ▪ ADVISORS ▪ DEVELOPERS
2140 CENTURY SQUARE ▪ 1501 FOURTH AVENUE ▪ SEATTLE, WASHINGTON 98101
(206) 689-7203    FAX (206) 689-7210  cmathewson@dwt.com
www.centurypacificlp.com

000239