UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAUREL PARK COMMUNITY, LLC, a Washington limited liability company; TUMWATER ESTATES INVESTORS, a California limited partnership; VELKOMMEN MOBILE PARK, LLC, a Washington limited liability company; and MANUFACTURED HOUSING COMMUNITIES OF WASHINGTON, a Washington non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF TUMWATER, a municipal corporation,<br><br>Defendant. | CASE NO. C09-5312BHS<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court on Defendant's motion to quash and for protective order (Dkt. 9). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby orders the parties to show cause as discussed herein.

**I. PROCEDURAL BACKGROUND**

On May 27, 2009, Plaintiffs filed their complaint against Defendant. Dkt. 1. On June 17, 2009, Defendant answered. Dkt. 6. On January 29, 2009, Defendant filed its motion to quash and for protective order. Dkt. 9. On February 9, 2010, Plaintiffs responded. On February 11, 2010, Defendant replied.

ORDER - 1

## II. FACTUAL BACKGROUND

Generally, this matter concerns the manner in which two local city ordinances were adopted by the City Council of Tumwater, Washington. *See* Dkt. 1 (the Complaint). Plaintiffs comprise a group of entities affected by the new ordinances. The instant motion involves Defendant's challenge as to whether Plaintiffs are entitled to conduct the noted deposition of City Council Member Ed Stanley and Plaintiffs' planned depositions of Karen Valenzuela (former City Council Member) and Bill Mandeville (Planning Commissioner). Dkt. 10, Deposition of Jeffrey S. Myers (Myers Decl.) ¶ 4. Defendant contends such depositions violate these legislators' testimonial privilege. Based on this claim of testimonial privilege, Defendant moves the Court to quash the noted deposition of Ed Stanley and to protect the other legislators from being deposed. Dkt. 9; *see also* Myers Decl.

## III. DISCUSSION

### A. Testimonial Privilege

It is well settled that local legislators enjoy absolute immunity from civil liability for their legislative acts. Where it applies, this legislative immunity creates a testimonial privilege as to legislative acts. *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 503 (1975). In *Eastland*, the Court held that, where the actions of the legislators fall within the "sphere of legitimate legislative activity," the legislator "shall not be questioned in any other place about those activities since the prohibitions of the Speech and Debate Clause are absolute." (internal quotations omitted). The Ninth Circuit has noted that this testimonial privilege "prevents inquiry into the motives of legislators." *City of Las Vegas v. Foley*, 747 F.2d 1294, 1997 (citing *United States v. O'Brien*, 391 U.S. 367, 384 (1968); *Michael v. Sonoma County Superior Court*, 450 U.S. 464, 469-70 (1981)). Defendant relies on these cases and others to support its position that Plaintiffs should not be entitled to depose Ed Stanley, Karen Valenzuela, and Bill Mandeville regarding their knowledge of the challenged ordinances at issue.

However, Plaintiffs do not seek to depose these local legislators regarding their "motives." Instead, Plaintiffs assert, they merely wish to inquire regarding "*what* Stanley, Valenzuela, and Mandeville did, *when* they did it, and *what* they said during open public meetings to establish the objective circumstances surrounding the challenged ordinances." Dkt. 12 at 6 (emphasis added). Plaintiffs assert that the *why* (i.e., motive) regarding the challenged ordinances is left out of their intended inquiry. *See* Dkt. 12 at 6 (recognizing the testimonial privilege generally proscribes inquiry into the motives of legislative acts).

The crux of the dispute between the parties appears to be whether or not the testimonial privilege applies to Plaintiffs' claimed intent to make objective inquiries rather than subjective (i.e., motive) inquiries of these legislators during the noted and planned depositions. *Compare* Dkts. 9, 12, 13. At this point, the Court is persuaded by Plaintiffs' position that they are entitled to depose Ed Stanley, Karen Valenzuela, Bill Mandeville because it appears that the case law (even the case law cited by Defendant) supports Plaintiffs' position that the testimonial privilege does not apply to the depositions of these legislators regarding the challenged ordinances to the extent such inquiry is limited to objective information. *See Foley*, 747 F.2d at 1298-1299 (distinguishing between illicit inquiry into subjective information from permissive inquiry into objective information); *see also Miles-Un-Ltd., Inc. v. Town of New Shoreham*, 917 F. Supp. 91, 101 (stating that party sought "subjective/objective" information and then noting that subjective information is off limits).[1] Based on the foregoing, the Court is inclined to deny this motion to quash.

---

[1]Defendant appear to rely on *Miles-Un-Ltd.* to support two propositions. *See* Dkt. 9 at 3. First, that inquiry into objective facts and subjective facts is subject to the legislator testimonial privilege; however, the case appears to the Court to stand for the exact opposite proposition, either in fact or at least inferentially. *Compare* 917 F. Supp. at 101 with Dkt. 9 at 3. If this is not the position of Defendant, then the parties appear to agree that Plaintiffs should be entitled to take these depositions, to the extent they are limited to an objective inquiry. Second, that Plaintiffs can obtain discovery of the information sought through these depositions from a 30(b)(6) deposition instead; however, *Miles-Un-Ltd* does not appear to even discuss 30(b)(6) witnesses. *Compare* 917 F. Supp. at 99 with Dkt. 9 at 3.

Therefore, Defendant is ordered to show cause why this motion should not be denied and Plaintiffs be permitted to take the noted and planned depositions, to the extent they are limited to objective information. Defendant's brief, which is not to exceed five pages, must be filed on or before March 15, 2010.

**B.     Discovery Otherwise Obtainable From Another Source**

Defendant claims that, as part of its initial disclosures, it provided Plaintiffs with the information they now seek through these depositions. Dkt. 13 at 5 ("The administrative record, organized chronologically, identifies what was done, who did it, and when it was done . . . ."). Given these disclosures, it appears that Plaintiffs may already be in possession of the objective information they seek.

Therefore, the Court orders Plaintiffs to show cause why the previous disclosures by Defendant is insufficient or, if sufficient, why the Court should order the depositions of Ed Stanley, Karen Valenzuela, and Bill Mandeville. Plaintiffs' brief, which is not to exceed five pages, must be filed on or before March 15, 2010.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that the parties are ordered to **SHOW CAUSE** as discussed herein.

DATED this 5th day of March, 2010.

_____
BENJAMIN H. SETTLE
United States District Judge