# GINTHER

# EXHIBIT D

AGENDA ITEM NO. 1

Meeting Date – April 25th, 2008

TO: Doug Baker, City Administrator
dbaker@ci.tumwater.wa.us

FOR: General Government Committee

FROM: Mike Matlock, Planning and Facilities Director
mmatlock@ci.tumwater.wa.us
David Ginther, Associate Planner
dginther@ci.tumwater.wa.us

RE: Manufactured Home Parks

---

1) References   (Only list those attached.)

   A. Map of large mobile/manufactured parks in Tumwater and the Urban Growth Area
   B. January 24, 2008 Memo to GGC Committee
   C. Murphy letter 8-11-07 (park resident)
   D. Beedle letter 11-20-07 (park resident)
   E. Erlitz letter 12-4-07 (former park owner*)
   F. Ensley letter 12-18-07 (park resident)
   G. Woodring letter 1-23-08 (Attorney for Manufactured Housing Communities of Washington)
   H. Trummert letter 2-11-08 (park resident)
   I. Tumwater Mobile Estates Social Club letter (park residents) 4-12-08
   J. Housing Plan (an element of the Tumwater Comprehensive Plan)
   K. Draft Housing Plan amendments
   L. Draft Zoning Ordinance O2008-009

*According to the Thurston County Assessor records, Mr. Erlitz sold the Western Plaza Mobile Home Park on February 8th, 2008 for $4,059,000.

---

2) Action Requested / Staff Recommendation:

   This is an information item.

---

3) History and Facts Brief:

At the January 24th, GGC meeting the committee requested staff research options

1

regarding preserving and protecting manufactured home parks and to further explore the issue of a zoning classification that allows only manufactured home parks.

### DEED RESTRICTIONS:
This method is already available to every property owner and can be done immediately. A mobile/manufactured home park owner can voluntarily place a deed restriction (covenant) on their own property. This deed restriction could specify that the uses for the property would be limited solely to mobile/manufactured home parks. The restriction would be binding and stay with the property even if it changed ownership. The residents of the mobile/manufactured home park would be able to enforce the deed restriction, through legal action if it became necessary. This method of deed restriction/covenant is already used extensively by homeowners associations in subdivisions.

The advantages of this option are as follows:
1. Can implement right now. The deed restriction can be in place within a very short amount of time. Whereas, the rezone method could take years.
   *Note: See discussion below under "REZONE COSTS AND TIME" heading.*
2. No intervention by the City of Tumwater. This would be a private agreement between the owner and the tenants and would not need to involve government.
3. Relatively low cost. Compared to a rezone the cost of this option could be less for the property owner.
   *Note: See discussion below under "REZONE COSTS AND TIME" heading.*
4. Would not require action by Thurston County. For the five parks within the Tumwater Urban Growth Area (UGA) the County would need to approve amendments similar to Tumwater's. Given the County's current backlog of amendments it may be several years until completion.

### COMPREHENSIVE PLAN:
The Housing Plan, an element of the Tumwater Comprehensive Plan, is attached as Reference "J". Amendments that recommend voluntary deed restrictions/covenants for manufactured home parks are attached as Reference "K".

### ZONING:
Auburn has had a zone for mobile home parks since 1988. However, it appears the intent of this zone is to limit the expansion of these parks rather than to protect them.

Snohomish County created a mobile/manufactured home park zoning district in early 2007. The zone is voluntary and is meant to preserve and protect mobile and manufactured housing communities from the pressures of development. None of the owners of the more than 100 mobile/manufactured home parks in Snohomish County have volunteered for the rezone.

Olympia has a zone for mobile/manufactured home parks. However, in addition to allowing manufactured homes and mobile/manufactured home parks the zone also allows approximately 50 other types of uses including almost everything between single family homes and mining. Due to the large range of optional uses within this Olympia zoning district it does not appear that application of this zone would actually have much of an affect when trying to preserve or protect the park from the pressures of development (conversion to another use).

Tumwater already has a similar zoning district but instead of calling it a mobile home park district it is called Multi-Family Medium Density Residential. This Tumwater zoning district allows approximately 30 different land uses in addition to manufactured home parks.

As requested, a draft ordinance creating a new voluntary zoning district for manufactured home parks in Tumwater is attached.

## OTHER METHODS:
### Housing Authority
In a couple of situations housing authorities in Snohomish and King Counties bought mobile/manufactured home parks for several million dollars each. These parks were planned to be developed into another use by the owners. The parks are now owned by the housing authorities and the rents and resale prices of homes within the parks are strictly governed. Most of the mobile/manufactured housing parks in Tumwater are also worth several million dollars.

According to Mr. Ricks of the Thurston County (TC) Housing Authority, the TC Authority does not own or manage any mobile/manufactured home parks within Thurston County. He did add that it is not out of the question for the Authority to possibly look into acquiring a mobile/manufactured home park in the future but it would require extensive study to determine if it would be feasible given the current funding situation for the Authority. The majority of its funding comes from federal sources with only a very minor portion being from local sources. The TC Housing Authority administers the federal HUD voucher program for about 1900 households. The Authority also rents out approximately 420 units county-wide.

An April 8, 2008, article in the *Heraldnet* online newspaper discussed the recent problems that housing authorities are having in regards to obtaining loans to buy existing housing for conversion to affordable housing projects. The Everett Housing Authority was denied loans by Key Bank, US Bank, and Bank of America. The Housing Authority blamed the problems on uncertainties in the market combined with lenders revising their lending standards.

### Resident Purchase of Park
In 1995, the residents of the 103-home Candlewood Manor mobile home park in northeast Thurston County bought the park from the owner. It is now an owner

3

occupied mobile/manufactured home park. These residents were able to save their own homes by working together. The residents of a manufactured home community on College Street (near Lacey) are currently working on trying to do a similar thing with their park.

### REZONE COSTS AND TIME:
Costs
The current Tumwater fee for a site specific rezone and comprehensive plan map amendment is $2,000. Thurston County currently charges $7,715 for a rezone and comprehensive plan map amendment within the Tumwater urban growth area. The County is currently reviewing a proposal to increase the charge.

Time
The State mandates that comprehensive plan amendments and associated rezones be processed in an annual cycle so the cumulative affects of changes can be assessed. The amendment process for Tumwater begins in December (August for Thurston County) and can take over an entire year to complete. For example, the 2007 amendments for Tumwater were started in December 2006 and were completed in March 2008.

If Tumwater moves to create a manufactured home park zone in 2008, the comprehensive plan amendments establishing this new future land use designation and zoning district will need to be effective before the first Monday in December 2008 in order for a property owner to submit an application in time for the 2009 amendment cycle. This means that a property owner may not be able to obtain a rezone to a manufactured home park zone until approximately the beginning of 2010.

At this point the 2009 assessments for taxes payable in 2010 will already be established by the County Assessor. The manufactured home park owner would likely need to appeal their tax assessment in the spring of 2010. Based on the fact that as of January 6, 2008, approximately 1,620 property owners in Thurston County had appealed their property assessments, it may take quite some time before an appeal is heard and a ruling is issued.

### TAXES:
According to the Thurston County Assessors office it may take quite some time for the property values of a mobile/manufactured home park to be lowered after the deed restriction(covenant) or rezone is put in place. This is mainly because property values are based off of sales of similar properties. It may be years until another similar mobile/manufactured home park with a similar deed restriction(covenant) or restrictive zoning is sold. The alternative is for the owner to appeal their assessment. There is an appeal process setup for property owners that disagree with their assessments.

4)   Discussions and Alternatives:

4

      A. Conduct public outreach to residents and owners about the deed restriction/covenant option.
      B. Recommend amendments to the Comprehensive Plan that urge park owners to apply deed restrictions/covenants to their properties.
      C. Conduct public outreach to residents and owners about the rezone option.
      D. Recommend adoption of a "manufactured home park" zoning district ordinance to the City Council.
      E. Make no changes at this time.

5) <u>Fiscal Notes</u>:
   N/A

5



ORDINANCE NO. O2008-009

**DRAFT**

**AN ORDINANCE** of the City Council of the City of Tumwater, Washington, creating a new zoning district, entitled "Chapter 18.49 Manufactured Home Park Zoning District", in the Tumwater Municipal Code, as more particularly set forth herein.

**WHEREAS**, the City of Tumwater has adopted a Comprehensive Plan that includes all elements required by the Growth Management Act, Chapter 36.70A RCW; and

**WHEREAS**, the Growth Management Act requires that the City of Tumwater adopt development regulations, including zoning, that are consistent with and implement its Comprehensive Plan; and

**WHEREAS**, the City of Tumwater has prepared the amendments to the municipal code that are included in this ordinance, in accordance with the City of Tumwater Citizen Participation and Intergovernmental Coordination Policy (Resolution No. 418); and

**WHEREAS**, these amendments meet the intent of and are consistent with the State Environmental Policy Act, the Washington State Growth Management Act, County-Wide Planning Policies, and internal goals and policies of the Tumwater Comprehensive Plan; and

**WHEREAS**, Goal #4 of the Tumwater Thurston County Joint Plan is to "Encourage land use patterns that will increase the availability of affordable housing for all economic segments of the Tumwater population."; and

**WHEREAS**, manufactured home parks are a source of affordable single family housing in Tumwater; and

**WHEREAS**, protecting manufactured home parks from the pressures of development will help to maintain the existing stock of affordable housing provided by these parks; and

**WHEREAS**, a Determination of Nonsignificance was issued on _____ in accordance with the State Environmental Policy Act (SEPA) (WAC 197-11) and in compliance with Chapter 16.04 of the Tumwater Municipal Code; and

WHEREAS, the Tumwater Planning Commission held a public hearing on _____, and considered all testimony and evidence before making a recommendation to City Council; and

WHEREAS, the Tumwater City Council held a public hearing on the recommendation on _____, to accept public testimony relating to this matter;

WHEREAS, the Tumwater City Council, after considering all of the testimony and evidence, finds the amendments support the health, safety, and welfare and are in the best interest of the residents of the City of Tumwater;

NOW, THEREFORE, THE CITY COUNCIL OF THE CITY OF TUMWATER, STATE OF WASHINGTON, DOES ORDAIN AS FOLLOWS:

Section 1. Section 18.06.010 of the Tumwater Municipal Code is hereby amended as follows:

18.06.010 Districts designated.
In order to carry out the provisions of this title, the city is divided into the following districts:
1. RSR, residential/sensitive resource zone district;
2. SFL, single-family low density residential zone district;
3. SFM, single-family medium density residential zone district;
4. MFM, multi-family medium density residential zone district;
5. MFH, multi-family high density residential zone district;
6. NC, neighborhood commercial zone district;
7. MU, mixed use zone district;
8. GC, general commercial zone district;
9. ARI, airport related industry zone district;
10. LI, light industrial zone district;
11. HI, heavy industrial zone district;
12. HC, historic commercial zone district;
13. BP, business park zone district;
14. GB, greenbelt zone district;
15. OS, open space zone district;
16. AH, airport hazard (overlay zone district);
17. PUD, planned unit development (overlay zone district);
18. FP, floodplain (overlay zone district);

19. AQP, aquifer protection (overlay zone district);
20. CS, community services zone district.
21. TC, town center zone district.
22. MHP, manufactured home park zone district.

(883, Added, 05/06/1984; 1095, Amended, 01/20/1987; 1226, Amended, 11/20/1990; 1230, Amended, 11/20/1990; O97-025, Amended, 12/02/1997; O2001-020, Amended, 05/07/2002)

Section 2.   A new Chapter 18.49, entitled "Manufactured Home Park Zoning District", is hereby added to the Tumwater Municipal Code to read as follows:

## Chapter 18.49

## MANUFACTURED HOME PARK ZONING DISTRICT

Sections:

18.49.010   Intent
18.49.020   Permitted Uses
18.49.030   Accessory Uses
18.49.040   Density regulations

18.49.010 Intent.
The intent of the Manufactured Home Park (MHP) zone is to provide and preserve high density, affordable single family residential development in the form of designated manufactured homes within manufactured home parks. Application of this zone shall be at the voluntary request of the owner of an existing manufactured home park or mobile home park and by approval of the Tumwater City Council through the annual Comprehensive Plan Amendment/Rezone process.

18.49.020 Permitted Uses
Permitted uses within the MHP zone district are as follows:
A. Manufactured home parks in accordance with the provisions of Chapter 18.48 TMC.

Ordinance No. O2008-009, Page 3 of 7

18.49.030 Accessory Uses
Accessory uses within the MHP zone district are as follows:
A. Storage sheds, tool sheds, greenhouses;
B. Private parking garages or carports;
C. Home occupations, as approved by the Director of Development Services;
D. Noncommercial recreational structures which could include but are not limited to swimming pools and recreational ball courts;

18.49.040 Density regulations.
Density regulations in the MHP zone district are as follows:
A. Site area. All residential developments must meet the following density requirements:
  1. Minimum: six dwelling units per acre;
B. Density calculation. The calculation of the density requirements in Section 18.49.040(A) above is based on the portion of the site devoted to residential and associated uses (e.g., dwelling units; private community clubs, open space; stormwater detention, treatment and infiltration). The following land is excluded from density calculations:
  1. Land that is required to be dedicated for public use as open space, right-of-way, or land on which development is prohibited by Tumwater Municipal Code Title 16 – Environment, and land that is to be used for private roads. Provided, that portion of open space/park areas that consists of stormwater facilities and that are designed for active and/or passive recreational purposes in accordance with the Drainage Design and Erosion Control Manual for Tumwater shall not be excluded from density calculations.
  2. Land that is intended for future phases of development.
  3. Land that consists of lots devoted to uses other than residential and associated uses, including but not limited to support facilities (except for stormwater detention, treatment and infiltration facilities).
C. Lot coverage, maximum for all buildings: seventy percent of total area of the lot.
D. Structure height: forty feet, maximum; provided, however, that no structure shall penetrate imaginary airspace surfaces as defined by Title 14 of the Code of Federal Regulations, Part 77. A map that provides detailed information on ground and imaginary airspace surface elevations is available for inspection in the Development Services Department.
E. Yards.*
  1. Front: ten feet minimum from frontage property line.

2. Side: five feet from property line, minimum.

3. Rear: five feet from property line, minimum.

Where structures are constructed over one story, the setback from the adjacent property line or lines shall be increased by ten feet for every story above the ground level story of the proposed new building, and shall be completely screened from view in accordance with Chapter 18.47.

F. Open space/park area. A minimum of ten percent (10%) of the gross site area shall be set aside. Such open space/park area shall at a minimum meet the following standards:

1. For the purpose of calculation of the open space/park requirement, the open space/park area shall be separate and distinct from required yards, setbacks and landscaped areas, but may include areas of native vegetation that are allowed to fulfill the landscaping requirements of TMC 18.47. Open space/park areas may also include wetlands and their buffers, other critical areas, and stormwater facilities that are designed for active and/or passive recreation opportunities in accordance with the Drainage Design and Erosion Control Manual for Tumwater.

2. All open space/park areas must include any two or more facilities for active and/or passive recreation from the lists below. At least one of the required recreation facilities must be from the list of active recreation facilities (this area may include stormwater facilities that are designed for active and/or passive recreation opportunities in accordance with the Drainage Design and Erosion Control Manual for Tumwater).

Active Recreation Facilities

a. Children's play equipment, such as slides, swings, and play structures.

b. A paved hard court for activities such as basketball, tennis, pickleball, etc.

c. A flat, open lawn area that may serve as a ball field for active play.

d. Other active recreation facility if approved by the Development Services Director upon consultation with the Tumwater Parks and Recreation Director.

Passive Recreation Facilities

a. Facilities for walking, such as trails, benches, etc.

b. Picnicking facilities, such as picnic tables, shelters, etc.

c. Public plazas.

d. Year-round water features such as a fountain, pond, stream, etc. These water features may be incorporated as part of a stormwater facility designed in accordance with the Drainage Design and Erosion Control Manual for Tumwater.

e. Other passive recreation facility if approved by the Development Services Director upon consultation with the Tumwater Parks and Recreation

Director.

    3. The open space/park area shall have convenient access for residences of the development and shall be consolidated to provide maximum access, visibility, usability, minimization of impacts to residential uses, and ease of maintenance. The requirement that the open space/park area be consolidated may be waived by the Director of Development Services upon a finding that the residents of the development would receive a greater benefit if the required open space/park area were provided in another configuration due to the unique topographic conditions or fish and wildlife habitat values of the site.

    4. The open space/park area shall be designed and placed in consideration of existing and potential open space/park areas on adjacent parcels to consolidate or provide future opportunities for consolidation of neighborhood open space areas.

    5. Except where removal is required to meet active recreation requirements in this chapter, existing trees and significant vegetation shall be retained in open space/park areas unless an alternate landscaping plan for such areas is required or approved by the development review committee.

    6. Cash, or like value of land area and improvements within the neighborhood parks planning area the site is located, may be donated to the City to fulfill the requirements of this section. The amount of cash required will be determined using a formula based on the cost of meeting the adopted level of service for neighborhood parks in the Tumwater Parks and Recreation Plan.

    7. Open space/park areas shall be held in single ownership where such ownership assumes full responsibility for maintenance and operation, or held in common ownership by all of the owners in the development area through a homeowners association or similar organization. The City as a condition of approval may choose to accept dedication, or the maintenance and operation responsibilities for the area, when the area to be dedicated is one or more of the following.

        a. Greater than 5 acres.
        b. Adjacent to an established or future City park or school grounds.
        c. Includes access to a body of water, wetland, important fish/wildlife habitat, or other environmentally sensitive area.
        d. If the City determines it is in the public interest to accept public dedication.

*See Section 18.04.670


    **Section 3. Ratification.** Any act consistent with the authority and prior to the effective date of this ordinance is hereby ratified and affirmed.

**Section 4. Severability.** The provisions of this ordinance are declared separate and severable. The invalidity of any clause, sentence, paragraph, subdivision, section, or portion of this ordinance or the invalidity of the application thereof to any person or circumstance, shall not affect the validity of the remainder of the ordinance, or the validity of its application to other persons or circumstances.

**Section 5. Effective Date.** This ordinance shall become effective thirty (30) days after passage, approval and publication as provided by law.

ADOPTED this ____ day of _____, 2008.

                                    CITY OF TUMWATER


                                    _____
                                    Ralph C. Osgood, Mayor

ATTEST:

_____
James Hendrickson, Finance Director/Risk Manager


APPROVED AS TO FORM:

_____
Karen Kirkpatrick, City Attorney


Published:_____

Effective Date:_____