1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

9

10

11

12

13

14

15

16

17

18

LAUREL PARK COMMUNITY, LLC, a
Washington limited liability company;
TUMWATER ESTATES INVESTORS, a
California limited partnership; VELKOMMEN
MOBILE PARK, LLC, a Washington limited
liability company; and MANUFACTURED
HOUSING COMMUNITIES OF
WASHINGTON, a Washington non-profit
corporation,

                    Plaintiffs,

    vs.

CITY OF TUMWATER, a municipal
corporation,

                 Defendant.

NO.   C09-5312 BHS

**DECLARATION OF MICHAEL**
**MATLOCK IN SUPPORT OF**
**DEFENDANT CITY OF**
**TUMWATER'S MOTION FOR**
**SUMMARY JUDGMENT**

19

20

      PURSUANT TO 28 U.S.C. § 1746, Michael Matlock, hereby states and declares as
follows:

21

22

23

24

25

      1.     I am the Planning & Facilities Director for the defendant City of Tumwater. I
have been in that position for 16 years.   I oversee the long-range planning department and also
the grounds and facilities maintenance for the City of Tumwater, city buildings, city parks, and
also the museum historic  program. I am over the·age of 18, competent to be a witness and make
this declaration on personal knowledge.

26

      2.     My responsibilities as Planning & Facilities Director include overseeing
compliance with the Growth Management Act ("GMA") and supervising staff in the amendment

**DECLARATION OF**
**MICHAEL MATLOCK – 1**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

1    of the City's Comprehensive Plan and zoning ordinances.  With respect to the adoption of

2    Ordinances O2008-009 and O2008-027, I personally participated in the consideration of these

3    ordinances by the City Council, the General Government Committee and Planning Commission.

4    I attended numerous meetings at which these items were considered and supervised the staff in

5    reviewing development of these Ordinances in accordance with the Growth Management Act.

6            3.      In August 2007, citizens approached the City Council to express concerns about

7    the possibility of closure of mobile home parks and the impact this would have on them as

8    tenants.  The citizens expressed concern due to closures in other communities which displaced

9    tenants, leaving them with the expensive and difficult, if not impossible, task of relocating their

10   existing mobile homes.

11           4.      In response to these concerns, the matter was referred to the City Council's

12   General Government Committee and to the Planning Commission which began a series of 21

13   public meetings and hearings that occurred over the next 18 months.  The zoning designations

14   originally requested by citizens sought a designation authorizing only manufactured home

15   communities. The City heard testimony from the public expressing concerns over the impacts of

16   potential conversion of the parks, the need for stable residential neighborhoods, the need to

17   promote sources of affordable housing and to preserve existing housing stock.  The City also

18   considered testimony from owners of mobile home parks who were concerned about possible

19   limitations on future land use.  The owners generally argued that the parks in Tumwater were

20   not presently threatening to convert to other uses, so there was no need for a manufactured

21   housing zoning district.  The City also considered more stringent alternatives than the City

22   adopted, such as requiring a permit to close a park, as was suggested at the November 25,2008

23   Planning Commission meeting.

24           5.      Ultimately, in response to concerns articulated by property owners, the City

25   modified the initial drafts to include additional uses within the MHP Zoning District.   Section 1

26   of Ordinance O2008-009 establishes a new zoning district, known as the Manufactured Home

     Park (MHP) District.   The regulations for the MHP District were codified in a new chapter of

**DECLARATION OF**
**MICHAEL MATLOCK – 2**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

1  the City's code, Chapter 18.49 TMC. A total of 23 uses were allowed by the final version,

2  including permitted, accessory and conditional uses. TMC 18.49.020-.040.

3      6.      Ordinance O2008-009 does not compel the property owners to continue operating

4  their parks. It restricts the number of allowed uses, and one of those is manufactured home

5  parks, which is made a permitted use in the MHP District. The Ordinance O2008-009 does not

6  regulate the operation of parks, does not regulate the financial affairs of parks or their

7  relationships with the tenants. It does not impose any rent control or other restriction on the

8  ability of the Park Owners to raise revenue from their operations. It also does not preclude an

9  owner from closing a MHP, leaving such regulations to existing state laws, such as the Mobile

10  Home Landlord Tenant Act.

11      7.      The City's Ordinances add stability to the existing MHP use, but do not

12  guarantee that they will continue to provide this form of housing. They promote stability of

13  established neighborhoods and availability of a variety of housing types as directed by the GMA.

14  They further promote a form of affordable housing that the Owners voluntarily decided to

15  provide when they bought the parks. The Ordinances further benefit these Owners by making

16  MHP use a conforming use and allows expansion of existing parks, which was previously the

17  subject of an opposite policy in the Land Use element of the Comprehensive Plan.

18      8.      The City also directly addressed concerns of owners about changed

19  circumstances that might arise in the future affecting the economic viability of MHP operation

20  by adopting a "Use Exception". TMC 18.49.070. The Use Exception allows a property to

21  automatically revert to its prior zoning designation if the owner makes an application to the City

22  that shows either a) they do not have a reasonable use of their property under MHP Zoning, or

23  b) the uses authorized by the MHP Zoning are not economically viable at the property's

24  location. As part of an application for a "Use Exception" the owner would have to submit a

25  closure notification plan that identifies any known sources of tenant relocation assistance

26  available under state law, a list of nearby parks with available space and companies in the

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 RW JOHNSON RD., TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480  FAX: (360) 357-3511

**DECLARATION OF**
**MICHAEL MATLOCK – 3**

1  business of moving mobile homes. This plan is informational only and does not impose any

2  financial burden on a park owner to finance tenant relocation.

3       9.      Ordinance O2008-009 does not impose a burden on the existing park owners who

4  are permitted to continue an existing profitable use without any financial constraint from the

5  City on their operations. Instead, Ordinance O2008-009 and Ordinance O2008-027 serve

6  several other public purposes. First, the ordinances promote stability of existing neighborhoods

7  and communities by zoning existing parks within the MHP District. Secondly, they preserve the

8  existing housing stock of manufactured housing, which is recognized by the Growth

9  Management Act ("GMA") as an important type of housing. RCW 36.70A.020. Third, the

10  Ordinances identify sufficient land to assure the availability of this type of housing, as well as

11  other types of housing that appeal to all economic segments of the Tumwater market. Finally,

12  the Ordinances recognize that manufactured home parks provide a source, but not the only

13  source of affordable housing. They promote the availability of this desirable and important form

14  of affordable housing, consistent with the specific direction of the GMA in RCW 36.70A.020(4)

15  and RCW 36.70A.070(2).

16       10.     The zoning adopted by these ordinances is not the only way that Tumwater seeks

17  to promote affordable housing or mitigate costs on low income citizens. These goals are

18  promoted in Tumwater in several different ways. First, and most significantly, the Land Use and

19  Housing Plans identify sufficient land for all housing types (including MHPs). The City's plans

20  identify sufficient land to provide an adequate supply of apartments, multi-family housing and

21  smaller lot sizes for single-family homes that will be more affordable than lower density

22  development. Secondly, the City can waive applicable fees, such as utility hook-up fees or

23  impact fees. Third, the City provides discounts in utility rates for low income seniors. Fourth,

24  the Owners can seek tax relief through property tax revaluation. Next, the City participates in

25  numerous community and intergovernmental efforts to promote affordable housing. The City

26  participates in the Thurston County Housing Task Force, the Thurston County Home

Consortium and Community Action Council which provide rental assistance, transitional and

**DECLARATION OF**
**MICHAEL MATLOCK – 4**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

low income housing.  Thus, the task of promoting affordable housing  options to lower income segments of the Tumwater community  is not cast solely upon the shoulders of MHP owners, but is spread throughout the city by these mechanisms.

11.    Finally, the City did not apply the MHP zoning to three properties that had multiple manufactured homes, but did not function as mobile home parks.  These were excluded primarily due to their small size, but also because they are not functioning as traditional, recognizable manufactured home parks.  The City also did not apply this designation to an older park, Allimor, located in the heart of the City's commercial core.  This park is located off Littlerock Road and is surrounded by commercially zoned property and existing commercial properties, including Albertson's,  Home Depot, Tyee Center, American Legion Hall, Twin County Credit Union, Costco and Fred Meyer.

12.    The City's Ordinances were appealed to the Western Washington Growth Management Hearings Board by Plaintiffs Laurel Park Community LLC, Tumwater Estates Investors and Manufactured Housing Communities of Washington.  Plaintiff Velkommen Mobile Home Park LLC did not join that appeal.  The appeal challenged compliance with the Growth Management Act and raised the issue of the consistency of the ordinances with the Comprehensive Plan.  This challenge was rejected by the Final Decision and Order of the Board, which issued its decision on October 13, 2009.  A true and correct copy of the Final Decision and Order is attached as Exhibit A.  This conclusion was upheld after a ruling by the Board on Motions for Reconsideration, which was issued on November 12, 2009.  A true and correct copy of the Board's November 12, 2009 ruling is attached as Exhibit B.

I declare under penalty of perjury under the laws of the state of Washington and the United States of America that the foregoing is true and correct.

DATED this 17th day of March, 2010, at Tumwater, Washington.

Michael Matlock

**DECLARATION OF**
**MICHAEL MATLOCK – 5**

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*