# MATLOCK

# EXHIBIT A

CITY OF TUMWATER

OCT 1 4 2009

CITY ATTORNEY

1  BEFORE THE WESTERN WASHINGTON GROWTH MANAGEMENT HEARINGS BOARD

2

3  LAUREL PARK COMMUNITY LLC,
   MANUFACTURED HOUSING COMMUNITIES          Case No. 09-2-0010
4  OF WASHINGTON, AND TUMWATER
5  ESTATES INVESTORS,                         **FINAL DECISION AND ORDER**

6
                         Petitioners,
7

8     v.

9
10  CITY OF TUMWATER,

11                        Respondent.
12

13

14                    **I. PROCEDURAL HISTORY**

15  On April 6, 2009 Petitioners filed a Petition for Review (PFR) challenging the City of

16  Tumwater's adoption of Ordinance Nos. O2008-09 and O2008-27 (collectively, Ordinances

17  or MHP Amendments).  With their PFR, Petitioners alleged various violations of the GMA
18
    as well as issues based on provisions of the Washington State Constitution and the United
19
20  States Constitution.

21
22  On June 29, 2009, the Board issued an Order granting the City's Motion to Dismiss Issue 6

23  because this issue requested that the Board decide whether the City's action violated

24  constitutionally-based issues.[1]

25

26  On September 1, 2009, in response to a motion, the Board permitted *amicus curiae* status

27  to the Association of Manufactured Home Owners (AMHO).[2]  AMHO was permitted to file a

28  brief in opposition to the PFR.

29

30
    _____
31  [1] June 29, 2009 Order on City's Motion to Dismiss Issue 6.  Issue 6 raised issues of takings, equal protection,
    and substantive due process.
32  [2] September 1, 2009, Order on Motion for Status as Amicus Curiae and Permission to File Brief in Opposition
    to Petition for Review.  With this Order, the Board permitted AMHO to present legal argument on the issue of

FINAL DECISION AND ORDER                              Western Washington
Case No. 09-2-0010                              Growth Management Hearings Board
October 13, 2009                                319 7th Avenue SE, Suite 103
Page 1 of 30                                                      P.O. Box 40953
                                                Olympia, Washington 98504-0953
                                                         Phone: 360-586-0260
                                                            Fax: 360-664-8975

1  The Hearing on the Merits (HOM) was conducted on September 10, 2009 in the City of
2  Tumwater.  Petitioners were represented by Scott Missal and William Clarke.  The City of
3  Tumwater was represented by Susan Drummond and City Attorney Karen Kirkpatrick.
4  Board members Nina Carter, William Roehl[3] and James McNamara were present, with Mr.
5  McNamara presiding.
6

7  ## II. PRELIMINARY MATTERS
8
9  The City asserts that the Board lacks jurisdiction and the PFR should be dismissed because
10 Petitioners did not personally serve the City Clerk.  In support of this argument, the City
11 submits the Declaration of Sheryle Wyatt, City Clerk for the City of Tumwater, in which she
12 states that she was given the PFR by staff from the Tumwater Municipal Court with whom it
13 had been left.[4]
14

15 The Certificate of Service filed with the PFR states that on April 16, 2009, the PFR was
16 served on the City of Tumwater via service on the City Clerk by U.S. Mail *and* legal
17 messenger.  Nevertheless, the City contends the PFR should be dismissed because the
18 Petitioners failed to personally serve the City Clerk.  The City contends Washington
19 Administrative Code (WAC) 242-02-230 and RCW 4.28.080 require personal service.
20

21 While Petitioners assert that they complied with the requirements of WAC 242-02-230 by
22 properly personally serving the City Clerk, this is in dispute.   The Board need not address
23 the issue of the sufficiency of personal service because Petitioners also state they mailed a
24 copy of the PFR to the Tumwater City Clerk on April 16, 2009, the same date that the PFR
25 was filed with the Board.
26
27
28
29
30

31 whether the City complied with RCW 36.70A.020(4) and 36.70A.070(2) when it enacted Ordinance No.
   O2008-009.
32 [3] Mr. Roehl appeared by telephone.
   [4] Declaration of Sheryle Wyatt.

FINAL DECISION AND ORDER
Case No. 09-2-0010
October 13, 2009
Page 2 of 30

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

1 | **Board Analysis and Findings**

2 | As this Board has previously stated, the GMA does not set forth a service requirement.

3 | Rather, the method of service on parties is set forth in WAC 242-02-230(1)[5] which provides:

4 | (In relevant part, emphasis added)

> (1) … A copy of the petition for review shall be *personally served upon all*
> *other named parties **or** deposited in the mail and postmarked on or before the*
> *date filed with the board.* When a county is a party, the *county auditor shall be*
> *served in non-charter counties* …

The City contends that regardless of the conjunctive "or" utilized in WAC 242-02-230(1),

personal service is required. The City relies on RCW 4.28.080(1) to support this assertion.

RCW 4.28.080 provides: (In relevant part, emphasis added)

> *Service made in the modes provided in this section shall be taken and held to*
> *be personal service.* The summons shall be served by delivering a copy
> thereof, as follows:
> (2) If against any town or incorporated city in the state, to the mayor, city
> manager, or, during normal office hours, to the mayor's or city manager's
> designated agent or the city clerk thereof.

While WAC 242-02-230(1) and RCW 4.28.080(2) both require the mayor, city manager or

city clerk be served, they differ as to whether personal service is required.  Thus, the

question is whether RCW 4.28.080 controls service in Board proceedings or whether it is

the Board's own Rules of Practice and Procedures which control.

The Board's Rules, WAC 242-02, were adopted pursuant to RCW 36.70A.270(7) which

requires the Boards to adopt administrative rules of practice and procedure.  WAC 242-02

was originally adopted in 1992 and has been subject to various amendments since that

time.  The GMA makes no reference to RCW Title 4 - Civil Procedure, which addresses civil

actions brought in Washington Courts.  In addition, neither the GMA nor the WAC

references RCW 4.28.080.  Rather, the GMA explicitly states the Administrative Procedures

---

[5] *Sherman v. Skagit County,* WWGMHB Case No. 07-2-0021, Order of Dismissal (Dec. 20, 2007).

FINAL DECISION AND ORDER
Case No. 09-2-0010
October 13, 2009
Page 3 of 30

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

1   Act (APA), RCW 34.05, governs the practices and procedures of the Board.[6]   The
2   application of the APA to the Board's practices and procedures is logical given the fact the
3   Board is a quasi-judicial administrative agency created by the Legislature and not a court.
4
5   Turning to the APA for further guidance, RCW 34.05.010(19) provides a definition of
6   service: (Emphasis added)
7
8          (19) "Service," except as otherwise provided in this chapter, means *posting in*
           *the United States mail, properly addressed, postage prepaid, **or** personal*
9          *service. Service by mail is complete upon deposit in the United States mail.*
10         Agencies may, by rule, authorize service by electronic telefacsimile
11         transmission, where copies are mailed simultaneously, or by commercial
           parcel delivery company.
12
13
14  The Board is not aware of a provision of the APA which limits service to personal service.
15  RCW 4.28.080 pertains to civil actions filed in the courts and, as a quasi-judicial
16  administrative agency, this provision of the RCWs is simply not applicable to the Board's
17  proceedings. Therefore, under both the Board's rules and the APA, the mailing of a PFR is
18  an appropriate manner of service so long as the PFR was deposited in the mail and
19  postmarked on or before the date filed with the Board.[7]
20
21  The Petitioners' exhibits to their Reply Brief clearly denote they properly addressed and
22  mailed a copy of the PFR to the Tumwater City Clerk on April 16, 2009, the same day the
23  Petitioners filed the PFR with the Board.[8] Thus, the Board finds and concludes the
24  Petitioners properly served the PFR on the City as required by WAC 242-02-230(1) and,
25  therefore, the Board rejects the City's argument that this Board lacks jurisdiction over this
26  appeal.
27
28
29                    **III.  PRESUMPTION OF VALIDITY, BURDEN OF PROOF,**
30
31  [6] RCW 36.70A.270(7).
32  [7] WAC 242-02-230(1).
    [8] Affidavit of Moore; Attachment A to Affidavit.

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

## AND STANDARD OF REVIEW

Pursuant to RCW 36.70A.320(1), comprehensive plans and development regulations, and amendments to them, are presumed valid upon adoption.[9]   This presumption creates a high threshold for challengers as the burden is on the petitioners to demonstrate that any action taken by the City of Tumwater is not in compliance with the GMA.[10]

The Board is charged with adjudicating GMA compliance and, when necessary, invalidating noncompliant plans and development regulations.[11] The scope of the Board's review is limited to determining whether a city has achieved compliance with the GMA only with respect to those issues presented in a timely petition for review.[12]   The GMA directs that the Board, after full consideration of the petition, shall determine whether there is compliance with the requirements of the GMA.[13]   The Board shall find compliance unless it determines that Tumwater's action is clearly erroneous in view of the entire record before the Board and in light of the goals and requirements of the GMA.[14]   In order to find Tumwater's action clearly erroneous, the Board must be "left with the firm and definite conviction that a mistake has been committed."[15]

In reviewing the planning decisions of cities and counties, the Board is instructed to recognize "the broad range of discretion that may be exercised by counties and cities" and

---

[9] RCW 36.70A.320(1) provides: [Except for the shoreline element of a comprehensive plan and applicable development regulations] comprehensive plans and development regulations, and amendments thereto, adopted under this chapter are presumed valid upon adoption.

[10] RCW 36.70A.320(2) provides: [Except when city or county is subject to a Determination of Invalidity] the burden is on the petitioner to demonstrate that any action taken by a state agency, county, or city under this chapter is not in compliance with the requirements of this chapter.

[11] RCW 36.70A.280, RCW 36.70A.302.

[12] RCW 36.70A.290(1)

[13] RCW 36.70A.320(3)

[14] RCW 36.70A.320(3)

[15] *City of Arlington v. CPSGMHB*, 162 Wn.2d 768, 778, 193 P.3d 1077 (2008)(Citing to *Dept. of Ecology v. PUD District No. 1 of Jefferson County*, 121 Wn.2d 179, 201, 849 P.2d 646 1993); See also, *Swinomish Tribe, et al v. WWGMHB*, 161 Wn.2d 415, 423-24, 166 P.3d 1198 (2007); *Lewis County v. WWGMHB*, 157 Wn.2d 488, 497-98, 139 P.3d 1096 (2006).

FINAL DECISION AND ORDER
Case No. 09-2-0010
October 13, 2009
Page 5 of 30

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

1   to "grant deference to counties and cities in how they plan for growth." [16]  However, the City
2   of Tumwater's actions are not boundless; their actions must be consistent with the goals and
3   requirements of the GMA. [17]
4
5   Thus, the burden is on Petitioners to overcome the presumption of validity and demonstrate
6   that the challenged action taken by the City of Tumwater is clearly erroneous in light of the
7   goals and requirements of the GMA.
8
9
10                              IV.  BOARD JURISDICTION
11  The Board finds that the Petition for Review was timely filed pursuant to RCW
12  36.70A.290(2).  The Board finds that Petitioners have standing to appear before the Board
13  pursuant to RCW 36.70A.280(2).  The Board finds that it has jurisdiction over the subject
14  matter of the petition pursuant to RCW 36.70A.280(1).
15
16                            V.  DISCUSSION AND ANALYSIS
17  On February 17, 2009, the City of Tumwater adopted two ordinances finalizing a process
18  which began in August 2007.  Ordinance No. O2008-009 amended Title 18 Zoning of the
19  City's Municipal Code to facilitate the creation of a new chapter, Chapter 18.49
20  Manufactured Home Park (MHP) Zone District.  Ordinance No. O2008-027 amended
21
22
23
_____
24  [16] RCW 36.70A.3201 provides, in relevant part:  In recognition of the broad range of discretion that may be
25  exercised by counties and cities consistent with the requirements of this chapter, the legislature intends for the
     boards to grant deference to counties and cities in how they plan for growth, consistent with the requirements
26  and goals of this chapter. Local comprehensive plans and development regulations require counties and cities
     to balance priorities and options for action in full consideration of local circumstances. The legislature finds that
27  while this chapter requires local planning to take place within a framework of state goals and requirements, the
28  ultimate burden and responsibility for planning, harmonizing the planning goals of this chapter, and
     implementing a county's or city's future rests with that community.
29  [17] *King County v. CPSGMHB,* 142 Wn.2d 543, 561, 14 P.2d 133 (2000)(Local discretion is bounded by the
30  goals and requirements of the GMA).  See also, *Swinomish,* 161 Wn.2d at 423-24.  In *Swinomish,* as to the
     degree of deference to be granted under the clearly erroneous standard, the Supreme Court has stated: The
31  amount [of deference] is neither unlimited nor does it approximate a rubber stamp. It requires the Board to give
32  the [jurisdiction's] actions a "critical review" and is a "more intense standard of review" than the arbitrary and
     capricious standard. *Id.* at 435, Fn.8.

FINAL DECISION AND ORDER
Case No. 09-2-0010
October 13, 2009
Page 6 of 30

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

1 | various elements of the City's Comprehensive Plan, including the Land Use Plan Element,
2 | the Housing Plan Element, and the City's Zoning Map.
3 |
4 | Petitioners in this matter are owners of two of the mobile/manufactured housing parks
5 | impacted by the newly adopted Ordinances and a state-wide non-profit association
6 | representing the owners of these parks.  With their PFR, Petitioners challenge both of these
7 | Ordinances and allege that they "individually and collectively violate GMA policies and
8 | requirements."[18]   Petitioners' issues pertain to the GMA's goals for affordable housing and
9 | property rights, mandatory comprehensive plan elements including the Land Use Element
10 | and Housing Element, internal and external inconsistency, and public participation.
11 |
12 | The Board will address each of these issues in turn.
13 |
14 | **1.**  **Goal 4 - Affordable Housing**
15 |
16 | *Issue No. 1:* By establishing and applying a new and restrictive comprehensive plan land
17 | use designation and development regulations to six targeted mobile/manufactured housing
18 | parks, which action requires those existing parks to be maintained as such, are the
19 | Manufactured Home Park Amendments in violation of or inconsistent with GMA goals and
20 | policies that merely "encourage" the availability of affordable housing but require the
21 | "promot[ion of] a *variety* of residential densities and housing types"? See RCW
22 | 36.70A.020(4) (emphasis added).
23 |
24 | Petitioners argue that, while RCW 36.70A.020(4)[19] states comprehensive plans should
25 | encourage affordable housing and require comprehensive plans to promote a variety of
26 | housing types, the  MHP Amendments do not meet this goal because they merely prevent a
27 | MHP from changing its use, reduce affordable housing opportunities by excluding three
28 | MHPs from recognition, and create no incentives for providing affordable units.[20]  Petitioners

---

[18] Petition for Review, at 2.
[19] In their HOM Brief, Petitioners' cite RCW 36.70A.020(2) but provide language from 36.70A.020(4). The Board sees this as a typographical error and will base its discussion and analysis on 36.70A.020(4), which was the provision alleged to be violated in the PFR and the Board's Prehearing Order.
[20] Petitioners' Brief at 18-19.

FINAL DECISION AND ORDER
Case No. 09-2-0010
October 13, 2009
Page 7 of 30

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

1  point out that the record is devoid of evidence that restricting MHPs would "necessarily

2  result in affordable housing", but instead argue there is some evidence that freezing the

3  designation of land in a MHP zone would result in higher rents due to the MHP owner's

4  need to improve the infrastructure to continue to serve the needs of the MHP.[21]

5

6  In response, the City argues that it did exactly what RCW 36.70.020(4) - when read in

7  conjunction with RCW 36.70A.070(2)-[22]  requires, it encouraged affordable housing

8  availability and identified land for manufactured housing.[23]

9

10  **Board Discussion and Findings**

11  The Board notes that RCW 36.70A.020(4) is included among the goals of the GMA intended

12  to guide "the development of comprehensive plans and development regulations".  It

13  provides:

14

15        (4) Housing. Encourage the availability of affordable housing to all economic
16        segments of the population of this state, promote a variety of residential densities
17        and housing types, and encourage preservation of existing housing stock.

18  There is nothing in this goal that requires that the steps taken by a local jurisdiction in

19  support of this goal must "necessarily *result* in affordable housing"[24] as Petitioners argue.

20  Instead, it appears to be well within the City's discretion to have decided that limiting the

21  conversion of MHPs to some other type of land use, thereby preserving this type of housing,

22  would "encourage the availability of affordable housing."   Nor has it been demonstrated by

23  Petitioners that the City, with its action, "actually reduce[d] affordable housing opportunities

24  by excluding three smaller MHPs from regulation."[25]  The Record is devoid of any

25  information upon which such a conclusion could be based.

26

27

28

29

30  [21] Id. at 19.
31  [22] This provision of the GMA is the mandatory requirement for a comprehensive plan's Housing Element.
    [23] City's Brief at 8.
32  [24] Petitioners' Brief at 19 (Emphasis added).
    [25] Id. at 18.

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

1  Finally, while the Petitioners are correct that the City did not create financial or other
2  incentives, such as increased density for providing affordable units, the GMA does not
3  mandate the creation of such incentives.[26] Therefore, it is not a clear error that the City
4  chose to encourage affordable housing by another means, nor has it been proven that the
5  means chosen are contrary to Goal 4.
6

7  **Conclusion:** Petitioners have not demonstrated that with the adoption of Ordinance Nos.
8  O2008-09 and O2008-027, the City's creation of a zoning district for manufactured housing
9
10  parks violates RCW 36.70A.020(4), the affordable housing goal of the GMA.
11
12  ## 2. Goal 6 - Private Property Rights

13  **Issue No. 2:** By targeting a land use designation and development regulations on only six
     existing mobile/manufactured housing parks, and by requiring those existing parks to be
14  maintained as such, and by severely restricting the use, redevelopment, and resale value of
15  those existing parks, are the Manufactured Home Park Amendments in violation of or
16  inconsistent with GMA goals and policies that "[p]rivate property shall not be taken for public
17  use without just compensation having been made," and that "[t]he property rights of
     landowners shall be protected from arbitrary and discriminatory actions"? See RCW
18  36.70A.020(6).
19

20  Petitioners argue that the MHP amendments violate the property rights protections of RCW
21  36.70A.020(6) by unlawfully burdening private individuals – the manufactured home park
22  owners – with the public responsibility to provide affordable housing.[27] Petitioners also
23  assert that the MHP amendments should be considered arbitrary because, after being
24  warned that these amendments would result in unconstitutional takings, the City did nothing
25
26  more than add what Petitioners consider "window-dressing", e.g. adding additional
27  conditional uses to the zoning ordinance, which did not address affordable housing.[28]
28

29  _____
     [26] This is supported by RCW 36.70A.540 which was enacted by the Legislature in 2006 and states that a city
30  "may enact" affordable housing incentive programs and provides for examples of programs, including density
     bonuses and fee exemptions. However, with the enactment of this GMA provision, the Legislature chose to
31  make the use of these incentives voluntary as opposed to mandatory.
     [27] Petitioners' Brief at 20.
32  [28] Id. at 22.

FINAL DECISION AND ORDER
Case No. 09-2-0010
October 13, 2009
Page 9 of 30

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

1  In response, the City argues that while Petitioners have the ability to operate with the uses
2  on their properties as they have in the past, they do not have a right to some unidentified
3  and speculative future use.[29] The City further argues that in order to demonstrate a Goal 6
4  violation the Petitioners must prove the City's action is both arbitrary and discriminatory.
5  The City asserts its action was neither.[30]
6
7  **Board Analysis and Findings**
8  At the outset, the Board must make clear that we do not have the authority to determine
9  whether an unconstitutional "taking" of Petitioners' property occurred.  While RCW
10  36.70A.020(6) provides, in  part, that "Private property shall not be taken for public use
11  without just compensation having been made," the Board has consistently held that it does
12  not have jurisdiction to determine if an act by a local government constitutes an
13  unconstitutional taking.[31]  As this Board said in *Achen v. Clark County*[32]:
14
15      Goal 6 contains two separate and distinct goals; (1) takings and (2) protection
16      from arbitrary and discriminatory actions.  We have previously held ... that our
17      jurisdiction granted under the Act does not include resolution of violations of the
18      U.S. and/or Washington State Constitution.  Rather the "takings" prong of Goal 6
19      is to be reviewed to determine if adequate consideration of that prong has been
        given by the decision makers.
20
21  Here, there is evidence in the record that the City Planning Commission, staff, and City
22  Council in fact gave time and consideration to whether its actions constituted a taking.[33]
23  From this the Board concludes that Petitioners have not proven a violation of the
24  "takings" prong of goal 6.
25

---

[29] City's Brief at 10.
[30] Id. at 13-14.
[31] See, e.g. *In re Harborview Estates, Inc.*. WWGMHB No. 94-2-0008, Order of Dismissal, (7/19/94); *Citizens for Rational Shoreline Planning, et al. v. Whatcom County*, WWGMHB No. 08-2-0031, Order on Dispositive Motion, (1/16/09) (Holding that the Legislature did not grant the Board with authority to consider **constitutional** issues).
[32] *Achen v. Clark County*, WWGMHB No. 95-2-0067c, Final Decision and Order (9/20/95) (Internal citations omitted).
[33] See, Exhibit 95 to City Brief at 10 (City Council Minutes); Exhibit 75 at 10 (Planning Commission Minutes); and Exhibit 31 (staff  memo).

FINAL DECISION AND ORDER
Case No. 09-2-0010
October 13, 2009
Page 10 of 30

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

1   The second prong of Goal 6 is that "The property rights of landowners shall be protected
2   from arbitrary and discriminatory actions." Petitioners allege that the arbitrary and
3   discriminatory nature of the action stems from the City's desire to preserve a form of low
4   income housing.   According to Petitioners, there is no evidence that parks within Tumwater
5
6   are threatened. Therefore, Petitioners contend they have been singled out to bear the
7   burden of providing this type of housing within Tumwater.  However, the first question that
8   must be addressed is – "what is the property right at risk?"
9
10   In a definition of property adopted by our State Supreme Court, it has been said: "Property
11   in a thing consists not merely in its ownership and possession, but in the unrestricted right of
12   use, enjoyment and disposal. Anything which destroys any of these elements of property,
13   to that extent destroys property itself. The substantial value of property lies in its use. If the
14   right of use be denied, the value of the property is annihilated and ownership is rendered a
15   barren right."[34]
16
17   Turning again to *Achen*, the Board also considered this question, stating:[35]
18
19          The term "property rights of landowners" could not have been intended by the
          Legislature to mean any of the penumbra of "rights" thought to exist by some, if
20          not many, landowners in today's society. Such unrecognized "rights" as the right
21          to divide portions of land for inheritance or financing, **or "rights" involving local
          government never having the ability to change zoning**, or "rights" to
22          subdivide and develop land for maximum personal financial gain regardless of
23          the cost to the general populace, are not included in the definition in this prong of
24          Goal 6.  Rather the "rights" intended by the Legislature could only have been
          those which are legally recognized, e.g., statutory, constitutional, and/or by court
25          decision. (Emphasis added).
26
27   Here, the Petitioners do not allege a right entitled to be protected from a change in zoning.
28   Nor, as they acknowledged at the Hearing on the Merits, is there any infirmity in a zone that
29
30   _____
31   [34] *Ackerman v. Port of Seattle*, 55 Wn.2d 400, 409, 348 P.2d 664 (1960) (emphasis added) (quoting *Spann v.
     City of Dallas*, 111 Tex. 350, 355, 235 S.W. 513 (1921)), *overruled on other grounds by Highline Sch. Dist. No.
32   401 v. Port of Seattle*, 87 Wn.2d 6, 548 P.2d 1085 (1976).
     [35] *Achen v. Clark County*, WWGMHB No. 95-2-0067c, Final Decision and Order (9/20/95).

FINAL DECISION AND ORDER                                          Western Washington
Case No. 09-2-0010                                    Growth Management Hearings Board
October 13, 2009                                              319 7th Avenue SE, Suite 103
Page 11 of 30                                                              P.O. Box 40953
                                                            Olympia, Washington 98504-0953
                                                                  Phone: 360-586-0260
                                                                     Fax: 360-664-8975

restricts the use of land to a single use, e.g. airport zoning or agricultural zoning.  Because there is no right to the continuation of existing zoning, there is no dispossession of a property right by City action that changes the zoning of their property.  This includes a zoning change that limits the use of their property almost exclusively to manufactured home parks.  As this Board found in *Achen*, the "rights" intended by the Legislature could only have been those which are legally recognized, e.g., statutorily, constitutional, and/or by court decision. Petitioners have failed to demonstrate an impact on any such legally recognized right.   Because the Board concludes the City has not taken action that affects a defined property right, the Board does not reach the question of whether that action is arbitrary and discriminatory.

***Conclusion:*** In that Petitioners have not demonstrated that the City failed to consider whether the MHP amendments might constitute a takings nor that there is an alleged property right entitled to be protected from a change in zoning, the Board concludes that the Petitioners have not proved a violation of RCW 36.70A.020(6).

### 3.  Housing Element of the Comprehensive Plan

The Board will consider Issue 3 along with Issue 9, as they are similar and have been addressed together by the Petitioners.

***Issue No. 3:*** By applying a land use designation and development regulations to six existing mobile/manufactured housing parks that require those existing parks to be maintained as such, are the Manufactured Home Park Amendments in violation of or inconsistent with GMA goals and policies that comprehensive plan housing elements should merely "identif[y]" (i.e., not mandate) sufficient land for manufactured housing? See RCW 36.70A.070(2)(c), (d).

***Issue No. 9:*** In applying a land use designation and development regulations to six existing mobile/manufactured housing parks that require those existing parks to be maintained as such, did the City properly analyze, and demonstrate in its analysis, that the City required such designations in order have sufficient land available to meet its population growth projections as required by GMA? See RCW 36.70A.070(2).

FINAL DECISION AND ORDER
Case No. 09-2-0010
October 13, 2009
Page 12 of 30

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

1  Petitioners argue that because the MHP amendments do not address the impacts on
2  Tumwater's provisions for projected growth, do not identify sufficient land for manufactured
3  housing, and do not consider the housing needs of all economic segments of the Tumwater
4  community, the amendments fail to comply with  RCW 36.70A.070(2).
5
6  The City asserts that Petitioners have abandoned Issue 3 claiming they have addressed
7  only Issue 9 in the text of their brief.  As to Issue 9, the City argues the Board has no
8  jurisdiction over this issue because it has not amended its land capacity analysis, which was
9  completed in 2004 and not amended by the ordinances under appeal.
10

**Board Analysis and Findings**

RCW 36.70A.070(2) provides:

> (2) A housing element ensuring the vitality and character of established
> residential neighborhoods that:
>
>> (a) Includes an inventory and analysis of existing and projected housing
>> needs that identifies the number of housing units necessary to manage
>> projected growth;
>> (b) includes a statement of goals, policies, objectives, and mandatory
>> provisions for the preservation, improvement, and development of
>> housing, including single-family residences;
>> (c) identifies sufficient land for housing, including, but not limited to,
>> government-assisted housing, housing for low-income families,
>> manufactured housing, multifamily housing, and group homes and foster
>> care facilities; and
>> (d) makes adequate provisions for existing and projected needs of all
>> economic segments of the community.

The Board concludes that Petitioners have not abandoned Issue 3 as the City claims.  Issue
3 alleges a violation of RCW 36.70A.070(2)(c) and (d). Petitioners assert that the City has
failed to provide guidance in determining sufficient land availability for manufactured or
other housing, and thus are claiming a violation of subsection (c).  They also argue that the
Ordinances do not consider the housing needs of all economic segments of the Tumwater
community, thus making a subsection (d) argument.

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

Petitioners appear to argue that with the adoption of the challenged ordinances the City needed to re-evaluate the analysis of its Housing Plan Element in relationship to the mandatory elements of the Housing Element - specifically growth, sufficient land, and housing needs.

The Land Capacity Analysis that the City relies on in defense is usually seen as part of the quantification for UGA sizing.   In other words, the LCA deals with land for building, not the structures.   Recently, in a Friends of Skagit County case, the Board said:

> A *Land Capacity Analysis* (LCA) is a requirement arising from RCW 36.70A.110 for all counties planning under the GMA. This section of the GMA relates to the designation of UGAs and the requirement that each UGA shall include areas and densities sufficient to permit the urban growth that is projected to occur in the county or city for the succeeding 20-year period. The LCA is a critical mechanism for the sizing of a UGA because it is utilized to determine how much urban land is needed. [36]

With Ord. 2008-027, the City added language to its Housing Element that reflected the "intent to consider" adding MH zoning to its policies and objectives.  The amendments did not modify the City's "existing" housing stock nor did they modify "projected" needs for housing as a whole for that need is based on population numbers and flows with the historical make-up of the City (now 8% mobile homes (both single sited and parks).  What Petitioners are essentially arguing is the adoption of these new policies necessitated a new needs projection.

The Board agrees with the City's argument that the claims raised in Issues 3 and 9 pertain to the City's Land Capacity Analysis, not to the MHP zone change.  RCW 36.70A.070(2), upon which both Issues 3 and 9 are based, creates requirements for a local jurisdiction's comprehensive plan Housing Element.  As the City points out, it completed its analysis of

---

[36] *Friends of Skagit County, et al v. Skagit County* WWGMHB, Case No. 07-2-0025c (Order on Reconsideration, June 18, 2008) at 15.

FINAL DECISION AND ORDER
Case No. 09-2-0010
October 13, 2009
Page 14 of 30

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

1 the housing needs of the Tumwater community at the time of the 2004 update. A challenge
2 of that analysis is untimely.
3
4 **Conclusion:** Petitioners' challenges based on RCW 36.70A.070(2) are an untimely
5 challenge of the City's Land Capacity Analysis.
6
7 ### 4. Land Use Element of Comprehensive Plan
8 **Issue No. 4:** By applying a land use designation and development regulations to six
9 existing manufactured housing parks that require those existing parks to be maintained as
10 such, even though continued use of those properties as mobile/manufactured housing parks
   is inconsistent with the surrounding land uses and land use plan, are the Manufactured
11 Home Park Amendments in violation of or inconsistent with GMA goals and policies that
12 limit comprehensive plans to "designating the proposed *general* distribution and *general*
13 location and extent of the uses of land, where appropriate, for agriculture, timber production,
   housing, commerce, industry, recreation, open spaces, general aviation airports, public
14 utilities, public facilities, and other land uses"? See RCW 36.70A.070(1) (emphasis added).
15
16 Petitioners argue that while RCW 36.70A.070(1) requires the land use plan to designate the
17 "general" distribution and "general" locations of commercial and industrial uses, the MHP
18 amendments run contrary to this provision by limiting MHPs to six *specific* areas.[37]
19
20 In response, the City argues there is no GMA prohibition on designating land as zoned for
21 MHPs.[38] Furthermore, the City notes, while it has designated areas with legally established
22 mobile and manufactured home parks as MHP, it does not limit the application of the MHP
23 designation to the six areas currently designated and they continue to be authorized in the
24 MFM zone. Finally, they point out that manufactured homes are allowed in every residential
25
26 zone in the City.
27
28
_____

29 [37] Petitioners' Brief, at 19. In the context of this argument, Petitioners contend the imposition of a single-use
30 zone is inconsistent with the City's previous comprehensive planning efforts and, therefore, subject to
   invalidation – supposedly because it amounts to a spot zone. However, an issue of spot zoning is beyond the
31 Board's jurisdiction. *Citizens for Mt. Vernon v. Mt. Vernon, WWGMHB* Case 98-2-0012, Order on Motions
32 (Sept. 22, 1998).
   [38] City's Brief at 15.

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

**Board Discussion and Findings**

RCW 36.70A.070(1) provides, in relevant part:

> A land use element designating the proposed general distribution and general
> location and extent of the uses of land, where appropriate, for agriculture,
> timber production, housing, commerce, industry, recreation, open spaces,
> general aviation airports, public utilities, public facilities, and other lands use...

The Board agrees with the City that merely designating six current mobile home parks as MHP zones does not constitute a violation of RCW 36.70A.070(1) by reason of the specificity of the designation. While that statute requires the land use element to designate "the proposed *general* distribution and *general* location and extent of the uses of land" for a variety of uses, it contains no prohibition on mapping those uses when a specific location is known. Common sense dictates that a local jurisdiction would designate the actual location, rather than the "general" location, of known land uses such as manufactured home parks.

***Conclusion:*** Petitioners have not demonstrated that the designation of six specific locations for MHP zoning is a violation of RCW 36.70A.070(1).

### 5.  Protection of Private Property – Attorney General Memorandum

***Issue No. 5:*** By designating and restricting the use, redevelopment, and resale value of mobile/manufactured housing park property owners' lands, are the Manufactured Home Park Amendments in violation of or inconsistent with GMA requirements that local governments "shall utilize the process" established by the State Attorney General "to assure that the proposed regulatory or administrative actions do not result in an unconstitutional taking of private property"? See RCW 36.70A.370(2).

Petitioners argue that the City failed to evaluate the constitutional provisions at issue with the MHP amendments by utilizing the process established by the State Attorney General to assure that the proposed regulatory or administrative actions do not result in an unconstitutional taking of private property, as required by RCW 36.70A.370(2).

FINAL DECISION AND ORDER
Case No. 09-2-0010
October 13, 2009
Page 16 of 30

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

Petitioners further argue that the Board erroneously concluded in *Rosewood Associates v. Town of Friday Harbor*, WWGMHB No. 96-2-00020, that this provision did not create a basis for challenging local government action before the Board.[39] The City disputes Petitioners' interpretation of *Rosewood* and argues that case merely holds that RCW 36.70A.370(2) does not create an independent cause of action where the Board otherwise lacks jurisdiction.[40]

The City further argues, citing the Board's decision in *Citizens Protecting Critical Areas v. Jefferson County*, WWGMHB No. 08-2-0029c, that if there is evidence in the record indicating that the applicable process was considered, the requirement to comply with RCW 36.70A.370(2) is met.

**Board Discussion and Findings**

RCW 36.70A.370(2) provides:

> (2) Local governments that are required or choose to plan under RCW 36.70A.040 and state agencies shall utilize the process established by subsection (1) of this section to assure that proposed regulatory or administrative actions do not result in an unconstitutional taking of private property.

As directed by RCW 36.70A.370(1), the Attorney General issued an Advisory Memorandum entitled "Avoiding Unconstitutional Takings of Private Property". The Memorandum contains four substantive parts: [41]

1. Recommended Process for Evaluating Proposed Regulatory or Administrative Actions to Avoid Unconstitutional Takings of Private Property;
2. General Constitutional Principles Governing Taking and Due Process;
3. List of Warning Signals; and
4. Appendix containing summaries of significant court cases addressing takings law.

---

[39] Petitioners' Brief at 23.
[40] City's Brief at 17.
[41] Advisory Memorandum: *Avoiding Unconstitutional Takings of Private Property*, December 2006.

FINAL DECISION AND ORDER
Case No. 09-2-0010
October 13, 2009
Page 17 of 30

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

It is the first of these that is most relevant to the present matter as it spells out a five-part process:

1. Review and Distribute the Advisory Memorandum;
2. Use the "Warning Signals" to Evaluate Proposed Regulatory Actions;
3. Develop an Internal Process for Assessing Constitutional Issues;
4. Incorporate Constitutional Assessments Into the Agency's Review Process; and
5. Develop an Internal Process for Responding to Constitutional Issues Identified in the Review Process.

In *Citizens Protecting Critical Areas v. Jefferson County*,[42] the Board stated:

> This Board has previously held it does not have jurisdiction to determine whether property rights have been violated based on RCW 36.70A.370, primarily due to the constitutional nature of such challenges. However, this Board has also stated .370(2) mandates that local governments utilize the adopted process and, although the substance of the process used is protected by attorney-client privilege, there must be evidence which demonstrates the process recommended by the AG was utilized in adopting the challenged ordinance.

In that case, the Board found that the warning signals denoted in the AG's memorandum were incorporated within the Findings/Conclusions of Jefferson County's challenged ordinance which addressed private property rights.[43] The Board noted that:[44]

> "Although it would have benefited Jefferson County to clearly denote it had utilized the AG's process and therefore complied with RCW 36.70A.370(2), the Board finds, based on the Ordinance's own language, sufficient evidence in the Record to conclude the County utilized the required process."

Here, however, the Record, including the Ordinances, reveals no such compliance with RCW 36.70A.370(2). Neither Ordinance O2008-009 nor O2008-027 disclose any evaluation of the proposed regulatory action consistent with the Attorney General's process. Instead, the City relies upon the following to show the process was utilized: a) the fact that the Attorney General's Advisory Memorandum is part of the record, as Exhibit 130; b) that

---

[42] WWGMHB No. 08-2-0029c, Final Decision and Order, at 42 (11/19/08).
[43] *Olympic Stewardship*, WWGMHB Case 08-2-0029c, FDO at 42-43.
[44] Id.

FINAL DECISION AND ORDER
Case No. 09-2-0010
October 13, 2009
Page 18 of 30

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

1 | attorney advice was sought and provided on the issue of private property rights throughout
2 | the review process; c) the fact that the City inquired with counsel at the Municipal Services
3 | and Research Center (MRSC); and d) the Record contains evidence, reflected in council
4 | minutes and review of comments submitted by Petitioners.
5
6 | The Board finds that the evidence the City relies upon does not demonstrate that the
7 | Attorney General's process was utilized.  First, the mere presence of the Attorney General's
8 | Advisory Memorandum in the Record is not evidence that the process was followed or even
9 | considered.  It may demonstrate that the City was on notice of the process, but nothing
10 | more.
11
12
13 | Second, while the City points to Exhibits 95 and 115 to demonstrate that attorney advice
14 | was sought and provided on the issue of private property rights, Exhibit 95 (January 6, 2009
15 | City Council Minutes) merely indicates that legal counsel from the mobile home park owners
16 | had raised concerns about a taking and Exhibit 115 (February 3, 2009 City Council
17 | Minutes), which the City claims shows that "[V]arious council members sought legal
18 | counsel's input on constitutional issues"[45], does not show such an inquiry being made.  At
19 | most, a question was raised regarding the requirement of the MHP owners to pay relocation
20 | assistance[46].
21
22
23 | Third, the record of inquiry with counsel at MRSC does not show compliance with RCW
24 | 36.70A.370(2).  The January 24, 2008 memo from Michael Matlock of the Planning
25 | Department to the General Government Committee[47] reflects only that a member of the
26 | MRSC staff was contacted regarding the legal viability of a zone classification that allows
27 | manufactured homes exclusively and that the staff member had reservations about any
28
29
30
31 | [45] City's Brief at 17, fn 95.
32 | [46] Exhibit 115, February 3, 2009 minutes of Tumwater City Council Meeting, at 3.
   | [47] Exhibit 31 to the City's Brief.

FINAL DECISION AND ORDER
Case No. 09-2-0010
October 13, 2009
Page 19 of 30

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

1   proposal to limit property to only one use in that such a limitation could be vulnerable to a
2   takings challenge.
3
4   Finally, as to the suggestion that the Record contains evidence that the process was
5   considered, while a review of the sections of the Record cited by the City shows a concern
6   as to the "legalities" of the proposed action, nothing specifically demonstrates compliance
7   with RCW 36.70A.370(2).
8
9   While the Board has found above, in regards to Issue 2, that the City satisfied the first prong
10  of Goal 6 by considering whether its actions constituted a taking, the evaluation process
11
12  established by the Attorney General involves much more. There is nothing to indicate that
13  the City has any sort of internal process for assessing or responding to constitutional issues.
14
15  The Board is mindful that the burden of proof in this proceeding is on the Petitioners, not the
16  City. The City does not have to prove that it complied with the GMA. However where, as
17  here, the Petitioners have demonstrated that the Record shows the City failed to comply
18  with RCW 36.70A.370(2), the City must rebut with contrary evidence. The Board finds that
19  the Petitioners have carried their burden of proof on this issue.
20
21  **Conclusion:** In adopting the ordinance under appeal the City failed to comply with the
22  process set out in RCW 36.70A.370(2).
23
24      6.  **Internal Inconsistency**
25  *Issue No. 7*: Are the Zoning Code Amendments inconsistent with the Comprehensive Plan
26  Amendments' new section 2.2.6 of the Land Use Plan Element of the City of Tumwater
27  Comprehensive Plan because the Zoning Amendments (1) do not ensure consistency with
    RCW 36.70A.070(2)(c) which requires that sufficient land be available for *all* types of
28  housing; (2) do not provide sufficient land for manufactured housing in manufactured home
29  parks; (3) do not ensure neighborhood stability; and (4) do not provide for a design review
30  process for greater intensity development to ensure neighborhood compatibility of new
31  development?  See RCW 36.70A.120.
32

FINAL DECISION AND ORDER                                    Western Washington
Case No. 09-2-0010                              Growth Management Hearings Board
October 13, 2009                                            319 7th Avenue SE, Suite 103
Page 20 of 30                                                      P.O. Box 40953
                                                       Olympia, Washington 98504-0953
                                                               Phone: 360-586-0260
                                                                 Fax: 360-664-8975

1  Petitioners note that under RCW 36.70A.040 development regulations must be consistent
2  with provisions in the comprehensive plan. They argue that the City's development
3  regulations violate that mandate in three instances: 1) by focusing only on manufactured
4  home parks and the new MHP zone, the MHP amendments disregard whether other types
5
6  of housing have sufficient land; 2) by placing the new MHP zone over existing manufactured
7  home parks, it precluded the opportunity for additional manufactured park locations; and, 3)
8  the MHP amendments offer no facts to explain why the MHP zoning district would better
9  ensure neighborhood stability. Petitioners argue that a MHP property owner could make
10 internal changes to destabilize the park or allow it to fall into disrepair.[48]
11
12 With regard to Petitioners' argument that the MHP amendments disregarded whether any
13 other type of housing would have sufficient land, the City argues that Petitioners appear to
14 be challenging the adequacy of the land capacity analysis contained in the City's
15 Comprehensive Plan's Housing Element.[49]
16
17 **Board Analysis and Findings**
18
19 Issue 7, as stated in the PFR asks "Are the Zoning Code Amendments inconsistent with the
20 Comprehensive Plan Amendments? See RCW 36.70A.120". At the Prehearing Conference
21 the Petitioners were given the opportunity to provide additional specificity as to the sections
22 of the comprehensive plan with which they felt the amendments were inconsistent.
23
24 Petitioners did so, and a revised version of Issue 7 was submitted by the Petitioners on May
25 27, 2009. On May 29, the City filed a letter with the Board stating an objection to the
26 Petitioners' revision of this issue, in that "the revisions re-write the issue to focus on an
27 entirely different section of the Growth Management Act." The City also indicated that "The
28 City will coordinate with the Petitioners to resolve this." Nevertheless, no resolution of the
29
30 manner in which this issue was reframed was presented to the Board and Issue 7, as stated
31

---

32 [48] Petitioners' Brief at 26.
[49] City Brief at 19.

FINAL DECISION AND ORDER
Case No. 09-2-0010
October 13, 2009
Page 21 of 30

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

1 | in the Prehearing Order remained the issue presented to the Board. That issue statement
2 | made no allegation concerning RCW 36.70A.040. Furthermore, in their brief's section
3 | heading for Issue 7 Petitioners frame the issue thus: "The MHP Amendments Violate the
4 | Requirement of RCW 36.70A.120 that a City's Development Regulations Must Remain
5 | Consistent with Its Comprehensive Plan. [Issue 7]"[50] Petitioners state in a footnote that they
6 |
7 | inadvertently cited RCW 36.70A.120 but intended to allege a violation of RCW 36.70A.040,
8 | which they claim is clear from the context.[51]

9 |
10 | The Prehearing Order clearly states that "Petitioners have the obligation to review these
11 | issue statements to ensure that it properly sets forth the issues they have raised. If the
12 | Petitioners object to the completeness or accuracy of these issue statements, they must file
13 | a written motion for change together with the proposed changed issue or issues in its
14 | entirety no later than seven (7) days after the date of this order."[52] Issue 7 was taken
15 | verbatim from Petitioners letter of May 27, 2009 and therefore Petitioners, not surprisingly,
16 |
17 | did not object to its wording. However, the fact remains that neither the PFR, the May 27
18 | restatement of Issue 7 nor the Prehearing Order make any allegation based on RCW
19 | 36.70A.040. As stated elsewhere in this order, the GMA requires that a PFR must contain a
20 | "detailed statement of issues" that "specifies the provision of the act or other statute
21 | allegedly being violated."[53] RCW 36.70A.290(1) also states that the Board shall not address
22 | issues not presented in the statement of issues. Petitioners may not allege a violation of
23 | RCW 36.70A.040 for the first time in their hearing brief.
24 |

25 | **Conclusion:** Petitioners may not raise a challenge based on RCW 36.70A.040 when their
26 | issue statement as contained in the Petition for Review and as stated in the Prehearing
27 | Order states a claim based on RCW 36.70A.120. Petitioners have failed to argue or
28 |
29 |
30 |
31 | ---
32 |

[50] Petitioners' Opening Brief at 26.
[51] Id. at 26, fn. 29.
[52] May 28, 2009 Prehearing Order at 4.
[53] RCW 36.70A.290(1); WAC 242-02-210(2)(c).

FINAL DECISION AND ORDER
Case No. 09-2-0010
October 13, 2009
Page 22 of 30

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

1  demonstrate that the City has failed to perform its activities and make capital budget

2  decisions in conformity with it comprehensive plan, as required by RCW 36.70A.120.

3

4  ### 7.  Public Participation - Notice

5  ***Issue No. 8:*** By applying a land use designation and development regulations to six existing

6  mobile/manufactured housing parks without providing site-specific notice, did the City violate

7  the GMA public notice requirements? See RCW 36.70A.035(1)(a).

8

9  Petitioners argue that what was missing from Tumwater's notice process in this matter was

10  individualized notice posted on the ten impacted properties.[54]  Thus, the issue is whether

11  the GMA required Tumwater to provide this type of notice.

12

13  **Board Analysis and Findings**

14  With Issue 8, Petitioners cite a single provision of the GMA – RCW 36.70A.035(1)(a).  Their

15  argument relates solely to this provision and specifically asserts that Tumwater failed to

16  comply with the GMA when it did not post the property of the ten mobile home parks

17  impacted by the challenged actions.[55]  It was not until Petitioners' Reply Brief that a broader

18  claim of inadequate notice based on mailing was raised.[56]  Petitioners contend there is no

19

20  certification or affidavit in the Record concerning notice and Tumwater has the obligation to

21  show Petitioners received reasonable and proper notice.[57]  They also attempt to raise the

22  issue of whether they were entitled to individualized notice of the City's actions.[58] As noted

23  above, the issue of individualized notice was not raised in the PFR and the Board will not

24  address it.

25

26

27

28

---

29  [54] Petitioners' Opening Brief, at 27.
30  [55] Id.
    [56] Petitioners' Reply Brief, at 13; Tumwater's Opening Brief, at 21-22.  The Board acknowledges this was
31  raised in direct response to Tumwater's contention that Petitioners received mailed notice.
    [57] Id.
32  [58] Id.

FINAL DECISION AND ORDER
Case No. 09-2-0010
October 13, 2009
Page 23 of 30

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

1  The GMA requires that a petition filed with the Board must contain a *"detailed statement of*
2  *issues"* that *"specifies the provision of the act or other statute allegedly being violated."*[59]
3  RCW 36.70A.290(1) also states that the Board shall not address issues not presented in the
4  statement of issues.   In their PFR, Petitioners specifically limited the scope of this issue to
5
6  .035(1)(a) – posting of the property – and, this was solidified with the Board's Prehearing
7  Order.[60]  Any allegation of inadequate notice based on any provision other than .035(1)(a) is
8  not allowed.
9
10  RCW 36.70A.035(1)(a) provides, in relevant part, emphasis added:
11       (1)  The public participation requirements of this chapter shall include notice
12       procedures that are reasonably calculated to provide notice to property owners
         and other affected and interested individuals ... of proposed amendments to
13       comprehensive plans and development regulations.  *Examples of reasonable*
14       *notice provisions include*:
15
16            (a)  Posting the property for site-specific proposals;
17
18  From the GMA's own language, the posting of property is merely an example of one method
19  that can be utilized by a jurisdiction to notify property owners and interested individuals of a
20  proposed action. RCW 36.70A.035(1)(a) does not mandate the posting of property and
21  Tumwater did not violate the GMA when it failed to provide such notice.
22
23  ***Conclusion:*** With Issue 8, Petitioners allege Tumwater failed to post impacted properties
24  and this amounts to a violation of RCW 36.70A.035(1)(a).  This provision of the GMA is
25  merely an example of a potential method a jurisdiction can utilize to provide notice; it does
26  not mandate its use.  Thus, Tumwater did not violate RCW 36.70A.035(1)(a) when it failed
27  to post impacted properties.  In addition because Petitioners have not properly raised the
28  issue of individualized notice in their PFR, this issue is not properly before the Board.
29
30
31
32  ---
[59] RCW 36.70A.290(1); WAC 242-02-210(2)(c)
[60] Petition for Review, at 15; May 2009 Prehearing Order, at 3.

FINAL DECISION AND ORDER
Case No. 09-2-0010
October 13, 2009
Page 24 of 30

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

## 8. External Inconsistency

**Issue No. 10:** Are the Manufactured Home Park Amendments inconsistent with or contrary to Thurston County countywide planning policies Section II, subsections 2.1a., 2.1.b, and 2.1.c; Section III, subsection 3.3; Section VI, subsections 6.1, 6.2, 6.4, and 6.6 and Section VII, subsections 7.1 through 7.7? See RCW 36.70A.110, .115.

Petitioners assert that the MHP amendments are inconsistent with the Thurston County county-wide planning policies (CPPs) in three areas.

First, Petitioners argue that the MHP Amendments conflict with CPP 2.1(a)-(c) because the MHP amendments frustrate infill in areas having capacity to provide public services and facilities serving urban development.[61] Petitioners suggest that the City's failure to acknowledge that the goal of preserving MHPs in perpetuity prevents those properties from accommodating increased densities in conflict with CPP 2.1(b) and, that the City also fails to offer guidance to Thurston County to plan for its own population growth (CPP 2.1 (c)), forcing growth elsewhere.[62]

In response the City argues that because the manufactured home communities are among the most densely developed residential areas in the city they cannot be inconsistent with a county-wide planning policy encouraging infill. The City further argues that supporting such urban, residential uses which are proximate to the City core does not violate CPP 2.1(b) which encourages "[p]hasing urban development and facilities outward from core areas"

### Board Analysis and Findings

The Board concludes that Petitioners have failed to show an inconsistency with CPP 2.1 (a) – (c). CPP 2.1(a) provides that Thurston County and each city and town within it will concentrate development in growth areas by "Encouraging infilling in areas already characterized by urban growth that have the capacity and provide public services and

---

[61] Petitioners' Brief at 29.
[62] Id.

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

1 facilities to serve urban development". As the City points out, the MHP communities are

2 developed at a minimum of six to nine dwelling units per acre, and are among the most

3 dense residential areas of the City. The challenged amendments are not so inconsistent

4 with this CPP as to be clearly erroneous.

5

6 CPP 2.1 (b) requires: "Phasing urban development and facilities outward from core areas",

7 Absent from Petitioners' argument is any discussion of where the "core areas" of Tumwater

8

9 are located relative to the MHP properties or how preserving the MHPs inhibits the goal of

10 phasing of urban development outward from core areas.

11

12 CPP 2.1 (c) requires "Establishing mechanisms to ensure average residential densities

13 sufficient to enable the county as a whole to accommodate its 20-year population

14 projection". Petitioners cannot use this appeal to file an untimely challenge to the City's

15 2004 land capacity analysis yet their argument that the MHP amendments prevent the City

16 from meeting population projections does just this.

17

18 Next, Petitioners argue, that while CPP 3.3 requires cities to honor the CPP's anticipated

19 zoning for one year following annexation, the City down-zoned the affected properties less

20 than six months after their annexation.[63]   In response, the City states that the annexation

21

22 ordinance Petitioners cite provides only that zoning and land use designations be consistent

23 with the City's "Joint Plan, an element of the Tumwater Comprehensive Plan".[64]  CPP 3.3

24 provides:

25          Each joint plan or zoning will include an agreement to honor the plan or zoning
26          for a mutually agreeable period following adoption of the plan or annexation.

27

28 In briefing and at oral argument, Petitioners failed to cite any provision in the Record before

29 the Board that required the City to maintain the zoning of the properties affected by the

30 MHP zoning for one year following annexation.  Therefore, since CPP 3.30 itself makes no

31

32 [63] Id. at 29.
[64] City's Brief at 24, citing Ordinance 2001-001, p. 3.

FINAL DECISION AND ORDER
Case No. 09-2-0010
October 13, 2009
Page 26 of 30

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

1   reference to a specific time period, Petitioners have failed to carry their burden of proof to
2   demonstrate an inconsistency with this CPP.
3
4   Finally, Petitioners argue that the MHP amendments conflict with the CPPs relating to
5   affordable housing, specifically CPP 5[65] and 7.1 through 7.7.   Section 7 of the CPPs is
6   entitled "Affordable Housing" and its introduction section states:
7
8          "The cities, towns and county will institute measures to encourage the
9          availability of affordable housing for all incomes and needs and ensure that
           each community includes a fair share of housing for all economic segments of
10         the population by :"  and then lists a number of strategies.
11
12  As to CPP 7.1, the Petitioners assert that the MHP amendments require the MHP owners to
13  shoulder a disproportionate burden to provide affordable housing.  Yet, CPP 7.1 merely
14  provides that:
15         7.1 Establishing a process to accomplish a fair share distribution of affordable
16         housing among the jurisdictions."
17
18  The MHP amendments in no way affect the distribution of affordable housing among the
19  jurisdictions in Thurston County.  It has not been demonstrated how maintaining MHP
20  zoning for Petitioners' property, which was already its current use, would alter the
21  distribution of affordable housing in the surrounding communities.
22
23  CPP 7.2 seeks to encourage the availability of affordable housing by:
24         "Working with the private sector, Housing Authority, neighborhood groups, and
25         other affected citizens to facilitate the development of attractive, quality low
26         and moderate income housing that is compatible with the surrounding
           neighborhood an located with easy access to public transportation,
27         commercial areas and employment centers."
28
29
30
31
32  [65] Although Petitioners assert an inconsistency with CPP 5, this allegation was not contained in the issues as
     framed in the Prehearing Order, is not properly before the Board and therefore will not be considered.

FINAL DECISION AND ORDER
Case No. 09-2-0010
October 13, 2009
Page 27 of 30

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

1 While the Petitioners allege that the City chose to work with the MHP tenants rather than the

2 MHP owners, the Record is clear that many parties were actively involved in the review and

3 adoption of the MHP amendments.  Petitioners and their legal counsel were on the City's

4 mailing list and testified both orally and in writing during the City's review process.[66]

5

6 CPP 7.3 requires:

7       "Accommodating low and moderate income housing throughout each

8       jurisdiction rather than isolated in certain areas."

9

10 Here again, there has been no showing that the City's actions with regard to pre-existing

11 MHP properties affected the distribution of this land use elsewhere in Thurston County.

12

13 With regard to CPPs 7.4, 7.5 and 7.7, the Petitioners make a single conclusory statement,

14 with no other supporting argument or citation to the Record, that the City failed to examine

15 barriers to affordable housing, did not explore ways to reduce housing costs, and did not

16 present funding or technical assistance to MHP residents.  The burden of proof in these

17 proceedings is on Petitioners and cannot be carried in the absence of evidence and

18 argument.

19

20 Petitioners made no argument with regard to an alleged inconsistency with CPPs 6.1, 6.2,

21 6.4, or 6.6. Therefore this portion of Issue 10 is deemed abandoned.

22

23 **Conclusion:**  Petitioners have failed to demonstrate a violation of the GMA by proving that

24 the Manufactured Home Park Amendments are inconsistent with or contrary to Thurston

25 County countywide planning policies.

26

27 **9. Invalidity**

28 The Board notes that Petitioners argue throughout their brief that the MHP amendments are

29 "subject to invalidation" and request invalidation as one of their requested methods for relief

30 in the PFR.  However, they submit no argument on how the alleged defects in the MHP

31

32

[66] See, eg. Exhibits 23, 24 and 32 to the City's Brief.

FINAL DECISION AND ORDER
Case No. 09-2-0010
October 13, 2009
Page 28 of 30

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

1   amendments substantially interfere with the goals of the GMA, the statutory standard.[67]  In

2   addition, none of the issues presented in this case made a claim of invalidity.  This Board

3   has long held that RCW 36.70A.290(1) precludes the Board from considering those issues,

4   including a claim of invalidity, not set forth as an issue in the Petition for Review nor in the

5   Prehearing Order.[68]

6

7                                              VI. ORDER

8   Based on the foregoing, the City is ordered to come into compliance with RCW

9   36.70A.370(2) pursuant to this decision within 90 days.  The following schedule for

10  compliance, briefing and hearing shall apply:

| Item | Date Due |
|------|----------|
| **Compliance Due** | **January 13, 2010** |
| Compliance Report and Index to Compliance Record | January 27, 2010 |
| Objections to a Finding of Compliance | February 10, 2010 |
| Response to Objections | February 17, 2010 |
| **Compliance Hearing** | **February 23, 2010 @ 10:00 a.m.** |

DATED this 13th day of October, 2009.

James McNamara, Board Member

William Roehl, Board Member

Nina Carter, Board Member

---

[67]  RCW 36.70A.302.
[68]  See, CMV v. Mount Vernon, WWGMHB No. 98-2-0006, FDO (7/23/98).

FINAL DECISION AND ORDER
Case No. 09-2-0010
October 13, 2009
Page 29 of 30

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

1  Pursuant to RCW 36.70A.300 this is a final order of the Board.

2
   Reconsideration. Pursuant to WAC 242-02-832, you have ten (10) days from the
3  mailing of this Order to file a petition for reconsideration. Petitions for
4  reconsideration shall follow the format set out in WAC 242-02-832. The original and
   three copies of the petition for reconsideration, together with any argument in
5  support thereof, should be filed by mailing, faxing or delivering the document directly
6  to the Board, with a copy to all other parties of record and their representatives.
7  Filing means actual receipt of the document at the Board office. RCW 34.05.010(6),
   WAC 242-02-330. The filing of a petition for reconsideration is not a prerequisite for
8  filing a petition for judicial review.
9
10 Judicial Review. Any party aggrieved by a final decision of the Board may appeal the
11 decision to superior court as provided by RCW 36.70A.300(5). Proceedings for
   judicial review may be instituted by filing a petition in superior court according to the
12 procedures specified in chapter 34.05 RCW, Part V, Judicial Review and Civil
13 Enforcement. The petition for judicial review of this Order shall be filed with the
14 appropriate court and served on the Board, the Office of the Attorney General, and all
   parties within thirty days after service of the final order, as provided in RCW
15 34.05.542. Service on the Board may be accomplished in person, by fax or by mail,
16 but service on the Board means actual receipt of the document at the Board office
17 within thirty days after service of the final order.

18
   Service. This Order was served on you the day it was deposited in the United States
19 mail. RCW 34.05.010(19).
20
21
22
23
24
25
26
27
28
29
30
31
32

FINAL DECISION AND ORDER                                        Western Washington
Case No. 09-2-0010                              Growth Management Hearings Board
October 13, 2009                                          319 7th Avenue SE, Suite 103
Page 30 of 30                                                           P.O. Box 40953
                                                        Olympia, Washington 98504-0953
                                                                 Phone: 360-586-0260
                                                                    Fax: 360-664-8975