# MATLOCK

# EXHIBIT B

RECEIVED

NOV 1 6 2009

FOSTER PEPPER PLLC

BEFORE THE WESTERN WASHINGTON GROWTH MANAGEMENT HEARINGS BOARD

| | |
|---|---|
| LAUREL PARK COMMUNITY LLC, MANUFACTURED HOUSING COMMUNITIES OF WASHINGTON, AND TUMWATER ESTATES INVESTORS,<br><br>Petitioners,<br><br>v.<br><br>CITY OF TUMWATER,<br><br>Respondent. | Case No. 09-2-0010<br><br>ORDER ON PETITIONERS' and CITY'S MOTIONS FOR RECONSIDERATION |

THIS Matter comes before the Board upon Petitioners' Motion for Reconsideration of the Board's October 13, 2009 Final Decision and Order (FDO).[1]

In addition, the City of Tumwater has filed its own Motion for Reconsideration. The City has combined its motion with a compliance report and motion for a finding of compliance[2].

## I. PRELIMINARY MATTERS

With regard to the filing of a response to motions for reconsideration, WAC 242-02-832(1) provides:

> (1) After issuance of a final decision any party may file a motion for reconsideration with a board in accordance with subsection (2) of this section. Such motion must be filed within ten days of service of the final decision. The original and three copies of the motion for reconsideration shall be filed with the board. At the same time, copies shall be served on all parties of record. **Within five days of filing the motion for reconsideration, a party may file an answer to the motion for reconsideration** without direction or request from the board. A board may require other parties to supply an answer. All answers to motions for reconsideration shall be served on all parties of record. (**Emphasis added**).

---

[1] Petitioners' Motion for Reconsideration, filed October 22, 2009.
[2] City of Tumwater's Motion for Reconsideration; or in the Alternative a Finding of Compliance Based on the Compliance Report in Section 2.2, filed October 23, 2009.

ORDER ON PETITIONERS' AND CITY's MOTIONS FOR RECONSIDERATION
Case No. 09-2-0010
November 12, 2009
Page 1 of 12

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

WAC 242-02-060 provides that when the time prescribed or allowed is less than seven days, intermediate Saturdays and Sundays shall be excluded from the computation.

Petitioners' filed their Motion for Reconsideration on October 22, 2009. A timely response to the motion would have been due on October 29. Tumwater did not comply with the deadline. Instead, the City's response was filed on November 2, 2009. Therefore the Board has not considered materials in response to the Petitioners' motion submitted in violation of WAC 242-02-832(1). Only the Petitioners have filed a timely response to the Motion for Reconsideration.[3]

As an additional preliminary matter, the Board notes that the City has submitted, with its Motion for Reconsideration, a request for a finding of compliance, based on a compliance report contained within the motion. With their response, Petitioners object to the declaration supporting this request as well as the request itself.[4]

The Board finds that it is premature to consider the City's request for a finding of compliance. The Board issued the Final Decision and Order on October 13, 2009. However, with the filing of the motions for reconsideration, this decision has not become final since the Board can change or modify the FDO based on the motions. Once the FDO becomes final, because the finding of noncompliance remains in place, a compliance process begins that provides for briefing from both Petitioners and Respondent as well as a hearing before the Board before a determination is made as to whether the local jurisdiction has come into compliance with the GMA. Considering the City's motion at this time would turn this process on its head. Neither party can know the nature of the finding of non-compliance until the FDO becomes final. The City cannot offer to show compliance, nor can Petitioners meaningfully respond to a compliance report that is based on an FDO that is still

---

[3] Petitioners' Response, filed October 30, 2009.
[4] Id. at 2-3, 5-6.

ORDER ON PETITIONERS' AND CITY's MOTIONS FOR RECONSIDERATION
Case No. 09-2-0010
November 12, 2009
Page 2 of 12

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

under reconsideration. Accordingly, the City's motion in the alternative for a finding of compliance is premature and on that basis is denied.

## II. DISCUSSION AND ANALYSIS

A motion for reconsideration of a final decision of a Board is governed by WAC 242-02-832. WAC 242-02-832(2) provides that a motion for reconsideration must be based on at least one of the following grounds:

(a) Errors of procedure or misinterpretation of fact or law, material to the party seeking reconsideration;
(b) Irregularity in the hearing before the board by which such party was prevented from having a fair hearing; or
(c) Clerical mistakes in the final decision and order.

**Petitioners' Motion**

*Claimed Error No. 1:* "The Board Misinterpreted and/or Misapplied GMA by Converting the Substantive GMA Property Rights Goal into a Mere Procedural Requirement"

In addressing Petitioners' Goal 6 claim, the Board concluded that Petitioners had not proven a violation of the "takings" prong of that goal because there was evidence the City Planning Commission, staff, and City Council gave time and consideration to whether the City's actions in adopting the Manufactured Home Park (MHP) zoning district amendments constituted a taking.[5] Petitioners assert that this converts the substantive requirements of the GMA property rights goal into a mere procedural requirement. Further, they argue that because the Board has concluded that the City failed to follow the process established by the State Attorney General to evaluate potential takings, as required by RCW 36.70A.370, the FDO results in the City being found compliant with a procedural requirement without having actually used the procedure mandated by statute.[6]

---

[5] FDO at 10.
[6] Petitioners' Motion for Reconsideration at 3.

ORDER ON PETITIONERS' AND CITY's MOTIONS FOR RECONSIDERATION
Case No. 09-2-0010
November 12, 2009
Page 3 of 12

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

The Board finds that the Petitioners' argument has merit. As was noted in the FDO, the GMA's Property Right Goal has two separate and distinct prongs – the "takings" prong and the "protection" prong.[7] While this Board has found that "the 'takings' prong of Goal 6 is to be reviewed to determine if adequate consideration of that prong has been given by the decision makers",[8] it is also true that the GMA provides a process for local governments to utilize in order to assure that proposed regulatory or administrative actions do not result in an unconstitutional taking of private property. That process is laid out in RCW 36.70A.370. It is not necessary for the Board to develop its own test of when "adequate consideration of [ the takings ] prong has been given by the decision makers" when the GMA has set out the specific process to be followed. Therefore the Board modifies its October 13, 2009 FDO to recognize that in analyzing the first prong of a Goal 6 property rights claim, it is appropriate to consider whether the local jurisdiction complied with RCW 36.70A.370 in evaluating the proposed action.[9]

Here, Petitioners raised a claim under RCW 36.70A.370 as well as a Goal 6 claim. However, while the Board found that the City failed to comply with RCW 36.70A.370, a conclusion undisturbed by this Order on Motions for Reconsideration, this does not necessarily resolve the Goal 6 issue in Petitioners' favor. Concluding that a local jurisdiction failed to adequately consider the takings aspect of a proposed action does not necessarily mean that a takings occurred.

---

[7] FDO at 10, citing to *Achen v. Clark County*, WWGMHB Case No. 95-2-0067c, FDO (9/20/95)
[8] *Achen v. Clark County*, WWGMHB No. 95-2-0067c, Final Decision and Order (9/20/95). See also, *Beckstrom v San Juan County*, WWGMHB No. 95-2-0081, FDO (1/23/98) and *Abenroth v. Skagit County*, WWGMHB No. 97-2-0060c FDO (1/3/96).
[9] In reaching this conclusion, the Board is not merely substituting one procedural requirement for another. While RCW 36.70A.370 creates a requirement to utilize the Attorney General's process in evaluating regulatory and administrative actions for constitutional takings, whether the action violates Goal 6 is subject to a different analysis as detailed in the FDO at 10 *et seq.*

ORDER ON PETITIONERS' AND CITY's MOTIONS FOR RECONSIDERATION
Case No. 09-2-0010
November 12, 2009
Page 4 of 12

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

The Petitioners are reminded the Board does not have the jurisdictional to determine whether a taking of a private property right has actually occurred; such a claim is to be determined by the courts.[10]

**Claimed Error No. 2:** *"The Board Misinterpreted and/or Misapplied GMA by Erroneously Characterizing MHPs as Similar to GMA-Defined Uses Like Agricultural Land and Airports, thus Erroneously Concluding that MHPs Could be the Subject of a Single-Use Zone Designation."*

Petitioners argue that the Board erred that MHPs could be the subject of single-use zoning, much in the same way many zoning codes treat agricultural lands and airports. Petitioners stress that, under the GMA, agricultural lands and airports are given significance[11] different than MHPs and that, therefore, the Board's conclusion that Petitioners' property rights were not affected by the City's single-use zoning designation of MHPs is based on an erroneous analysis and application of the law.[12]

While the Board used agricultural lands and airports as examples of single purpose zoning recognized under the GMA, the Petitioners are incorrect in asserting that "The Board was able to reach its conclusion that Issue 2 was not proved by Petitioners in significant part because it found that MHPs are similar to agricultural land and airports, and thus a proper subject of single use zoning treatment."[13] In fact, the Board mentioned these two uses in passing in noting that Petitioners acknowledged at the Hearing on the Merits that there was

---

[10] See, FDO at 10. See, also *Beckstrom v. San Juan County*, WWGMHB No. 95-2-0081, FDO (1/3/96), "We have previously held that our role is to ensure that private property rights as to takings have been adequately considered by local governments. (*Achen, et al., v. Clark County*, #95-2-0067). Takings claims are to be determined by the Courts."
[11] Petitioners point out that agricultural lands have a special status under the GMA and, thus, are legally and qualitatively different than MHPs. *Motion for Reconsideration*, at 5-7. As for airports, Petitioners state these a classified as essential public facilities for which the GMA imposes duties and obligations. *Motion for Reconsideration*, at 7-8.
[12] Petitioners' Motion for Reconsideration at 5-6.
[13] Id. at 8.

ORDER ON PETITIONERS' AND CITY's MOTIONS FOR RECONSIDERATION
Case No. 09-2-0010
November 12, 2009
Page 5 of 12

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

no infirmity in a zone that restricts the use of land to a single purpose.[14] While Petitioners are correct that these two particular uses are special and unique under the GMA, other single purpose uses could just have easily been cited. Petitioners miss the basis of the Board's conclusion that a Goal 6 claim had not been established, i.e. that there is no right to be protected from a change in zoning. As the Board said, "Because there is no right to the continuation of existing zoning, there is no dispossession of a property right by City action that changes the zoning of their property."[15] The fact that Petitioners' property was rezoned to a single purpose district is almost beside the point since, neither in the briefing for the HOM nor in their Motion for Reconsideration have Petitioners cited any case law to challenge the legality of single purpose zoning.

***Claimed Error No. 3:*** *"The Board Misinterpreted and/or Misapplied GMA by Erroneously Characterizing Petitioners' Challenge to Tumwater's Failure to Determine the Effect of it Comprehensive Plan Changes on Housing Availability as a Challenge to Tumwater's Land Capacity Analysis"*

Petitioners argue that the Board misunderstood its arguments relative to Issues 3 and 9 and, that instead of challenging the City's Land Capacity Analysis, it argued that by changing the zoning of the six MHPs the residential capacity of that land was changed thereby requiring an examination of the impact of that change on the City's ability to satisfy its population forecast.[16]

In making this argument within its motion, Petitioners rely on the requirements of RCW 36.70A.130(d) and RCW 36.70A.115. However, Petitioners based their challenge in Issues 3 and 9 on allegation of a violation of RCW 36.70A.070(2) – the provision of the GMA that mandates a housing element – and relied exclusively on that provision in the briefing filed

---

[14] FDO at 11-12.
[15] Id. at 12.
[16] Petitioners' Motion for Reconsideration, at 9-10.

ORDER ON PETITIONERS' AND CITY's MOTIONS FOR RECONSIDERATION
Case No. 09-2-0010
November 12, 2009
Page 6 of 12

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

for the Hearing on the Merits.[17] The Board analyzed Issues 3 and 9 in light of the requirements of RCW 36.70A.070(2) and found that the amendments did not modify the City's existing housing stock nor the projected needs for housing as a whole.[18] The Board does not conclude that it misunderstood Petitioners' argument that alleged a violation of RCW 36.70A.070(2). Nor does the Board conclude that Petitioners have demonstrated a basis for reconsideration or modification of the Board's conclusions regarding Issues 3 and 9.

***Claimed Error No. 4:*** *"The Board Committed Procedural Error by Omitting Findings and Conclusions on Arguments Interpreting the GMA Housing Goal Language."*

Petitioners assert that the Board committed procedural error by failing to address a "central" argument raised in this case, i.e. an allegation of a violation of GMA's Affordable Housing goal, RCW 36.70A.020(4).[19] Petitioners claim that the Board erred by not including any findings or conclusions responding to the argument concerning whether the City's mandatory zoning action complies with the language of the GMA Housing Goal that affordable housing simply be "encouraged".[20]

Petitioners' argument, as stated in their original briefing, was that "The MHP Amendments do not meet this goal because (i) they merely have the result of preventing a MHP from changing its use; (ii) they actually reduce affordable housing opportunities by excluding three smaller MHPs from regulation, permitting only one single family detached dwelling per existing single lot of record; and downzoning the density of the MHPs; and (iii) create no financial or other incentives (such as increased densities) for providing affordable units."[21] Therefore, the thrust of the Petitioners' argument in support of an allegation of a violation of

---

[17] See FDO, at 12 (Providing text of Petitioners' Issues with violation based on RCW 36.70A.070(2))
[18] Id. at 13-15.
[19] Petitioners' Motion for Reconsideration at 12.
[20] Id. at 11.
[21] Petitioners' Opening Brief [Revised] at 18-19.

ORDER ON PETITIONERS' AND CITY's MOTIONS FOR RECONSIDERATION
Case No. 09-2-0010
November 12, 2009
Page 7 of 12

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

Goal 4 is summarized in their statement that "The Record of devoid of evidence that restricting MHPs would necessarily result in affordable housing."[22]

The Board found Petitioners' argument in support of Issue 1 unfounded and therefore directly addressed the allegation that the City had violated RCW 36.70A.020(4). Addressing Petitioners' argument that MHP zoning did not "encourage" affordable housing, the Board found that nothing in Goal 4 requires that steps taken by local jurisdictions in support of that goal must necessarily result in affordable housing" as Petitioners had suggested. The Board is not persuaded that Petitioners have demonstrated procedural error.

**City's Motion**

The City requests that the Board reconsider its decision with regard to Issue No. 5 which found that in adopting the ordinance under appeal the City failed to comply with the process set out in RCW 36.70A.370(2).[23] The City bases it motion on the assertion that the Board's resolution of this issue was based upon "a misinterpretation of fact or law".[24]

Before addressing the substance of the City's arguments, the Board must address the City's unspoken assumption that a Motion for Reconsideration is an opportunity to present new evidence. The City bases its argument that it complied with RCW 36.70A.370(2) upon the Declaration of Tumwater City Attorney Karen Kirkpatrick. It points to no facts in the Record that it alleges the Board failed to properly consider, or misinterpreted.

Petitioners have objected to the submission of the Kirkpatrick declaration in that it is an after-the-fact declaration which would render the compliance process a nullity.[25] As Petitioners correctly point out, the record upon which the Board relies in reaching its

---

[22] Id. at 19.
[23] FDO at 20.
[24] City Motion at 1, citing WAC 242-02-832(2)(a).
[25] Petitioners' Response to City Motion at 1.

ORDER ON PETITIONERS' AND CITY's MOTIONS FOR RECONSIDERATION
Case No. 09-2-0010
November 12, 2009
Page 8 of 12

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

decision is to be finalized prior to the submission of Petitioners' prehearing brief so that all parties are fully apprised of the evidence to be relied upon. Submitting the declaration of the City Attorney *after* the Hearing on the Merits, in support of Motion for Reconsideration deprives the Petitioners of the opportunity to respond to the evidence, and deprives the Board of the ability to consider such evidence prior to issuance of the FDO. The City's proffered declaration of City Attorney Karen Kirkpatrick will not be considered.

Moving on to the City's arguments, the City argues that "The unrebutted evidence before the Board is that the City utilized the Memorandum"[26] (referring to the Attorney General Memorandum). In fact, the Board reviewed the evidence submitted by the City on this issue and concluded that it did not demonstrate that the Attorney General's process had been utilized.[27] The City fails to make any argument suggesting that the Board improperly interpreted any of the offered evidence. Additionally, it is not true that the evidence before the Board was unrebutted. Petitioners addressed the evidence offered by the City with regard to Issue 5 in their Reply Brief[28] and came to the same conclusion as the Board, nothing in the record showed the Attorney General process was followed. In fact the only mention of the Attorney General process brought to the Board's attention were documents submitted into the Record by the MHP owners,[29] hardly evidence that the City considered, much less "utilized" the Attorney General process.

The City also argues that the Board's decision puts the burden of proof on the City and is contrary to GMA's admonition that "[t]the process used by government agencies shall be protected by attorney client privilege".[30] The City is correct that the GMA does not require local jurisdictions to explain the steps it took in evaluating constitutional issues where to do

---

[26] City's Motion at 3.
[27] See, FDO at 18-20.
[28] Petitioners' HOM Reply Brief at 9-11.
[29] Exhibits 53 and 97 – both correspondence from Mr. John Woodring, attorney for the Manufactured Housing Communities of Washington.
[30] City Motion at 2, citing RCW 36.70A.370(2) and (4).

ORDER ON PETITIONERS' AND CITY's MOTIONS FOR RECONSIDERATION
Case No. 09-2-0010
November 12, 2009
Page 9 of 12

Western Washington Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

so would violate the attorney-client privilege. But, as the Petitioners pointed out in their HOM Reply Brief, "Had Tumwater actually utilized this process, certainly there would have been some documentation available (even if it would be redacted to protect attorney-client privilege under RCW 36.70A.370(4)."[31] The Board concurs.

The Board recognizes that the actual deliberations between a local government's attorney and elected and appointed officials, while they utilize the Attorney General process, is protected by the attorney-client privilege. However, it is a statutory mandate that they utilize that process.[32] Where, as here, Petitioners have submitted evidence that the Record is devoid of any evidence that the process was utilized, the City may not assume that the attorney-client privilege relieves them of any obligation to point to contrary evidence in the record that the process was utilized.

Therefore the Board concludes that the City's Motion is based on new evidence. A Motion for Reconsideration must be based on the grounds provided for in WAC 242-02-832(2) such as an error of procedure or misinterpretation of fact or law. Therefore, the Board will not reconsider its conclusion regarding Issue #5 based on declarations submitted after the HOM. Additionally, the Board rejects the City's argument that the attorney-client privilege relieves a local jurisdiction from the obligation to rebut evidence that it failed to comply with RCW 36.70A.370. Based on the record, as it existed on the date of the HOM, there was no evidence that the City had complied with RCW 36.70A.370. The City's Motion is denied.

### III.    ORDER

For the reasons set forth above, the Board's earlier conclusion that the takings element of Goal 6 had been met because there was evidence in the record that the City Planning Commission, staff, and City Council gave time and consideration to whether its actions

---

[31] Petitioners' HOM Reply Brief at 10.

[32] "Local governments that are required to plan under RCW 36.70A.040 and state agencies shall utilize the process established by subsection (1) of this section . . . " RCW 36.70A.370(2).

ORDER ON PETITIONERS' AND CITY's MOTIONS FOR RECONSIDERATION
Case No. 09-2-0010
November 12, 2009
Page 10 of 12

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

constituted a taking is modified as set forth above and, to that extent, the Petitioners' Motion for Reconsideration is GRANTED.

In all other respects, Petitioners' motion is DENIED.

The City's Motion for Reconsideration is hereby DENIED. The City's Motion for a Finding of Compliance is DENIED as premature.

SO ORDERED this 12th day of November, 2009.

_____
James McNamara, Board Member

Unavailable for signature at time of issuance

_____
William Roehl, Board Member

_____
Nina Carter, Board Member

Pursuant to RCW 36.70A.300 this is a final order of the Board.

**Judicial Review.** Any party aggrieved by a final decision of the Board may appeal the decision to superior court as provided by RCW 36.70A.300(5). Proceedings for judicial review may be instituted by filing a petition in superior court according to the procedures specified in chapter 34.05 RCW, Part V, Judicial Review and Civil

**Enforcement.** The petition for judicial review of this Order shall be filed with the appropriate court and served on the Board, the Office of the Attorney General, and all parties within thirty days after service of the final order, as provided in RCW 34.05.542. Service on the Board may be accomplished in person, by fax or by mail, but service on the Board means <u>actual receipt of the document at the Board office</u> within thirty days after service of the final order.

ORDER ON PETITIONERS' AND CITY's MOTIONS FOR RECONSIDERATION
Case No. 09-2-0010
November 12, 2009
Page 11 of 12

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975

1  **Service.**  This Order was served on you the day it was deposited in the United States
2  mail.  RCW 34.05.010(19).

ORDER ON PETITIONERS' AND CITY's MOTIONS FOR RECONSIDERATION
Case No. 09-2-0010
November 12, 2009
Page 12 of 12

Western Washington
Growth Management Hearings Board
319 7th Avenue SE, Suite 103
P.O. Box 40953
Olympia, Washington 98504-0953
Phone: 360-586-0260
Fax: 360-664-8975