UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAUREL PARK COMMUNITY, LLC, a Washington limited liability company; TUMWATER ESTATES INVESTORS, a California limited partnership; VELKOMMEN MOBILE PARK, LLC, a Washington limited liability company; and MANUFACTURED HOUSING COMMUNITIES OF WASHINGTON, a Washington non-profit corporation,<br><br>                                         Plaintiffs,<br>v.<br><br>CITY OF TUMWATER, a municipal corporation,<br><br>                                         Defendant. | No. C09-05312BHS<br><br>PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTION TO RENOTING OF PLAINTIFFS' PARTIAL SUMMARY JUDGMENT MOTION |

A.  INTRODUCTION

Plaintiffs Laurel Park Community, LLC, Tumwater Estates Investors, Velkommen Mobile Park, LLC, and Manufactured Housing Communities of Washington (collectively "the park owners") have received the objection of the defendant City of Tumwater ("Tumwater") to their request to renote their partial summary judgment motion for consideration on April 9, 2010. Nothing in Tumwater's objection should prevent the renoting of the park owners' partial summary judgment motion.

B.  RESPONSE

On February 19, 2010, the park owners filed a motion for partial summary judgment on

Plaintiffs' Response to Tumwater's Objection to Renote - 1
C09-5312BHS

Talmadge/Fitzpatrick
18010 Southcenter Parkway
Tukwila, Washington  98188-4630
(206) 574-6661   (206) 575-1397 Fax

the takings/due process issues involved in this case. Although LCR 7(d)(3)[1] permitted the park owners to note their motion as early as March 19, 2010, they noted the motion for consideration with oral argument on March 26, 2010. By doing so, the park owners provided Tumwater with an additional week's notice of the motion. Tumwater filed its response on March 22, 2010. The park owners' reply would normally be due on March 26, 2010. *Id.*

But before filing its response, Tumwater filed a cross motion for summary judgment and unilaterally noted it for consideration with oral argument on April 9, 2010. Tumwater did not provide the park owners with additional notice of the cross motion because it noted the motion for the earliest possible date permitted under the local rules. The park owners thus received less notice than they had provided to Tumwater. Tumwater did not contact the park owners' counsel to confer about the scheduling of its motion. The park owners' response in opposition to Tumwater's cross motion is due on April 5, 2010 and Tumwater's reply in support is due on April 9, 2010. LCR 7(d)(3).

On March 24, 2010, the park owners contacted the Court to renote their partial summary judgment motion. Contrary to Tumwater's assertions, Obj. at 2, they provided the Court with sufficient reason to permit the renote. The park owners, as the moving party, have the right to note when their motion will be heard in accordance with the local rules. Renoting the motion makes sense, since Tumwater's cross motion and its response in opposition raise nearly identical issues for the Court's consideration. As the park owners indicated, it would be more efficient to set both motions for consideration on the same day so that the Court would have everything before it. Based on the renote date, the park owners would file their response in opposition to

---

[1] LCR 7(d)(3) provides, in part: ". . . all dispositive motions . . . shall be noted for consideration no earlier than the fourth Friday after filing and service of the motion."

Plaintiffs' Response to Tumwater's Objection to Renote - 2
C09-5312BHS

Talmadge/Fitzpatrick
18010 Southcenter Parkway
Tukwila, Washington 98188-4630
(206) 574-6661   (206) 575-1397 Fax

Tumwater's cross motion on April 5, 2010 and both parties would file their respective reply briefs on April 9, 2010. LCR 7(d)(3). Tumwater would not need to resubmit its previously filed response in opposition to the park owners' motion.

Tumwater filed an objection to the park owners' renote the same day, arguing it would be fundamentally "unfair" to permit the motion to be renoted. Obj. at 1-2. Tumwater provides nothing to support this preposterous statement. *See id.* Tumwater suffers no prejudice. It does not have to file anything new. Tumwater's objection should be seen for what it is: posturing to obtain a tactical advantage. Tactical manipulation is also seen in Tumwater's summary judgment motion, which is nothing more than a transparent attempt to circumvent the page limits established in LCR 7(e)(3).

There is nothing inappropriate about the park owners' renote. Nothing in the local civil rules precludes it. In fact, the renoting of a motion, even a summary judgment motion, is permissible. *See, e.g., Pruitt v. Cheney*, 963 F.2d 1160, 1162 (9th Cir. 1991) (noting that a reserve officer renoted her summary judgment motion challenging Army regulations that required her discharge based on her homosexuality and that the district court later denied it).

C. CONCLUSION

No local civil rule requires the park owners to confer with Tumwater prior to noting their summary judgment motion. Similarly, no local civil rule requires the park owners to confer with Tumwater with respect to the renoting of that motion. There is nothing improper about the park owners' renote for motion, especially when such renotices are permissible.

Tumwater's cross motion and its response in opposition raise nearly identical issues for this Court's consideration. Given this similarity, the Court should permit the park owners to renote their partial summary judgment motion for April 9, 2010 so that the Court may decide

Plaintiffs' Response to Tumwater's Objection to Renote - 3
C09-5312BHS

Talmadge/Fitzpatrick
18010 Southcenter Parkway
Tukwila, Washington 98188-4630
(206) 574-6661   (206) 575-1397 Fax

both motions on the same day.

DATED this 25TH day of March, 2010.

Respectfully submitted,

*[signature]*

Philip A. Talmadge, WSBA #6973
Thomas M. Fitzpatrick, WSBA #8894
Emmelyn Hart-Biberfeld, WSBA #28820
Talmadge/Fitzpatrick
18010 Southcenter Parkway
Tukwila, WA 98188-4630
(206) 574-6661
Email: phil@tal-fitzlaw.com
       tom@tal-fitzlaw.com
       emmelyn@tal-fitzlaw.com

Walter H. Olsen, Jr., WSBA #24462
Olsen Law Firm PLLC
604 West Meeker St., Ste. 101
Kent, WA 98032
(253) 813-8111
Email: walt@olsenlawfirm.com
Attorneys for Plaintiffs

Plaintiffs' Response to Tumwater's Objection to Renote - 4
C09-5312BHS

Talmadge/Fitzpatrick
18010 Southcenter Parkway
Tukwila, Washington 98188-4630
(206) 574-6661   (206) 575-1397 Fax

DECLARATION OF SERVICE

On this day said forth below, I filed by CM/ECF a true and accurate copy of: Plaintiffs' Response to Defendant's Objection to Renoting of Plaintiffs' Motion for Partial Summary Judgment Motion in U.S. District Court Cause No. C09-5312 BHS to the following parties:

Walter H. Olsen, Jr.
Olsen Law Firm, PLLC
604 W. Meeker Street, Suite 101
Kent, WA 98032
walt@olsenlawfirm.com

Karen E. Kirkpatrick
City of Tumwater
555 Israel Rd SW
Tumwater, WA 98502
kkirkpatrick@ci.tumwater.wa.us

Jeffrey S. Myers
Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.
PO Box 11800
Olympia, WA 98508-1880
jmyers@lldkb.com

Original sent electronically for filing with:
United States District Court, Western District of Washington at Tacoma
Clerk's Office
1717 Pacific Avenue
Tacoma, WA 98402

Judge's Working Copies filed electronically for:
Judge Benjamin Settle
United States District Court, Western District of Washington at Tacoma
Clerk's Office
1717 Pacific Avenue
Tacoma, WA 98402

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

DATED: March 25, 2010, at Tukwila, Washington.

_____
Paula Chapler, Legal Assistant
Talmadge/Fitzpatrick