1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

12

13

LAUREL PARK COMMUNITY, LLC, a
Washington limited liability company;
TUMWATER ESTATES INVESTORS, a
California limited partnership;
VELKOMMEN MOBILE PARK, LLC, a
Washington limited liability company;
and MANUFACTURED HOUSING
COMMUNITIES OF WASHINGTON, a
Washington non-profit corporation,

CASE NO. C09-5312BHS

ORDER GRANTING
DEFENDANT'S MOTION TO
QUASH AND FOR
PROTECTIVE ORDER

14

15

Plaintiffs,

v.

16

17

CITY OF TUMWATER, a municipal
corporation,

18

Defendant.

19

20

21

22

        This matter comes before the Court on Defendant's motion to quash and for

protective order (Dkt. 9). The Court has considered the pleadings filed in support of and

in opposition to the motion and the remainder of the file and hereby orders the parties to

show cause as discussed herein.

23

24

**I. PROCEDURAL BACKGROUND**

        On May 27, 2009, Plaintiffs filed their complaint against Defendant. Dkt. 1. On

25

26

27

June 17, 2009, Defendant answered. Dkt. 6. On January 29, 2009, Defendant filed its

motion to quash and for protective order. Dkt. 9. On February 9, 2010, Plaintiffs

responded. On February 11, 2010, Defendant replied.

28

ORDER - 1

1      On March 5, 2010, the Court ordered both the parties to show cause before the

2  Court ruled on the instant motion. *Id*. On March 15, 2010, both parties timely filed their

3  responses. Dkts. 17, 18.

4                                **II. FACTUAL BACKGROUND**

5      Generally, this matter concerns two local city ordinances that were adopted by the

6  City Council of Tumwater, Washington. See Dkt. 1 (the Complaint). Plaintiffs comprise a

7  group of entities affected by the new ordinances. The instant motion involves Defendant's

8  challenge as to whether Plaintiffs are entitled to conduct the noted deposition of City

9  Council Member Ed Stanley and Plaintiffs' planned depositions of Karen Valenzuela

10 (former City Council Member) and Bill Mandeville (Planning Commissioner). Dkt. 10,

11 Deposition of Jeffrey S. Myers (Myers Decl.) ¶ 4. Defendant contends such depositions

12 violate these legislators' testimonial privilege. Based on this claim of testimonial

13 privilege, Defendant moves the Court to quash the noted deposition of Ed Stanley and to

14 protect the other legislators from being deposed. Dkt. 9; *see also* Myers Decl.

15     The Court ordered the parties to show cause regarding Defendant's motion to

16 quash and for protective order. *See* Dkt. 16. In the show cause order, the Court noted that

17 "[t]he crux of the dispute between the parties appears to be whether or not the testimonial

18 privilege applies to Plaintiffs' claimed intent to make objective inquiries rather than

19 subjective (i.e., motive) inquiries of these legislators during the noted and planned

20 depositions." Dkt. 16 at 3. Additionally, the Court noted that it was inclined to permit the

21 depositions of "Ed Stanley, Karen Valenzuela, Bill Mandeville because it appear[ed] that

22 the case law (even the case law cited by Defendant) support[ed] Plaintiffs' position that

23 the testimonial privilege does not apply to the depositions of these legislators regarding

24 the challenged ordinances *to the extent such inquiry is limited to objective information.*

25 *Id.* (relying on Foley, 747 F.2d at 1298-1299) (emphasis added).

26

27

28

ORDER - 2

**III. DISCUSSION**

**A.    Defendant's Response**

The Court ordered Defendant to show cause why its motion to quash and for

protective order (Dkt. 9) should not be denied and Plaintiffs be permitted to take the noted

and planned depositions, to the extent they are limited to objective information. Dkt. 16 at

4.

Defendant maintains that the testimonial privilege extends to both legislative acts

and motivations, which would include objective information regarding activities falling

within the category of legislative acts. *See* Dkt. 18 at 3 (*discussing Miles-Un-Ltd., Inc. v.*

*Town of New Shoreham*, 917 F. Supp. 91, 101 (D.N.H. 1996). Further, Defendant asserts

that Plaintiffs, through these depositions, intend to inquire into the legislative acts and/or

motivations of Ed Stanley, Karen Valenzuela, and Bill Mandeville. *See id*. at 2. In making

this claim, Defendant quotes an email from Plaintiffs' attorney, Walt Olsen:

> Yes, we would like to obtain a ruling from Judge Settle on the City's
> current motion, as even *elected officials should be probed and accountable*
> *for the soundbites they provide on the public record which may show that*
> *their bias and politics have more to do with this case than the putative*
> *public policy and legislative considerations they now claim.* The remaining
> depositions remain relevant for purposes of evaluating witness credibility,
> trial, and reply on summary judgment.

Dkt. 19, Declaration of Jeffery S. Myers, Ex. A at 1 (emphasis added).

Based on the foregoing, Defendant maintains that its motion to quash and

for protective order (Dkt. 9) should be granted. *See* Dkt. 18.

**B.    Plaintiffs' Response**

The Court ordered Plaintiffs to show cause as to why "the previous disclosures

by Defendant is insufficient or, if sufficient, why the Court should order the depositions

of Ed Stanley, Karen Valenzuela, and Bill Mandeville." Dkt. 16 at 4. Specifically, it

appeared that "Plaintiffs may already be in possession of the objective information they

seek" to obtain through these noted and planned depositions.

ORDER - 3

1    In their response, Plaintiffs maintain that the initial disclosures by Defendant are

2  inadequate. *See* Declaration of Emmelyn Hart-Biberfeld ¶¶ 2-3 (stating that the records

3  produced are not comprehensive and the audio/video recordings are not entirely audible,

4  even at full volume). In short, Plaintiffs argue that taking the depositions would be more

5  efficient than (1) engaging in further review of the initial disclosures by Plaintiffs or (2)

6  making additional requests for more complete productions of discoverable information

7  and/or better-quality audio/video recordings. *See* Dkt. 17 at 3-4.

8    Based on the foregoing, Plaintiffs maintain that Defendant's motion to quash and

9  for protective order (Dkt. 9) should be denied and they should be permitted to proceed

10  with the depositions of  Ed Stanley, Karen Valenzuela, and Bill Mandeville. *See* Dkt. 17.

11  **C.    Testimonial Privilege**

12    The testimonial privilege protects inquiry into two specific types of information.

13  First, the Speech or Debate Clause of the United States Constitution provides: "For any

14  Speech or Debate in either House [Senators and Representatives] shall not be questioned

15  in any other Place." U.S. Const. Art. I, § 6, cl. 1. The privilege protects speech and other

16  activities undertaken by members of Congress who are acting within a legitimate

17  legislative sphere. *Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 502-503,

18  95 (1975). The legislative sphere includes those activities that: (1) are an integral part of

19  the deliberative and communicative processes by which Members participate in House

20  proceedings and (2) address proposed legislation. *Miller v. Transamerican Press, Inc.*,

21  709 F.2d 524, 529 (9th Cir. 1983); *see also United States v. Gravel*, 408 U.S. 606, 617

22  (1972)  ("[T]he Court's consistent approach has been that to confine the protection of the

23  Speech or Debate Clause to words spoken in debate would be an unacceptably narrow

24  view. Committee reports, resolutions, and the act of voting are equally covered . . . .").

25    Second, the Speech or Debate Clause also precludes inquiry into the motivation or

26  purposes of a legislative act. *U.S. v. Brewster*, 408 U.S. 501, 525 (1972) ("[T]he Speech

27  or Debate Clause protects against inquiry into the acts that occur in the regular course of

28

ORDER - 4

1   the legislative process and into the motivation for those acts."). The privilege afforded

2   under the Speech or Debate Clause has been applied to both criminal and civil contexts.

3   See *Eastland,* 421 U.S. at 502. In *Eastland*, the Court articulated the following regarding

4   the Clause:

5           The applicability of the Clause to private civil actions is supported
        by the absoluteness of the terms 'shall not be questioned,' and the sweep of
6       the term 'in any other Place.' . . . Just as a criminal prosecution infringes
        upon the independence which the Clause is designed to preserve, a private
7       civil action, whether for an injunction or damages, creates a distraction and
        forces Members to divert their time, energy, and attention from their
8       legislative tasks to defend the litigation. Private civil actions also may be
        used to delay and disrupt the legislative function. Moreover, whether a
9       criminal action is instituted by the Executive Branch, or a civil action is
        brought by private parties, judicial power is still brought to bear on
10      Members of Congress and legislative independence is imperiled.

11  *Id*. The foregoing case law establishes that, consistent with Defendant's position, a

12  legislator shall not be questioned in any place (to include a deposition) where the inquiry

13  reaches legislative acts or the legislator's motivations for such acts. *See Brewster*, 408

14  U.S. at 525.

15          The Court concludes that the information sought by Plaintiffs through the

16  depositions of  Ed Stanley, Karen Valenzuela, and Bill Mandeville appears to fall within

17  the scope of the activities considered to be within the legislative sphere. Specifically,

18  Plaintiffs appear to be seeking to depose these individuals regarding their legislative

19  actions to adopt amendments to the Comprehensive Plan and zoning ordinances. Mr.

20  Olsen's email further suggests that Plaintiffs intend to inquire into an area protected by

21  the testimonial privilege (probing into bias is equivalent to seeking out motivations,

22  which is expressly prohibited by the case law discussed above).

23          Additionally, Plaintiffs have not adequately shown that the deficiencies, if any, in

24  the initial disclosures by Defendant are unable to be cured by requests for a more

25  complete disclosures or better quality audio/video records.  This fact forms a separate

26  basis for granting Defendant's instant motion.

27

28

ORDER - 5

1

**D.     Conclusion**

2       Plaintiffs have failed to make an adequate showing that the depositions of Ed

3  Stanley, Karen Valenzuela, and Bill Mandeville are needed or permissible. Therefore, the

4  Court grants Defendant's motion to quash and for protective order.

5                               **IV. ORDER**

6       Therefore, it is hereby

7       **ORDERED** that Defendant's motion to quash and for protective order (Dkt. 9) is

8  **GRANTED** as discussed herein.

9       DATED this 9th day of April, 2010.

10

11                                   _____
                                     BENJAMIN H. SETTLE
12                                   United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER - 6