UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAUREL PARK COMMUNITY, LLC, a Washington limited liability company; TUMWATER ESTATES INVESTORS, a California limited partnership; VELKOMMEN MOBILE PARK, LLC, a Washington limited liability company; and MANUFACTURED HOUSING COMMUNITIES OF WASHINGTON, a Washington non-profit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF TUMWATER, a municipal corporation,<br><br>Defendant. | NO.  C09-5312 BHS<br><br>REPLY DECLARATION OF STEPHEN SHAPIRO |

PURSUANT TO 28 U.S.C. § 1746, Stephen Shapiro, hereby declares as follows:

1.      I am over the age of 18, competent to be a witness and make this declaration on personal knowledge.

2.      I have prepared appraisal reports for the three mobile home parks owned by the plaintiffs in the above-entitled action. I received all of the documents provided by plaintiffs' initial disclosures, including all of the documents provided to Jeanne Marie Wilson for preparation of her December 7, 2009 report. As part of my appraisal analysis I conducted an investigation into the market conditions for potential residential development of the subjects utilizing information sources that I deemed to be highly credible. I also performed a highest and best analysis for all of the

**REPLY DECLARATION OF
STEPHEN SHAPIRO – 1**

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 RW JOHNSON RD., TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480   FAX: (360) 357-3511

subjects "as if vacant" and "as improved" in both the before and after conditions. This is an essential aspect of the process of determining whether the change in zoning had any material impact upon the value of any of the subjects. My FRCP 26(a)(2) report included evaluations of each park which were included as separate attachments.

3. Ms. Wilson selected a date of value prior to the zoning change fully recognizing that the intent is to determine whether this resulted in any change in value to the subject properties. Nevertheless, she failed to perform a highest and best use analysis in the before and after conditions. The only valuation analysis she performed was the income capitalization approach, which is only appropriate for deriving the value of the subjects in their "as is, improved" condition. This suggests that Ms. Wilson did not conclude that the highest and best use for the parks prior to the adoption of the zoning change was anything other than as a mobile home park. If she had concluded that an alternate highest and best use was feasible, it would have been necessary to value the subjects in the "as if vacant" condition utilizing the land sales comparison approach, which she did not do. Since she only valued the subjects under a highest and best use as mobile home parks prior to the zoning change, she necessarily considered the highest and best use in the before condition as identical to the highest and best use in the after condition. Accordingly, there can be no impact to value from the new zoning ordinance in the after condition, because the ordinance allows the owners to continue with the highest and best use.

4. Attached hereto as **Exhibit A** is a true and correct copy of the attachment to my FRCP 26(a)(2) report containing my appraisal report for Tumwater Mobile Estates.

5. Attached hereto as **Exhibit B** is a true and correct copy of the attachment to my FRCP 26(a)(2) report containing my appraisal report for the Laurel Park Mobile Home Park.

6. Attached hereto as **Exhibit C** is a true and correct copy of the attachment to my FRCP 26(a)(2) report containing my appraisal report for Velkommen Mobile Home Park.

**REPLY DECLARATION OF STEPHEN SHAPIRO – 2**

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 RW JOHNSON RD., TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1880
(360) 754-3480  FAX: (360) 357-3511

7. In paragraph 7 of her declaration, Ms. Wilson infers that if there is a value premium associated with Wildwood and Allimor "tied directly to the redevelopment potential associated with these properties" than such a premium would necessarily be applicable to the subjects. This is a preposterous assumption. The premiums associated with Wildwood and Allimor were based upon their highest and best use potential for alternate use other than mobile home parks owing to superior zoning and locational characteristics that the subjects do not share. Indeed, Ms. Wilson's working papers, which were provided by counsel after her deposition was taken, included an analysis of the highest and best use of the Wildwood park which reached this conclusion. Thus, a premium would be expected because of the imminent plans to vacate the existing park and convert to commercial use. A copy of this analysis is attached as **Exhibit D**.

8. In my own analysis, I concluded that Velkommen was worth $300,000 more in the before condition than in the after condition. However, this before condition "premium" is the result of circumstances that are specific to this particular property, as I explain at length in my appraisal report. Ms. Wilson seems to infer that this is a universal premium that would be applicable to Laurel Park and Tumwater Estates as well. She provides no evidence as to why this would be the case. Conversely, I provide very specific evidence in my appraisals of Laurel Park and Tumwater Estates as to why they do not have any value premiums in the before condition relative to their after condition. In short, it is because in both conditions their highest and best use is as improved as mobile home parks.

I declare under penalty of perjury under the laws of the state of Washington and the United States of America that the foregoing is true and correct.

DATED this 9th day of March, 2010, at Tumwater, Washington.

_____
Stephen Shapiro

REPLY DECLARATION OF
STEPHEN SHAPIRO – 3

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
ATTORNEYS AT LAW
2674 RW JOHNSON RD., TUMWATER, WA 98512
PO BOX 11880, OLYMPIA, WA 98508-1889
(360) 754-3480  FAX: (360) 357-3511