Hon. Benjamin H. Settle

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

LAUREL PARK COMMUNITY, LLC, a
Washington limited liability company;
TUMWATER ESTATES INVESTORS, a
California limited partnership; VELKOMMEN
MOBILE PARK, LLC, a Washington limited
liability company; and MANUFACTURED
HOUSING COMMUNITIES OF
WASHINGTON, a Washington non-profit
corporation,

                       Plaintiffs,

     vs.

CITY OF TUMWATER, a municipal
corporation,

                       Defendant.

NO.   C09-5312 BHS

**SUPPLEMENTAL DECLARATION OF
JEFFREY S. MYERS IN SUPPORT OF
AMENDED MOTION FOR SUMMARY
JUDGMENT**

PURSUANT TO 28 U.S.C. § 1746, Jeffrey S. Myers, hereby declares as follows:

1.    I am the attorney for the defendant City of Tumwater in the above entitled matter.
I am over the age of 18, competent to be a witness and make this declaration on personal
knowledge.

2.    I was an attorney for the City of Tumwater in proceedings before the Western
Washington Growth Management Hearings Board which challenged the MHP Zoning Ordinances
that are the subject of this litigation.  The challenges were brought by the Manufactured Housing
Communities of Washington, Laurel Park and Tumwater Estates Mobile Home Parks, plaintiffs in
this action.

**DECLARATION OF JEFFREY S. MYERS**   – 1

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480 · FAX: (360) 357-3511*

1    3.    The Final Decision and Orders of the Western Washington Growth Management

2 Hearings Board discussed in paragraph 12 of the Declaration of Michael Matlock were appealed to

3 the Thurston County Superior Court in late 2009 and early 2010. The Superior Court reviewed the

4 administrative record and on September 17, 2010 issued an Order Upholding Board Decisions. A

5 true and correct copy of the Court's September 17, 2010 Order is attached hereto as **Exhibit 1.**

6        I declare under penalty of perjury under the laws of the state of Washington and the United

7 States of America that the foregoing is true and correct.

8        DATED this 4th day of March, 2011, at Tumwater, Washington.

9                                    LAW, LYMAN, DANIEL,
10                                   KAMERRER & BOGDANOVICH, P.S.

11

12                                   Jeffrey S. Myers, WSBA # 6390

13                                   LAW, LYMAN, DANIEL, KAMERRER
                                     &  BOGDANOVICH, P.S.
14                                   P.O. Box 11880
                                     Olympia, WA 98508-1880
15                                   (360) 754-3480
                                     Fax: (360) 357-3511
16                                   E-mail: jmyers@lldkb.com

17

18

19

20

21

22

23

24

25

26

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 RW JOHNSON RD., TUMWATER, WA 98512*
*PO BOX 11880, OLYMPIA, WA 98508-1880*
*(360) 754-3480  FAX: (360) 357-3511*

**DECLARATION OF JEFFREY S. MYERS**   – 2

FILED

SEP 1 7 2010

SUPERIOR COURT
BETTY J GOULD
THURSTON COUNTY CLERK

THE HONORABLE THOMAS MCPHEE

1

2

3

4

5

6

7    **IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**

8    **IN AND FOR THE COUNTY OF THURSTON**

9    LAUREL PARK COMMUNITY, LLC, a
     Washington limited liability company;          NO.  09-2-02687-1
10   MANUFACTURED HOUSING
     COMMUNITIES OF WASHINGTON,  a
11   Washington nonprofit corporation; and          **ORDER UPHOLDING BOARD**
     TUMWATER ESTATES INVESTORS, a                   **DECISIONS**
12   California Limited Partnership
13                                                   *Clerk's Action Required*
                              Petitioners,
14
                     vs.
15
16   CITY OF TUMWATER, a Washington
     municipal corporation; and, WESTERN
17   WASHINGTON GROWTH MANAGEMENT
     HEARINGS BOARD, a Washington State
18   agency,
19
                              Respondents.
20
21
22
23        THIS MATTER came before this Court on Petitioners' consolidated petitions for review

24   of the Growth Management Hearings Board Final Decision and Order (October 13, 2009); Order

25   on Petitioners' and City's Motions for Reconsideration (November 12, 2009), and Compliance

26

**ORDER** - 1

LAW OFFICES OF
SUSAN ELIZABETH DRUMMOND
1200 FIFTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON  98101
PHONE (206) 682-0767

1  Order (March 25, 2010).[1]   The Court considered the parties' pleadings and documents filed

2  herein, including Petitioners' Opening Appeal Brief, City of Tumwater's Responding Brief,

3  Petitioners's Reply Brief, and the Certified Record; and the Court having deemed itself fully

4  apprised; now, therefor:

5        IT IS HEREBY ORDERED that the Petitioners' Petitions for Review are denied.  The

6  Growth Management Hearings Board Final Decision and Order (October 13, 2009), Order on

7  Petitioners' and City's Motions for Reconsideration (November 12, 2009), and Compliance

8
9  Order, are upheld for the reasons set forth in the court's oral opinion, a transcript of which is

10  attached as Exhibit A.

11        DONE IN OPEN COURT this __17__ day of September, 2010.

12
                                    THOMAS McPHEE
13
                        _____
14                      Honorable Judge Thomas McPhee

15  Presented by:

16  TUMWATER CITY ATTORNEY
    KAREN KIRKPATRICK
17
18  LAW OFFICES OF
    SUSAN ELIZABETH DRUMMOND
19
    LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.
20

21  Karen Kirkpatrick, WSBA #2543
    Susan Elizabeth Drummond, WSBA #30689
22  Jeffrey S. Myers, WSBA #16390
23  Attorneys for City of Tumwater

24  _____
    [1] Petitioners filed three petitions, titled: (1) Petition for Review of Final Decision and Order of Western Washington
25  Growth Management Hearings Board; (2) Petition for Review of Western Washington Growth Management
    Hearings Board's Order on Motions for Reconsideration; and (3) Petition for Review of Compliance Order of the
26  Western Washington Growth Management Hearings Board.  The Court consolidated the three petitions under a
    single cause number.

**ORDER** - 2

LAW OFFICES OF
SUSAN ELIZABETH DRUMMOND
1200 FIFTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
PHONE (206) 682-0767

1   Approved as to Form,
    Notice of Presentation Waived:
2

3   SHORT CRESSMAN & BURGESS PLLC

4                           WSBA #16390
                    /per Email Authorization
5   Scott M. Missall, WSBA #14465
    Robert D. Zeinemann, WSBA #40124
6   Attorneys for Petitioners

7

8   LAW OFFICE OF BILL CLARKE

9                       WSBA #16390
                    /per e-mail authorization
10  Bill Clarke, WSBA #28800
    Attorneys for Petitioners
11

12

13  ATTORNEY GENERAL'S OFFICE

14                      WSBA #16390
                    /per e-mail authorization
15  Jerald R. Anderson, WSBA #8734
    Attorneys for Western Washington
16  Growth Management Hearings Board

17

18

19

20

21

22

23

24

25

26

**ORDER** - 3

LAW OFFICES OF
SUSAN ELIZABETH DRUMMOND
1200 FIFTH AVENUE, SUITE 1650
SEATTLE, WASHINGTON 98101
PHONE (206) 682-0767

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF THURSTON

| | |
|---|---|
| LAUREL PARK COMMUNITY, LLC., a Washington limited liability company; MANUFACTURED HOUSING COMMUNITIES OF WASHINGTON, a Washington nonprofit corporation; corporation; and TUMWATER ESTATES INVESTORS, a California Limited Partnership, )<br><br>          Petitioner, )<br><br>     vs. )<br><br>CITY OF TUMWATER, a Washington municipal corporation; and WESTERN WASHINGTON GROWTH MANAGEMENT HEARINGS BOARD, an agency of the State of Washington, )<br><br>          Respondents. ) | No. 09-2-02687-1 |

ORAL OPINION

BE IT REMEMBERED that on the 7th day of September, 2010, the above-entitled and numbered cause came on for hearing before the Honorable Thomas McPhee, Judge, Thurston County Superior Court, Olympia, Washington.

Kathryn A. Beehler, CCR No. 2448
Thurston County Superior Court
2000 Lakeridge Drive S.W.
Olympia, WA  98502
(360) 754-4370


EXHIBIT ___A___

1

# A P P E A R A N C E S

For the Petitioners:

(participating via telephone)
**Scott M. Missall**
Attorney at Law
Short Cressman & Burgess, PLLC
999 Third Avenue
Suite 3000
Seattle, WA  98104-4088
206-682-3333
smissall@scblaw.com

For the Respondent
City of Tumwater:

(participating via telephone)
**Susan Elizabeth Drummond**
Attorney at Law
1200 Fifth Avenue
Suite 1650
Seattle, WA  98101
206-682-0767
susan@susandrummond.com
- and -
**Jeffrey Myers**
Attorney at Law
Law, Lyman, Daniel,
  Kamerrer & Bogdanovich, P.S.
P.O. Box 11880
2674 RW Johnson Rd. SW
Olympia, WA  98508
360-754-3480
jmyers@lldkb.com
- and -
**Karen Elsa Kirkpatrick**
Attorney at Law
City of Tumwater
555 Israel Road SW
Tumwater, WA  98502
360-754-4127
kkirkpatrick@ci.tumwater.wa.us

1    September 7, 2010          Olympia, Washington
2                      AFTERNOON SESSION
3    Department 2        Hon. Thomas McPhee, Presiding
4             (Appearances as heretofore noted.)
5           Kathryn A. Beehler, Official Reporter
6                          --oOo--
7              THE COURT:  Please be seated.  Good
8    afternoon, Counsel.
9              MS. DRUMMOND:  Good afternoon.
10             MR. MYERS:  Good afternoon.
11             MR. MISSALL:   Hello, Your Honor.
12             THE COURT:  Who is on the phone?
13             MS. DRUMMOND:  Susan Drummond for the
14   city of Tumwater.
15             MR. MISSALL:   And Scott Missall on
16   behalf of the petitioners.
17             THE COURT:  Good afternoon, Counsel.
18   Present in the courtroom are Mr. Myers and
19   Ms. Fitzpatrick; right?
20             MS. KIRKPATRICK:  Kirkpatrick.
21             THE COURT:  For the city, as well.
22        Ladies and gentlemen, here is the decision
23   that I have reached in this case.  In my decision
24   I will, on occasion, address the actions of the
25   Tumwater Planning Commission, which I describe

1  as "the commission," the Tumwater City Council,

2  which I describe as "the council" and the Western

3  Washington Growth Management Hearings Board which

4  I describe as "the board."

5          In this appeal the petitioners request that

6  the court overturn the board and declare two city

7  of Tumwater ordinances invalid.  This case is

8  before the court for review of the board's action.

9  Here a superior court is asked to exercise its

10 appellate jurisdiction in conducting that review.

11 An undercurrent that runs throughout the city's

12 deliberative process and action is the contention

13 of at least some petitioners that the ordinances

14 constitute an unconstitutional taking of

15 petitioners' property.  The board does not have

16 jurisdiction to decide that issue.  It is not part

17 of the board's decision here and not part of this

18 court's review.  There may be a companion case

19 seeking judicial determination that the ordinances

20 constitute an unconstitutional taking of

21 petitioners' property, but that invokes the

22 superior court's original jurisdiction and is

23 different than the jurisdiction exercised here.

24 The two jurisdictions will not be combined.

25          Ladies and gentlemen, I'm going to leave

1   the bench for just a moment to get a different

2   pair of glasses that will make it easier for me to

3   read my notes.  I'll be back in just a moment.

4                    (A recess was taken.)

5            THE COURT:  Please be seated.  This

6   court's appellate jurisdiction to review the

7   board's decision is a limited power.  I cannot

8   substitute my judgment for that of the board or

9   the city.  My review powers are defined and

10  limited by RCW 34.05.570(3).

11           Petitioners' appeal focuses on Goal 6 of

12  the Growth Management Act, codified at RCW

13  36.70A.020(6), in two broad areas.  In the first

14  area petitioners contend that the ordinances must

15  be declared invalid because they were enacted in

16  violation of the takings prong of Goal 6.

17  Petitioners contend that the ordinances were

18  enacted without compliance with RCW 36.70A.370, a

19  required procedure for the takings prong of

20  Goal 6.  As a consequence, petitioners contend the

21  board erred in holding the ordinances valid,

22  subject to compliance with section .370.  Further,

23  they contend the board erred in approving the

24  compliance process.  Finally, they contend the

25  board erred in permitting compliance with

1   section .370 without also requiring that the city

2   undertake reconsideration and reenactment of the

3   ordinances.  I conclude that no error has been

4   demonstrated.

5       When the board rejected appeal of the

6   ordinances in the Final Decision and Order, it

7   concluded that the city had adequately considered

8   the takings prong of Goal 6.  The board cited to

9   Exhibits 31, 75, and 95 of the record in

10  supporting this decision.  In the Reconsideration

11  Order where the board acknowledged the

12  inconsistency of its findings that the city had

13  adequately considered the takings prong of Goal 6

14  and that the city had failed to demonstrate

15  compliance with section .370, the board directed

16  compliance with section .370 but declined

17  petitioners' request that it declare the

18  ordinances invalid.  No error has been shown here.

19      RCW 36.70A.300(4) and .302 specifically

20  address the invalidity of an ordinance where

21  noncompliance with the GMA is found by the board.

22  A determination of invalidity is a discretionary

23  decision reserved to the board under section .302.

24  I conclude that review of such a discretionary

25  decision would be reviewed under the arbitrary and

capricious standard.

As exercised here, the decision of the board to find noncompliance but reject petitioners' request that the ordinances be declared invalid cannot be found arbitrary and capricious.  The record here establishes that the city failed to demonstrate compliance with section .370 at the first hearing before the board.  The board then rejected the city's request to supplement the record on reconsideration to show initial compliance with section .370.  That decision by the board to not allow supplementation was based upon a hearing procedures rule of the board, not on any provision of the Growth Management Act.  Instead, the board opted for a compliance process to demonstrate compliance with section .370.  This essentially directed a do over by the city on compliance with section .370.

The reasonableness of the board's decision to deny a declaration of invalidity is demonstrated by the exhibits it relied upon when it first concluded that the city had adequately addressed the takings prong of Goal 6, particularly Exhibit 95, the minutes of the city council meeting of January 6, 2009.  Those minutes

1    surely show a pro and con discussion of

2    constitutional taking in front of and involving

3    the council.  Several speakers, including

4    attorneys representing the petitioners' interests,

5    addressed the issue.  Another, Ms. Dickens,

6    representing interests adverse to petitioners

7    specifically addressed salient points in the

8    Attorney General's process.

9         While this evidence is not sufficient to

10   show compliance with section .370, it refutes the

11   contention that the board's decision to deny a

12   requested declaration of invalidity was arbitrary

13   and capricious, or in excess of the board's power,

14   or error of law.  Without that declaration of

15   invalidity, the law does not require reenactment

16   of the ordinances.

17        I conclude that petitioners have failed to

18   show any error in the board's approval of the

19   city's compliance process.  With due respect, the

20   dissenting board opinion and petitioners' brief

21   described deficiencies in the process that are

22   clearly refuted by the compliance report and

23   accompanying council minutes.  In summation on

24   this first broad area of appeal that focuses on

25   the takings prong of Goal 6, I conclude that no

1    error has been shown.

2         The second broad area of appeal focuses on

3    the protection prong of Goal 6 and its relation to

4    the 12 other goals in RCW 36.70A.020.  In

5    petitioners' brief at page 3 is contained a

6    summary of board errors.  Errors No. 2 and 3

7    relate to this part of the appeal.  They are as

8    follows:

9         First, No. 2, that the board misconstrued

10   petitioners' property rights and thus erroneously

11   interpreted and applied the second prong, the

12   protection prong of Goal 6 in the FDO and

13   Reconsideration Order.  Next, No. 3, the board

14   ignored uncontroverted evidence in the record of

15   Tumwater's arbitrary and capricious animus in

16   designing, adopting, and approving the ordinances;

17   thus the FDO and Reconsideration Order erroneously

18   found that the protection prong of Goal 6 had not

19   been violated.

20        Following that in the petitioners' brief

21   are listed a statement of seven specific issues,

22   four of which relate to this part of the appeal,

23   Nos. 1 through 4.  They are in order:  No. 1,

24   whether the act allows creation of a single zone

25   use district for manufactured housing parks;

1    No. 2, whether the ordinances comply with the act
2    when they compel MHP owners to use their land in
3    perpetuity only for MHP uses and create illusory
4    rights to change the MHP use; No. 3, whether the
5    ordinances contained fair and equitable
6    regulations consistent with the act; and No. 4,
7    whether the ordinances are arbitrary and
8    discriminatory under the act.

9          Issue No. 1 is fundamentally different from
10   the other three.  Issue No. 1 focuses on the GMA,
11   does it allow a single use zoned district for
12   MHPs.  The answer by the board and by this court
13   is "yes."  Issues No. 2, 3, and 4 focus on the
14   relationship between the ordinances and the GMA.
15   The review of those issues involves two layers of
16   deference.  First is the legislatively imposed
17   deference that the board must exercise when
18   reviewing a city's plan for growth.

19         RCW 36.70A.320(1) provides in relevant
20   part:  "In recognition of the broad range of
21   discretion that may be exercised by counties and
22   cities consistent with the requirements of this
23   chapter, the Legislature intends for the board to
24   grant deference to counties and cities in how they
25   plan for growth consistent with the requirements

1    and goals of this chapter."

2           The entire section then concludes with the

3    following note, "The ultimate burden and

4    responsibility for planning, harmonizing the

5    planning goals of this chapter, and implementing a

6    county's or city's future rests with that

7    community."

8           The second layer of deference is imposed on

9    courts by the APA and appellate jurisprudence

10   enforcing and interpreting the APA.  The decision

11   of a public agency may be entitled to deference,

12   even substantial deference on interpretations of

13   law when the interpretation involves one or more

14   judicially recognized factors.  Among those

15   factors applicable here are:

16          First, where the interpretation depends

17   upon a special expertise inherent in the decision

18   maker.  Here the growth management hearing boards

19   were created by the Legislature to enforce and

20   interpret the GMA.  The boards may fairly be

21   considered experts at enforcing and interpreting

22   the 13 goals of RCW 36.70A.020.

23          Second, where the interpretation is well

24   established and longstanding; and third, where the

25   Legislature has acted, or failed to act, in a

1    manner that is consistent with the agency's

2    interpretation.

3         In this part of the appeal, petitioners do

4    not ask that the court or the board substitute its

5    judgment for that of the board or the city on the

6    four issues identified to this part of the appeal

7    in petitioners' brief.  That appeal could not be

8    successful before either the board or this court.

9    Instead, petitioners contend that in applying and

10   balancing the goals of RCW 36.70A.020, the

11   protection prong of Goal 6 has been ignored or

12   misapplied by the board.  Petitioners contend that

13   if the protection prong is applied in a manner

14   intended by the Legislature, the board's decision

15   validating the ordinances cannot stand.

16        The board responded by declaring that the

17   protection prong does not apply to the property

18   rights asserted here by petitioners to have been

19   subject to arbitrary and discriminatory action.

20   This conclusion is before me for review.  I

21   conclude that no error has been shown.

22        The protection prong of Goal 6

23   provides, "The property rights of land owners

24   shall be protected from arbitrary and

25   discriminatory actions."   The board concluded

1      that these owners, these petitioners, did not

2      claim that a recognized property right was

3      asserted, or more precisely, that the interest

4      affected by the city's arbitrary and

5      discriminatory action in enacting the ordinances

6      was not a property right protected by Goal 6.

7          The rights recognized by the board as

8      applying to the protection prong are those listed

9      as legally recognized rights, statutory,

10     constitutional, and/or court decision rights.

11     This principle was established by the board in its

12     decision in *Anchon v. Clark County* in 1995.

13          "Property rights" is not defined in the

14     statute at issue here.  Petitioners contend the

15     phrase should be construed in the manner "property

16     rights" is construed in judicial decisions

17     addressing unconstitutional takings.  That is a

18     reasonable interpretation of the phrase.

19          The board interprets the phrase as

20     explained in *Anchon v. Clark County* where the

21     board adopted a narrower construction, approved

22     there to give meaning to the phrase "within the

23     goals of the GMA."  In *Anchon*, the board rejected

24     the broader phrase, because in the context of

25     zoning and land use, it would essentially render

1    the factor meaningless and in conflict with long

2    established appellate jurisprudence for zoning and

3    land use.  This interpretation is also reasonable.

4         It follows, then, that the phrase is

5    ambiguous.  I resolve that ambiguity by adopting

6    the interpretation used by the board.  In arriving

7    at that conclusion, I accord deference to the

8    board's interpretation.  Relying upon the three

9    factors that I identified earlier, I conclude that

10   the board has expertise in this respect.  It was

11   created by the Legislature to just exactly

12   interpret what these goals mean and how they

13   should be applied.

14        Second, the *Anchon* decision is a 1995

15   decision.  For the past 15 years, it has remained

16   the same and has been unchallenged.  Third, in

17   1997, in enacting RCW 36.70A.320(1), the section I

18   quoted earlier limiting the board's discretion and

19   emphasizing the deference it must give to local

20   decisions, the Legislature had the opportunity to

21   address the board's fairly recent decision, two

22   years earlier, in *Anchon v. Clark County*.  It

23   failed to do so.  For those reasons, it seems to

24   me that this court is correct in giving deference

25   to the interpretation accorded to the phrase by

1    the board.

2           Further, in conducting an independent

3    review of the reasons listed in the *Anchon*

4    decision for application of the more limited

5    interpretation, I find myself in agreement with

6    that interpretation.  It follows, therefore, that

7    the board did not err in failing to declare the

8    ordinances invalid because the protections in

9    Goal 6 were not properly considered.

10          I need and should not go further than that.

11   The arguments concerning the appropriateness of

12   balancing the protection prong of Goal 6 with the

13   other goals listed in section .200 is appropriate

14   only where the protection prong applies.  The

15   board concluded that it did not; I conclude that

16   the board was correct; and therefore, without

17   further discussion concerning the balancing of

18   those goals, the decision of the board is

19   affirmed.

20          That will be my decision, ladies and

21   gentlemen.  Counsel, the city has prevailed and

22   should prepare and submit an appropriate order

23   consistent with the directions from the

24   Court of Appeals.  The decision should not contain

25   findings of fact and conclusions of law.  That is

1    the general rule for APA cases, and I believe that
2    it would apply to this review, as well.  They are
3    not necessary, because of course, if appeal goes
4    forward, the decision of the board is reviewed,
5    nod the decision of this court.
6        Ms. Kirkpatrick, I will assign you the
7    laboring oar here in preparing and submitting an
8    appropriate order.  What do you think is a
9    reasonable schedule for accomplishing that?  A
10   couple of weeks?
11       MR. MYERS:  I would think two weeks,
12   Your Honor.
13       THE COURT:  All right.  We will schedule
14   this matter for presentation, then, on
15   September 17.  It can be moved easily if you don't
16   have it done, and you need not appear if the
17   parties agree on the form of an order to be
18   presented to me.
19       Are there any questions concerning my
20   decision here?
21       MR. MISSALL:  None from the
22   petitioners, Your Honor.  Thank you.
23       MS. DRUMMOND:  No.  Thank you, Your
24   Honor.
25       THE COURT:  All right.  Then we'll stand

1        in recess, ladies and gentlemen.   Thank you.

2                    MS. DRUMMOND:   Thank you, Your Honor.

3

4        (Conclusion of September 7, 2010, Proceedings.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25