# EXHIBIT M

Agenda Report NO. _____

AGENDA ITEM NO. ____

Meeting Date: January 6, 2009

TO: Doug Baker, City Administrator
dbaker@ci.tumwater.wa.us

FOR: Tumwater City Council
council@ci.tumwater.wa.us

FROM: Mike Matlock, Planning and Facilities Director
mmatlock@ci.tumwater.wa.us
Tim Smith, Senior Planner
tsmith@ci.tumwater.wa.us
David Ginther, Associate Planner
dginther@ci.tumwater.wa.us

RE: PUBLIC HEARING: 2008 Comprehensive Plan Amendments and Manufactured Home Park Development Regulations and Rezone (Ordinance No. O2008–009)

---

1) References (Only list those attached.)

A. Public Participation Plan Update (Comprehensive Plan Amendment)
B. Tumwater Urban Growth Boundary Adjustment (Comprehensive Plan Amendment
C. Manufactured Home Park Goals, Policies and Map Amendment Proposal (Comprehensive Plan Amendment)
D. Manufactured Home Park Development Regulations and Rezone (Ordinance No. O2008–009)
E. Planning Commission Recommendation (Comprehensive Plan Amendments
F. Planning Commission Recommendation (Development Regulation Amendments and Rezone)
G. Public Comment Letters

---

2) Action Requested / Staff Recommendation:

Planning Commission recommends approval of the amendment proposals.

---

3) History and Facts Brief:

The City of Tumwater follows an annual Comprehensive Plan amendment process in accordance with State law. The City Council reviewed and accepted the 2008 Docket of Comprehensive Plan amendment proposals in February and referred the proposals to the Planning Commission for recommendation. The Planning Commission received several briefings on the amendment proposals over the summer and fall. A public hearing on the amendment proposals was held by the Planning Commission on November 25th. Planning Commission forwarded recommendations on the amendments to the City Council at their December 9th meeting.

The purpose of the January 6th City Council public hearing is to receive public testimony on all proposed Comprehensive Plan amendments (*see Attachments A, B & C*) and on related development regulation amendments (*see Attachment D, Ordinance No. O2008-009*). Final action on the amendments cannot be taken until at least 30 days after the Planning Commission has issued their recommendation (TMC 18.60.025(1)). This means that the Council can receive public testimony and discuss the proposed amendments at the January 6th hearing but will need to wait until the January 20th meeting to vote on the issues.

---

4) Discussions and Alternatives:

A. Continue discussion to the next Council meeting (January 20th)
B. Continue discussion to another date
C. Refer to committee

---

5) Fiscal Notes: None

C2

compatibility with the existing neighborhood. Compatibility should be achieved through the use of buildings that are sized and designed to be residential in scale; small overall area devoted to neighborhood-scale commercial use; and design and layout which screens residential areas from excessive noise, lights, storage and parking areas. These uses should be oriented primarily to pedestrian and bicycle use; uses which would result in excessive automobile traffic should be discouraged (e.g., gas stations, drive-thru restaurants).

Most neighborhood-scale commercial areas serving a particular neighborhood will consist of one business. However, new neighborhood-scale commercial uses may be considered in areas where one or more such uses already exist. In those cases, additional businesses should be located adjacent to the existing business in small clusters to avoid the development of commercial strips or many small businesses strung out along transportation corridors.

Mobile and manufactured home parks which were legally established prior to adoption of this plan should have the "Manufactured Home Park" designation applied to them in order to ensure a sufficient supply of land for manufactured homes in parks. ~~and that are located on lands designated Residential/Sensitive Resource, Single-Family Residential or Light Industrial should be treated as a permitted use in the implementing zoning, except where there is a cessation of the use for three or more years. Expansion of the mobile home park area should not be allowed; however, enlargement of units within existing mobile home spaces should be permitted.~~

In order to meet the goals of the Growth Management Act, the Land Use Plan, and the Housing Plan, ~~five~~ several designations for residential land use in Tumwater have been developed. Each of these designations has specific criteria and characteristics related to development in each designation:

2.2.1 Residential/Sensitive Resource (2-4 DU/Acre)

The purpose of this designation is to recognize areas of unique open space character and sensitivity to environmental disturbance such as around stream corridors, lakes and wetlands within the city limits and Tumwater's growth area.

Residential/Sensitive Resource areas are intended to be used only for exceptional places within the City and its growth area. This designation should be applied to areas that are not protected by the State Shoreline Management Act and are not already built out. These areas are where intensive urban development would adversely affect ground or surface waters or environmental resource areas. In addition to being of a relatively low density, development in these areas should be

C2

2.2.5 Multi-Family High Density (14-29 DU/Acre)

Design review should be applied to development in this designation to ensure that multi-family development is compatible with existing and surrounding neighborhoods. The Multi-Family High Density designation should be applied in areas that are planned-for major transportation corridors and areas adjacent to the city center. The density of new development in the Multi-Family High Density designation should be averaged over the entire site in order to reach the maximum densities required to accommodate future population. It is not the intent of the City to require that lots be of a specific size but that densities be met as an average of the overall site.

Clustering should be considered in this residential designation to protect sensitive areas yet still accommodate residential development.

Accessory units should be permitted in this designation only in areas of existing lower density single family development. Minimum density requirements would preclude accessory units within new development in this designation.

Multi-Family High Density designated areas should be accompanied by significant open spaces, environmental protection for sensitive areas and mass transit linkage in order to make these higher densities viable and compatible with the community.

2.2.6 Manufactured Home Park (6-9 DU/Acre)

The Manufactured Home Park (MHP) land use designation is intended to ensure consistency with RCW 36.70A.070(2)(c) which requires sufficient land be available for all types of housing including manufactured housing.

Manufactured home parks are permitted in this designation subject to City development standards and site plan review by the Hearing Examiner.

Designated manufactured housing should be permitted on pre-existing single lots of record in this designation, subject to design standards.

This residential designation should help to provide sufficient land for manufactured housing in manufactured home parks and ensure neighborhood stability.

Uses that are incompatible or inconsistent with the goal of protecting and preserving

C2

Conservation Plan. It should be encouraged wherever it is necessary to protect sensitive areas in all residential designations. Examples of clustered building types include Z-lot developments, attached single-family or row houses, coach homes, stacked townhouses, and townhouse mews.

**Modular/Manufactured Housing**

In accordance with State law, ~~M~~manufactured homes should be allowed anywhere that site built single family homes are allowed. ~~on single lots within the Single-Family Low Density designation and the Single-Family Medium Density designation.~~

It is ~~not~~ the intent of this plan to promote the designation of a sufficient supply of land for ~~development of~~ traditional mobile/manufactured home parks~~; but, rather~~ and to recognize that modular/manufactured housing on single family lots and in manufactured home parks is a viable form of housing construction.

C2

4.2.1 Consider revision of the City's Development Standards to encourage innovative land use management techniques. (2.3.1)

4.3 ~~Mobile m~~Manufactured housing should be allowed to site on individual lots within the City, as well as within mobile/manufactured home parks, to encourage affordable housing.

4.3.1 Consider methods, including creating a new zone district and land use designation to provide sufficient land for manufactured housing in accordance with the Growth Management Act.

4.4 Implementing regulations should permit experimentation in newer forms of residential development where amenities of open space, privacy and visual quality can be maintained or improved, and flexible solutions to land use problems such as affordability can be achieved.

4.4.1 Consider revision of the City's Development Standards to encourage innovative land use management techniques. (2.3.1)

4.5 Higher density residential uses should be encouraged in order to provide affordable housing. These uses should blend with the existing character of the community.

GOAL #5

Ensure that development patterns that will encourage efficient multi-modal transportation systems are coordinated with regional, City and County transportation plans.

Policy Objective

5.1 Ensure coordination with the Tumwater Transportation Plan.

5.2 Ensure coordination with the Thurston Regional Transportation Plan.

5.2.1 Ensure that the nine County Wide Policy elements in the County-Wide Policy Plan are implemented. (1.1.1)     

D3

## ORDINANCE NO. O2008-009

AN ORDINANCE of the City Council of the City of Tumwater, Washington, amending Title 18 and creating a new zone district, entitled "Chapter 18.49 Manufactured Home Park Zone District", in the Tumwater Municipal Code, as more particularly set forth herein.

WHEREAS, according to Washington State Department of Community, Trade, and Economic Development (CTED) mobile/manufactured home park closure rates in Washington have dramatically increased since 2003; and,

WHEREAS, average mobile/manufactured home park closures between 1989 and 2002 were 5.8 per year in Washington. Average closures between 2003 and 2008 were 14 per year in Washington; and,

WHEREAS, the Washington State Department of Community, Trade, and Economic Development expects the current closing trends to continue; and,

WHEREAS, an estimated 1,000 mobile/manufactured home parks are located in urban growth areas in Washington; and,

WHEREAS, land values tend to rise quicker in urban growth areas than more rural areas; and,

WHEREAS, many of the mobile/manufactured home parks within urban growth areas are threatened with closing due to rising land values within those areas; and,

WHEREAS, the 10.81 acre Western Plaza mobile home park within Tumwater sold for $4,059,000 on February 8, 2008; and,

WHEREAS, no new mobile/manufactured home parks have been built in Tumwater for over a decade; and,

WHEREAS, the City of Tumwater has adopted a Comprehensive Plan, in accordance with the State Growth Management Act (GMA); and,

WHEREAS, the proposed amendments meet GMA requirements for consistency with the comprehensive plan and County-wide planning policies; and,

D3

**WHEREAS**, the City of Tumwater has adopted a Comprehensive Plan that includes all elements required by the Growth Management Act, Chapter 36.70A RCW; and

**WHEREAS**, the Growth Management Act requires that the City of Tumwater adopt development regulations, including zoning, that are consistent with and implement its Comprehensive Plan; and

**WHEREAS**, the proposed amendments are consistent with the Growth Management Act (GMA) goal which states that jurisdictions subject to the GMA must have a Comprehensive Plan that, "*...identifies sufficient land for housing, including, but not limited to, government-assisted housing, housing for low-income families, manufactured housing, multifamily housing, and group homes and foster care facilities;*" [RCW 36.70A.070(2)(c)] ; and

**WHEREAS**, applying the Manufactured Home Park land use designation and zone district to existing manufactured/mobile home parks will help to ensure a sufficient supply of land for these types of uses in the future; and

**WHEREAS**, the amendments are consistent with Goal #2 of the Tumwater Housing Plan to provide a sufficient number of single family dwelling units, multi-family dwelling units, manufactured homes, and group housing to provide an affordable selection of housing to each economic segment of the Tumwater population; and

**WHEREAS**, the amendments are consistent with Policy 2.1 of the Tumwater Housing Plan to provide sufficient, suitably-zoned vacant land for development of all housing types to accommodate the future needs for each type of housing, including single family, multi-family and manufactured homes in manufactured home parks and on single lots; and

**WHEREAS**, the amendments are consistent with planning Goal #4 of the Growth Management Act: "*Housing. Encourage the availability of affordable housing to all economic segments of the population of this State; promote a variety of residential densities and housing types; and encourage preservation of existing housing stock.*" [RCW 36.70A.020]; and

**WHEREAS**, the Tumwater Housing Plan (an element of the Tumwater Comprehensive Plan) includes a variety of policies expressly designed to encourage housing affordability, including a multitude of regulatory changes dispersed throughout the document; and

**WHEREAS**, manufactured home parks are a source of affordable single family and senior housing in Tumwater; and

D3

**WHEREAS**, the amendments are consistent with Goal #1 of the Tumwater Housing Plan (an element of the Tumwater Comprehensive Plan) to conserve and improve the existing City housing stock and neighborhoods; and

**WHEREAS**, protecting manufactured home parks from the pressures of development will help to maintain the existing stock of manufactured housing provided by these "parks" ; and

**WHEREAS**, the amendments are consistent with Policy 1.3 of the Tumwater Housing Plan to promote the conservation of existing communities and community housing goals through the preparation of comprehensive plans and the development review process; and

**WHEREAS**, the manufactured/mobile home parks known as Eagles Landing, Laural Park, Tumwater Mobile Estates, Thunderbird Villa, Velkommen, and Western Plaza are located within residential neighborhoods and currently have residential zoning and are easily recognized as traditional manufactured housing communities; and

**WHEREAS**, the properties located at 5012 Rural Road, 6715 Henderson Boulevard, and 6911 Henderson Boulevard have three or more mobile/manufactured homes on the same property so they meet the definition of a mobile/manufactured home park. However, these three exceptionally small "parks" are not the typical easily recognized traditional mobile/manufactured home park, the small size of these three "parks" does not foster a sense of community or neighborhood, and the owners of these three small "parks" appear to own all of the dwellings located on the properties which contrasts sharply with the rest of the more traditional mobile/manufactured home parks in Tumwater where the majority of dwellings are not owned by the land owner; and

**WHEREAS**, these three small "parks" are not recommended to be included in the new zone district because they are more transitional in nature due to the smaller initial investment in the property when compared to larger more traditional mobile/manufactured home parks which often have paved roads and utility systems and community centers. In addition, the residential densities of these three small "parks" are below the densities of the larger more traditional and easily recognized mobile/manufactured home parks in Tumwater, and below the minimum densities of the zone districts where they are located, and below the generally accepted urban density level for cities and urban growth areas. The low residential density of these three "parks" is not ideal for advancing the goals of preventing low density sprawling development as outlined in the Growth Management Act and the Tumwater Comprehensive Plan; and

D3

WHEREAS, the Allimor Carriage Estates mobile home park, located at 5705 Littlerock Road, is currently the only mobile/manufactured home park within Tumwater that is zoned General Commercial, the only "park" that is almost completely surrounded by General Commercial zoning, and the only "park" that abuts intensive commercial development in the form of commercial strip development and intensive large scale commercial retail including Albertsons, Costco, and Fred Meyer; and

WHEREAS, the Allimor Carriage Estates mobile home park, due to its location adjacent to intensive commercial development, its description in the Tumwater Comprehensive Plan as a transitional property that is expected to develop with a commercial use, and its current General Commercial land use designation and General Commercial zoning, is not conducive to a decent quality of life or the general health and welfare of its residents; and

WHEREAS, applying the "Manufactured Home Park" zone district to the Allimor Carriage Estates mobile home park is not appropriate due to the expected transition of the property to a commercial use as stated in the Tumwater Comprehensive Plan, General Commercial zoning of the property (as compared to the other mobile/manufactured home parks within Tumwater which have residential zoning), and the intensive commercial uses that surround the "park"; and

WHEREAS, applying the Manufactured Home Park zone to the three small "parks" and the Allimor Carriage Estates mobile home park is inconsistent with Goal #8 of the Housing Plan which is to support healthy residential neighborhoods which continue to reflect a high degree of pride in ownership or residency; and

WHEREAS, applying the Manufactured Home Park zone to the three small "parks" and the Allimor Carriage Estates mobile home park is inconsistent with Policy 8.1 of the Housing plan which aims to support the stability of established residential neighborhoods; and

WHEREAS, applying the Manufactured Home Park zone to the six traditional mobile/manufactured home parks known as Eagles Landing, Laural Park, Tumwater Mobile Estates, Thunderbird Villa, Velkommen, and Western Plaza is consistent with Goal #8 of the Housing Plan which is to support healthy residential neighborhoods which continue to reflect a high degree of pride in ownership or residency; and

WHEREAS, applying the Manufactured Home Park zone to the six traditional mobile/manufactured home parks known as Eagles Landing, Laural Park, Tumwater Mobile Estates, Thunderbird Villa, Velkommen, and Western Plaza is consistent with Policy 8.1 of the Housing plan which is to support the stability of established residential neighborhoods, and

D3

WHEREAS, the City of Tumwater has prepared the amendments to the municipal code that are included in this ordinance, in accordance with the City of Tumwater Citizen Participation and Intergovernmental Coordination Policy (Resolution No. 418); and

WHEREAS, these amendments meet the intent of and are consistent with the State Environmental Policy Act, the Washington State Growth Management Act, County-Wide Planning Policies, and internal goals and policies of the Tumwater Comprehensive Plan; and

WHEREAS, a Determination of Nonsignificance was issued on November 3, 2008, in accordance with the State Environmental Policy Act (SEPA) (WAC 197-11) and in compliance with Chapter 16.04 of the Tumwater Municipal Code; and

WHEREAS, the Tumwater Planning Commission held a public hearing on November 25, 2008, and considered all testimony and evidence before making a recommendation to City Council; and

WHEREAS, the Tumwater City Council held a public hearing on the recommendation on ________________, to accept public testimony relating to this matter;

WHEREAS, the Tumwater City Council, after considering all of the testimony and evidence, finds the amendments support the health, safety, and welfare and are in the best interest of the residents of the City of Tumwater;

**NOW, THEREFORE, THE CITY COUNCIL OF THE CITY OF TUMWATER, STATE OF WASHINGTON, DOES ORDAIN AS FOLLOWS:**

Section 1. Section 18.06.010 of the Tumwater Municipal Code is hereby amended as follows:

**18.06.010 Districts designated.**

In order to carry out the provisions of this title, the city is divided into the following districts:

1. RSR, residential/sensitive resource zone district;
2. SFL, single-family low density residential zone district;
3. SFM, single-family medium density residential zone district;
4. MFM, multi-family medium density residential zone district;
5. MFH, multi-family high density residential zone district;
6. NC, neighborhood commercial zone district;

D3

7. MU, mixed use zone district;
8. GC, general commercial zone district;
9. ARI, airport related industry zone district;
10. LI, light industrial zone district;
11. HI, heavy industrial zone district;
12. HC, historic commercial zone district;
13. BP, business park zone district;
14. GB, greenbelt zone district;
15. OS, open space zone district;
16. A~~H~~P, airport ~~hazard~~ (overlay zone district);
17. PUD, planned unit development (overlay zone district);
18. FP, floodplain (overlay zone district);
19. AQP, aquifer protection (overlay zone district);
20. CS, community services zone district.
21. TC, town center zone district.
22. MUO, mixed use overlay zone district.
23. GCO, general commercial overlay zone district.
24. MHP, manufactured home park zone district.

(883, Added, 05/06/1984; 1095, Amended, 01/20/1987; 1226, Amended, 11/20/1990; 1230, Amended, 11/20/1990; O97-025, Amended, 12/02/1997; O2001-020, Amended, 05/07/2002)

Section 2. Table 18.47 of the Tumwater Municipal Code is hereby amended as follows:

TABLE 18.47: REQUIRED LANDSCAPING MATRIX

| | Abutting Zone** | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Zone Where Landscaping is Required | HI | LI | ARI | BP | GC | TC | CS | HC | MU | NC | MFH | MFM | MHP | SFM | SFL | RSR |
| RSR | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 2 | 2 | 2 | | | |
| SFL | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 2 | 2 | 2 | | | |
| SFM | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 2 | 2 | 2 | | | |
| MHP | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 2 | 2 | 2 | 2 | 2 | 2 |
| MFM | 1 | 1 | 1 | 1 | 1 | 2 | 2 | 2 | 2 | 2 | | | 2 | 2 | 2 | 2 |
| MFH | 1 | 1 | 1 | 1 | 1 | 2 | 2 | 2 | 2 | 2 | | | 2 | 2 | 2 | 2 |
| NC | 1 | 1 | 1 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 1 | 1 | 1 | 1 |
| MU | 1 | 1 | 1 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 1 | 1 | 1 | 1 |
| HC | 1 | 1 | 1 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 1 | 1 | 1 | 1 |
| CS | 1 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 1 | 1 | 1 | 1 |
| TC | 1 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 1 | 1 | 1 | 1 |

D3

| | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| GC | 1 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 1 | 1 | 1 | 1 | 1 | 1 |
| BP | 1 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 1 | 1 | 1 | 1 | 1 | 1 |
| ARI | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 |
| LI | 2 | 2 | 2 | 2 | 2 | 2 | 2 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 |
| HI | 2 | 2 | 2 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 |
| NOTE: Type 1 and 2 landscaping is explained in Section 18.47.050 preceding this matrix. | | | | | | | | | | | | | | | | |

** Zones separated by public streets are not considered abutting and do not require vegetative separation, except as required in other sections of this chapter.

**LEGEND**

| | | | | | |
|---|---|---|---|---|---|
| RSR | Residential/Sensitive Resource | CS | Community Service | HC | Historic Commercial |
| SFL | Single-Family Low Density | MU | Mixed Use | BP | Business Park |
| SFM | Single-Family Medium Density | GC | General Commercial | ARI | Airport Related Industry |
| MFM | Multi-Family Medium Density | LI | Light Industrial | TC | Town Center |
| MFH | Multi-Family High Density | HI | Heavy Industrial | | |
| MHP | Manufactured Home Park | | | | |
| NC | Neighborhood Commercial | | | | |

Section 3. Section 18.48.110 of the Tumwater Municipal Code is hereby amended as follows:

**18.48.110 Designated manufactured home park standards.**

~~Mobile home parks are considered a nonconforming use within Tumwater. Designated Manufactured home parks are allowed in the Multi-Family Medium Density zoning district.~~ In order to ensure the development of well-planned designated manufactured home facilities and to ensure the compatibility of such facilities with adjacent existing and planned uses, the following standards shall apply to all designated manufactured home park development:

A. The minimum site area and density regulations shall be the same as established in each zone district where the designated manufactured home development would be located.

B. Designated manufactured home parks shall be complete developments and are required to include facilities such as paved streets, pedestrian/bike ways, storm drainage, sanitary sewage disposal and perimeter and entrance landscaping, as approved by the Development Services Department.

C. If the land and designated manufactured home locations within a proposed designated manufactured home park are intended to be sold to more than one person, firm or corporation, or are to include the dedication of land as regulated by the Land Division Ordinance as set forth in Title 17, TMC, then the proposed designated manufactured home park shall be subject to the requirements of that title in addition to the requirements of this title.

D3

D. Information to be submitted to the Development Services Department before the issuance of applicable permits shall include:

1. Overall site plan showing the location of all designated manufactured home pads, accessory buildings, internal pedestrian and vehicle circulation and ingress/egress points;

2. Storm drainage plan showing existing vegetation, slopes, and drainage conditions, as well as proposed alterations and drainage control devices;

3. Landscaping plans for the perimeter and entrance showing the existing and proposed vegetation and method of maintenance.

E. If development is by phase, a graphic breakdown of each phase as it relates to the entire project and its timetable for completion must be provided.

F. Individual designated manufactured homes located within the designated manufactured home park shall be installed per the standards established by this title.

G. The developer/applicant shall either install the required improvements and repair any existing streets and other public facilities damaged in the development of the project, or furnish the city with a performance bond or other security, as approved by the city attorney, to ensure the installation of public improvements and landscaping.

H. Each designated manufactured home park which proposes to provide overnight rental of parking space for travel trailers shall provide one or more buildings adequately equipped with flush-type toilet fixtures. Dependent travel trailers shall be parked not more than two hundred feet or less than fifteen feet from the service building, and walkways to such buildings shall be well lighted at night. Each service building shall further:

1. Be located fifteen feet or more from any designated manufactured home space, and be of permanent construction;

2. Have adequate heating, lighting, sanitation and ventilation facilities in accordance with other state and local codes and ordinances;

3. Provide sewage disposal facilities for park occupants only.

(883, Added, 5/6/1984; O95-035, Amended, 12/19/1995; O96-027, Amended, 10/15/1996; O2001-012, Amended, 03/19/2002; O2005-011, Amended, 07/05/2005)

<u>Section 4.</u> A new Chapter 18.49, entitled "Manufactured Home Park Zone District", is hereby added to the Tumwater Municipal Code to read as follows:

## Chapter 18.49

## MHP MANUFACTURED HOME PARK ZONE DISTRICT

Sections:

18.49.010 Intent.

D3

18.49.020 Permitted Uses.
18.49.030 Accessory Uses.
18.49.040 Conditional Uses.
18.49.050 Density regulations.

**18.49.010 Intent.**

The Manufactured Home Park (MHP) zone district is established to promote residential development that is high density, single family in character and developed to offer a choice in land tenancy. The MHP zone is intended to provide sufficient land for manufactured homes in manufactured home parks.

**18.49.020 Permitted Uses.**

Permitted uses within the MHP zone district are as follows:

A. Manufactured home parks in accordance with the provisions of TMC 18.48;

B. Designated manufactured homes on existing single lots of record, in accordance with the provisions of TMC 18.48;

C. Mobile home parks which were legally established prior to July 1, 2008;

D. One single family detached dwelling per existing single lot of record;

E. Parks, trails, open space areas, and other related recreation facilities;

F. Support facilities;

G. Family child care home; child mini-day care center, subject to review by the Development Services Director, the Building Official, and the Fire Chief.

**18.49.030 Accessory Uses.**

Accessory uses within the MHP zone district are as follows:

A. Storage sheds, tool sheds, greenhouses;

B. Private parking garages or carports;

C. Home occupations, as approved by the Director of Development Services;

D. Non-commercial recreational structures which could include but are not limited to swimming pools and recreational ball courts;

E. Clubhouses and community centers associated with manufactured home parks;

**18.49.040 Conditional Uses.**

Conditional uses within the MHP zone district are as follows:

A. Churches;

B. Freestanding wireless communication facilities;

C. Cemeteries;

D3

D. Child day care center;
E. Public and/or private schools;
F. Neighborhood community center;
G. Neighborhood-oriented commercial center;
H. The following essential public facilities;
1. Emergency communications towers and antennae;
I. Group foster homes;
J. Agriculture;
K. Bed and breakfasts.

**18.49.050 Density regulations.**

Density regulations in the MHP zone district are as follows:

A. Site area. All residential developments (except for the use listed in 18.49.020(D)) must meet the following density requirements:

1. Minimum: six dwelling units per acre;

2. Maximum: nine dwelling units per acre, except that any density greater than eight dwelling units per acre shall be obtained only by purchase of transfer of development rights in accordance with TMC 18.57.

B. Density calculation. The calculation of the density requirements in Section 18.49.050(A) above is based on the portion of the site devoted to residential and associated uses (e.g., dwelling units; private community clubs, open space; stormwater detention, treatment and infiltration). The following land is excluded from density calculations:

1. Land that is required to be dedicated for public use as open space, right-of-way, or land on which development is prohibited by Tumwater Municipal Code Title 16 – Environment, and land that is to be used for private roads. Provided, that portion of open space/park areas that consists of stormwater facilities and that are designed for active and/or passive recreational purposes in accordance with the Drainage Design and Erosion Control Manual for Tumwater shall not be excluded from density calculations.

2. Land that is intended for future phases of development.

3. Land that consists of lots devoted to uses other than residential and associated uses, including but not limited to support facilities (except for stormwater detention, treatment and infiltration facilities).

C. Land coverage, maximum for all buildings: seventy percent of total area of the parcel.

D. Structure height: forty feet, maximum; provided that no structure shall penetrate imaginary airspace surfaces as defined by Title 14 of the Code of Federal Regulations, Part 77. A map that provides detailed information on ground and imaginary airspace surface elevations is available for inspection in the Development Services Department.

E. Yards.*

1. Front: ten feet minimum from frontage property line.

D3

a. Driveways in front yards on property lines abutting a public right of way must be a minimum of 18 feet in length as measured along the shortest edge of the driveway starting from the front property line.

2. Side: five feet from property line, minimum.

3. Rear: five feet from property line, minimum.

Where structures are constructed over one story, the setback from the adjacent property line or lines shall be increased by ten feet for every story above the ground level story of the proposed new building, and shall be completely screened from view in accordance with TMC 18.47.

F. Open space/park area. A minimum of ten percent of the gross site area shall be set aside. Such open space/park area shall at a minimum meet the following standards:

1. For the purpose of calculation of the open space/park requirement, the open space/park area shall be separate and distinct from required yards, setbacks and landscaped areas, but may include areas of native vegetation that are allowed to fulfill the landscaping requirements of TMC 18.47. Open space/park areas may also include wetlands and their buffers, other critical areas, and stormwater facilities that are designed for active and/or passive recreation opportunities in accordance with the Drainage Design and Erosion Control Manual for Tumwater.

2. All open space/park areas must include any two or more facilities for active and/or passive recreation from the lists below. At least one of the required recreation facilities must be from the list of active recreation facilities (this area may include stormwater facilities that are designed for active and/or passive recreation opportunities in accordance with the Drainage Design and Erosion Control Manual for Tumwater).

a. Active Recreation Facilities

1. Children's play equipment, such as slides, swings, and play structures.

2. A paved hard court for activities such as basketball, tennis, pickleball, etc.

3. A flat, open lawn area that may serve as a ball field for active play.

4. Other active recreation facility if approved by the Development Services Director upon consultation with the Tumwater Parks and Recreation Director.

b. Passive Recreation Facilities

1. Facilities for walking, such as trails, benches, etc.

2. Picnicking facilities, such as picnic tables, shelters, etc.

3. Public plazas.

4. Year-round water features such as a fountain, pond, stream, etc. These water features may be incorporated as part of a stormwater facility designed in accordance with the Drainage Design and Erosion Control Manual for Tumwater.

5. Other passive recreation facility if approved by the

D3

Development Services Director upon consultation with the Tumwater Parks and Recreation Director.

3. The open space/park area shall have convenient access for residences of the development and shall be consolidated to provide maximum access, visibility, usability, minimization of impacts to residential uses, and ease of maintenance. The requirement that the open space/park area be consolidated may be waived by the Director of Development Services upon a finding that the residents of the development would receive a greater benefit if the required open space/park area were provided in another configuration due to the unique topographic conditions or fish and wildlife habitat values of the site.

4. The open space/park area shall be designed and placed in consideration of existing and potential open space/park areas on adjacent parcels to consolidate or provide future opportunities for consolidation of neighborhood open space areas.

5. Except where removal is required to meet active recreation requirements in this chapter, existing trees and significant vegetation shall be retained in open space/park areas unless an alternate landscaping plan for such areas is required or approved by the Development Services Director.

6. Cash, or like value of land area and improvements located within the appropriate neighborhood parks planning area, may be donated to the City to fulfill the requirements of this section. The amount of cash required will be determined using a formula based on the cost of meeting the adopted level of service for neighborhood parks in the Tumwater Parks and Recreation Plan.

7. Open space/park areas shall be held in single ownership where such ownership assumes full responsibility for maintenance and operation, or held in common ownership by all of the owners in the development area through a homeowners association or similar organization. The City as a condition of approval may choose to accept dedication, or the maintenance and operation responsibilities for the area, when the area to be dedicated is one or more of the following.

a. Greater than 5 acres.

b. Adjacent to an established or future City park or school grounds.

c. Includes access to a body of water, wetland, important fish/wildlife habitat, or other environmentally sensitive area.

d. If the City determines it is in the public interest to accept public dedication.

*See Section 18.04.670

**Section 5. Application.** The Manufactured Home Park (MHP) zone district, as described in TMC 18.49 shall apply only to those properties with existing mobile/manufactured home parks identified in attached Exhibit "A" and any additional mobile/manufactured home parks which may be permitted by existing approvals or by new approvals obtained under the Tumwater Municipal Code.

D3

The MHP zoning classification limits development to manufactured home parks and those uses listed in TMC 18.49 unless and until either a comprehensive plan amendment and/or rezone for another type of land use is requested, considered, and adopted by the Tumwater City Council.

**Section 6. Ratification.** Any act consistent with the authority and prior to the effective date of this ordinance is hereby ratified and affirmed.

**Section 7. Severability.** The provisions of this ordinance are declared separate and severable. The invalidity of any clause, sentence, paragraph, subdivision, section, or portion of this ordinance or the invalidity of the application thereof to any person or circumstance, shall not affect the validity of the remainder of the ordinance, or the validity of its application to other persons or circumstances.

**Section 8. Effective Date.** This ordinance shall become effective thirty (30) days after passage, approval and publication as provided by law.

ADOPTED this ____ day of ____________, 2009.

CITY OF TUMWATER

______________________________
Ralph C. Osgood, Mayor

ATTEST:

______________________________
Sheryle Wyatt, City Clerk

APPROVED AS TO FORM:

______________________________
Karen Kirkpatrick, City Attorney

Published:______________________
Effective Date:__________________

# EXHIBIT N

**AGENDA ITEM NO. 2**

Meeting Date: December 9, 2008

TO: Planning Commission

FROM: Tim Smith, Senior Planner
tsmith@ci.tumwater.wa.us
David Ginther, Associate Planner
dginther@ci.tumwater.wa.us

RE: 2008 Comprehensive Plan Amendments and Ordinance No. O2008–009 (Manufactured Home Park Development Regulations and Rezone)

---

1) References (Only list those attached.)

A. Manufactured Home Park Staff Report, Proposed Amendments and Letters/Written Comments

B. DRAFT Planning Commission Recommendation (Comprehensive Plan Amendments)

---

2) Action Requested / Staff Recommendation:

Staff requests the Planning Commission to continue discussions and forward a recommendation on the amendments to the City Council.

---

3) History and Facts Brief:

The City of Tumwater follows an annual Comprehensive Plan amendment process in accordance with State law. The City Council reviewed and accepted the 2008 Docket of Comprehensive Plan amendment proposals in February and referred the proposals to the Planning Commission for recommendation.

The Planning Commission held a public hearing on November 25th regarding the 2008 Comprehensive Plan Amendments and Ordinance No. O2008–009. Following the hearing, the Planning Commission discussed the amendments and subsequently voted to recommend approval of the amendments pertaining to the public participation plan and the urban growth boundary adjustment. The Planning Commission did not take action on the manufactured home park Comprehensive Plan amendments and Ordinance No. O2008–009. The Planning Commission will continue discussions on these two items at their December 9th meeting.

4) Discussions and Alternatives:

A. Recommend approval of amendments to City Council
B. Recommend approval of amendments to City Council with changes
C. Do not recommend approval of amendments to City Council
D. Continue discussion at next regular meeting

5) Fiscal Notes: None

compatibility with the existing neighborhood. Compatibility should be achieved through the use of buildings that are sized and designed to be residential in scale; small overall area devoted to neighborhood-scale commercial use; and design and layout which screens residential areas from excessive noise, lights, storage and parking areas. These uses should be oriented primarily to pedestrian and bicycle use; uses which would result in excessive automobile traffic should be discouraged (e.g., gas stations, drive-thru restaurants).

Most neighborhood-scale commercial areas serving a particular neighborhood will consist of one business. However, new neighborhood-scale commercial uses may be considered in areas where one or more such uses already exist. In those cases, additional businesses should be located adjacent to the existing business in small clusters to avoid the development of commercial strips or many small businesses strung out along transportation corridors.

Mobile and manufactured home parks which were legally established prior to adoption of this plan should be preserved and protected from the pressures of land conversion and re-development by applying the "Manufactured Home Park" land use designation. ~~and that are located on lands designated Residential/Sensitive Resource, Single-Family Residential or Light Industrial should be treated as a permitted use in the implementing zoning, except where there is a cessation of the use for three or more years. Expansion of the mobile home park area should not be allowed; however, enlargement of units within existing mobile home spaces should be permitted.~~

In order to meet the goals of the Growth Management Act, the Land Use Plan, and the Housing Plan, ~~five~~ several designations for residential land use in Tumwater have been developed. Each of these designations has specific criteria and characteristics related to development in each designation:

### 2.2.1 Residential/Sensitive Resource (2-4 DU/Acre)

The purpose of this designation is to recognize areas of unique open space character and sensitivity to environmental disturbance such as around stream corridors, lakes and wetlands within the city limits and Tumwater's growth area.

Residential/Sensitive Resource areas are intended to be used only for exceptional places within the City and its growth area. This designation should be applied to areas that are not protected by the State Shoreline Management Act and are not already built out. These areas are where intensive urban development would adversely affect ground or surface waters or environmental resource areas. In addition to being of a relatively low density, development in these areas should be

2.2.5 Multi-Family High Density (14-29 DU/Acre)

Design review should be applied to development in this designation to ensure that multi-family development is compatible with existing and surrounding neighborhoods. The Multi-Family High Density designation should be applied in areas that are planned-for major transportation corridors and areas adjacent to the city center. The density of new development in the Multi-Family High Density designation should be averaged over the entire site in order to reach the maximum densities required to accommodate future population. It is not the intent of the City to require that lots be of a specific size but that densities be met as an average of the overall site.

Clustering should be considered in this residential designation to protect sensitive areas yet still accommodate residential development.

Accessory units should be permitted in this designation only in areas of existing lower density single family development. Minimum density requirements would preclude accessory units within new development in this designation.

Multi-Family High Density designated areas should be accompanied by significant open spaces, environmental protection for sensitive areas and mass transit linkage in order to make these higher densities viable and compatible with the community.

2.2.6 Manufactured Home Park (6-9 DU/Acre)

The Manufactured Home Park (MHP) land use designation is intended to protect manufactured home parks from the pressures of re-development and conversion to another type of land use.

Manufactured home parks are permitted in this designation subject to City development standards and site plan review by the Hearing Examiner.

Designated manufactured housing should be permitted on pre-existing single lots of record in this designation, subject to design standards.

This residential designation should provide affordable housing and ensure neighborhood stability.

Uses that are incompatible or inconsistent with the goal of protecting and preserving

Conservation Plan. It should be encouraged wherever it is necessary to protect sensitive areas in all residential designations. Examples of clustered building types include Z-lot developments, attached single-family or row houses, coach homes, stacked townhouses, and townhouse mews.

### Modular/Manufactured Housing

In accordance with State law, ~~M~~manufactured homes should be allowed anywhere that site built single family homes are allowed. ~~on single lots within the Single-Family Low Density designation and the Single-Family Medium Density designation.~~

It is ~~not~~ the intent of this plan to promote the ~~development~~ preservation of traditional mobile/manufactured home parks~~; but, rather~~ and to recognize that modular/manufactured housing is a viable form of housing construction that provides an affordable housing option.

4.2.1 Consider revision of the City's Development Standards to encourage innovative land use management techniques. (2.3.1)

4.3 ~~Mobile m~~Manufactured housing should be allowed to site on individual lots within the City, as well as within mobile/manufactured home parks, to encourage affordable housing.

4.3.1 Consider methods, including creating a new zoning district and land use designation, ~~in order~~ to preserve the affordable housing provided by mobile/manufactured home parks.

4.4 Implementing regulations should permit experimentation in newer forms of residential development where amenities of open space, privacy and visual quality can be maintained or improved, and flexible solutions to land use problems such as affordability can be achieved.

4.4.1 Consider revision of the City's Development Standards to encourage innovative land use management techniques. (2.3.1)

4.5 Higher density residential uses should be encouraged in order to provide affordable housing. These uses should blend with the existing character of the community.

## GOAL #5

Ensure that development patterns that will encourage efficient multi-modal transportation systems are coordinated with regional, City and County transportation plans.

Policy Objective

5.1 Ensure coordination with the Tumwater Transportation Plan.

5.2 Ensure coordination with the Thurston Regional Transportation Plan.

5.2.1 Ensure that the nine County Wide Policy elements in the County-Wide Policy Plan are implemented. (1.1.1)