UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAUREL PARK COMMUNITY, LLC, a Washington limited liability company; TUMWATER ESTATES INVESTORS, a California limited partnership; VELKOMMEN MOBILE PARK, LLC, a Washington limited liability company; and MANUFACTURED HOUSING COMMUNITIES OF WASHINGTON, a Washington non-profit corporation,<br><br>Plaintiffs,<br>v.<br><br>CITY OF TUMWATER, a municipal corporation,<br><br>Defendant. | No. 3:09-cv-05312-BHS<br><br>SUPPLEMENTAL DECLARATION OF SCOTT MISSALL |

Scott Missall declares and states as follows:

1.  I am an attorney at Short Cressman & Burgess and represented Laurel Park Community, LLC, Tumwater Estates Investors, and Manufactured Housing Communities of Washington in an appeal before the Western Washington Growth Management Hearings Board ("Board") and the subsequent judicial appeal to Thurston County Superior Court (Judge Thomas McPhee). I am over the age of 18, competent to be a witness, and make this declaration based on personal knowledge.

2.  As I indicated in my original January 26, 2010 declaration, my clients filed a petition for review with the Board alleging various violations of the Growth Management Act,

Supplemental Declaration of Scott Missall - 1

476

Chap. 36.70A RCW ("GMA"), and provisions of the federal and state constitutions based on the City of Tumwater's enactment of two ordinances establishing an exclusive manufactured home park zone district ("District") within Tumwater.

3. The Board issued three final decisions in the case (the October 13, 2009 Final Decision & Order; the November 12, 2009 Reconsideration Order; and the March 25, 2010 Compliance Order). The first two decisions found that Tumwater had committed errors in its review and approval of the two ordinances and remanded them to Tumwater for compliance with the GMA. The third decision found that Tumwater's compliance process had cured the original problems regarding the ordinances, but was issued by a 2-1 vote (Presiding Officer McNamara dissenting). All three final decisions were appealed to Thurston County Superior Court (Judge McPhee), and were consolidated for briefing and argument.

4. Judge McPhee heard the consolidated appeals on September 3, 2010, and issued his oral ruling upholding the Board's Compliance Order on September 7, 2010. That ruling was reduced to writing on September 17, 2010.

5. At the conclusion of the argument on September 3rd, Judge McPhee *sua sponte* observed that my clients' were not land speculators or land developers as contended by Tumwater, but were legitimate business persons operating manufactured housing parks. Judge McPhee stated:

> Ms. Drummond [counsel for Tumwater], let me make a comment to you if I may. One argument that you made that will and does not resonate with me is the contention that these petitioners are speculators. I understand your argument in that regard and will give it consideration but without considering the description as "speculation" or as "speculators." I think those terms are, in a sense, pejorative in the context of land development. And there is nothing in the record that suggests that these petitioners fit that category. I am made uncomfortable by the argument, because if I rule in your favor, one might conclude that I accepted that argument; and I don't. And if I do rule in your

Supplemental Declaration of Scott Missall - 2

Talmadge/Fitzpatrick
18010 Southcenter Parkway
Tukwila, Washington 98188-4630
(206) 574-6661   (206) 575-1397 Fax

477

favor, it will be on the strength of your legal arguments, not your description of these folks. And so you may want to reconsider those descriptions if the case goes forward.

6. Attached to this declaration as exhibit A is a true and accurate copy of page 73 of the transcript from the September 3, 2010 hearing.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct. Executed at Seattle, Washington, this 3rd day of March, 2011.

_Scott M. Missall_
Scott M. Missall, WSBA 14465

Supplemental Declaration of Scott Missall - 3

Talmadge/Fitzpatrick
18010 Southcenter Parkway
Tukwila, Washington 98188-4630
(206) 574-6661   (206) 575-1397 Fax

478

# EXHIBIT A

479

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF THURSTON

| | |
|---|---|
| LAUREL PARK COMMUNITY, LLC., a Washington limited liability company; MANUFACTURED HOUSING COMMUNITIES OF WASHINGTON, a Washington nonprofit corporation; corporation; and TUMWATER ESTATES INVESTORS, a California Limited Partnership,<br><br>      Petitioner,<br><br> vs.<br><br>CITY OF TUMWATER, a Washington municipal corporation; and WESTERN WASHINGTON GROWTH MANAGEMENT HEARINGS BOARD, an agency of the State of Washington,<br><br>      Respondents. | No. 09-2-02687-1 |

VERBATIM REPORT OF PROCEEDINGS

   BE IT REMEMBERED that on the 3rd day of September, 2010, the above-entitled and numbered cause came on for hearing before the Honorable Thomas McPhee, Judge, Thurston County Superior Court, Olympia, Washington.

            Kathryn A. Beehler, CCR No. 2448
            Thurston County Superior Court
            2000 Lakeridge Drive S.W.
            Olympia, WA 98502
            (360) 754-4370

```
 1   travel that's involved in it for at least several
 2   of you.  And I'll give you my decision at that
 3   time.
 4           Ms. Drummond, let me make a comment to you
 5   if I may.  One argument that you made that will
 6   and does not resonate with me is the contention
 7   that these petitioners are speculators.  I
 8   understand your argument in that regard and will
 9   give it consideration but without considering the
10   description as "speculation" or as "speculators."
11   I think those terms are, in a sense, pejorative in
12   the context of land development.  And there is
13   nothing in the record that suggests that these
14   petitioners fit that category.
15           I am made uncomfortable by the argument,
16   because if I rule in your favor, one might
17   conclude that I accepted that argument; and I
18   don't.  And if I do rule in your favor, it will be
19   on the strength of your legal arguments, not your
20   description of these folks.  And so you may want
21   to reconsider those descriptions if the case goes
22   forward.
23           MS. DRUMMOND:  I understand, Your Honor.
24           THE COURT:  If there's nothing further,
25   we'll stand in recess.
```